# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

WILLIAM KENT DEAN,

                Plaintiff,

v.

WEXFORD HEALTH SOURCES, INC., DR. ABDUR NAWOOR and UNKNOWN HEALTHCARE EMPLOYEES,

                Defendants.

No. 17-cv-3112

Judge Sue E. Myerscough

Magistrate Judge Tom Schanzle-Haskins

## ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES

NOW COME the Defendants, DR. ABDUR NAWOOR and WEXFORD HEALTH SOURCES, INC., by their attorney, Daniel S. Fornoff of CASSIDAY SCHADE LLP, and pursuant to Local Rule 16.3(E)(2) and the Court's April 26, 2017 Order, hereby submit their Answer and Affirmative Defenses to Plaintiff's Complaint, stating as follows:

1.     Defendant Dr. Nawoor admits that he is employed by Wexford Health Sources, Inc. at Taylorville Correctional Center.

2.     Defendant Wexford Health Sources, Inc. admits that it is a medical vendor to the Illinois Department of corrections and provides medical services at Taylorville Correction Center in accordance with its contract with the Illinois Department of Corrections.

3.     Defendants admit that jurisdiction and venue are proper in the Central District of Illinois for Plaintiff's deliberate indifference claim.

4.     Defendants deny that jurisdiction is proper in the Central District of Illinois for Plaintiff's malpractice claim as no affidavit and report have been filed pursuant to 735 ILCS 5/2-622(a).

5. Defendants deny that any act or omission on their part constitutes deliberate indifference to a serious medical need.

6. Defendant denies that any response he may or may not have made to any request of the Plaintiff constituted deliberate indifference to a serious medical need.

7. Defendants deny that Plaintiff was injured by any act, omission, or delay allegedly caused by Defendants.

8. Defendants deny that any delay in surgery for Plaintiff's kidney cancer was attributed to Defendants.

9. Defendants deny that Plaintiff's kidney cancer spread as a result of any failure on their part to provide adequate medical care.

10. Defendants deny wrongfully or unconstitutionally denying or delaying Plaintiff medical treatment from outside specialists.

11. Defendants deny Plaintiff was injured by any unconstitutional custom, policy, or practice of Defendant Wexford.

12. Defendants deny that Plaintiff is entitled to any relief whatsoever.

13. Defendants deny that Plaintiff's claims are meritorious.

**DEFENDANTS DEMAND TRIAL BY JURY**

## <u>AFFIRMATIVE DEFENSES</u>

1. Plaintiff's claim II alleging malpractice is subject to dismissal under Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim as Plaintiff has failed to comply with Illinois Law. Pursuant to 735 ILCS 5/2-622(a), when a plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice, he is required to attach an affidavit and report from a health professional to his complaint. Plaintiff has failed to do so and his claim is subject to dismissal. *See Sherrod v. Lingle*, 223 F. 3d 605, 613 (7th Cir. 2000).

2.      At all times relevant herein, Defendant acted in good faith in the performance of his official duties and without violating Plaintiff's clearly established statutory or constitutional rights of which a reasonable person would have known. Defendant is therefore protected from suit by the doctrine of qualified immunity.

3.      At all times relevant herein, Defendant acted in good faith and in conformity with existing precedent.  He is therefore entitled to good faith immunity from damages.  *Wyatt v. Cole*, 504 U.S. 158, 169 (1992).

4.      To the extent Plaintiff has failed to exhaust his administrative remedies prior to initiating bringing this action, his claims are barred by Section 1997e(a) of the Prison Litigation Reform Act.

5.      To the extent Plaintiff's claims for relief accrued more than two years prior to initiation of this case, they are barred by the applicable statute of limitations.

6.      At all times relevant herein, Defendants' duties were limited to those that were delegated to them by their employer and that their employer voluntarily undertook pursuant to its contract with the Illinois Department of Corrections.

**DEFENDANTS DEMAND TRIAL BY JURY AS TO THEIR AFFIRMATIVE DEFENSES**

WHEREFORE, for the above reasons, Defendants respectfully requests this Honorable Court deny Plaintiff any relief in this matter and grant Defendants judgment as to all matters and any other relief deemed appropriate, including cost of suit.

Respectfully submitted,

CASSIDAY SCHADE LLP

By:  /s/ Daniel S. Fornoff
     Attorneys for Defendant, DR. ABDUR
     NAWOOR and WEXFORD HEALTH
     SOURCES, INC.

Daniel S. Fornoff
ARDC No. 6312827
CASSIDAY SCHADE LLP
111 North Sixth Street, 2nd Floor
Springfield, IL 62701
(217) 572-1714
(217) 572-1613 (Fax)
dfornoff@cassiday.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2017, I electronically filed the foregoing Answer to Plaintiff's Complaint with Affirmative Defenses with the Clerk of the Court using the CM/ECF system. The electronic case filing system sent a "Notice of E-Filing" to the following:

Craig C. Martin, Esq.
William Strom, Esq.
Jenner & Block LLP
353 North Clark Street
Chicago IL 60654

and I hereby certify that a true and correct copy of the foregoing Answer to Plaintiff's Complaint with Affirmative Defenses was served via regular mail to the following non-CM-ECF participant at the following address by depositing the same in the U.S. mail located in Springfield, Illinois, with proper postage prepaid, on June 26, 2017. Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth herein are true and correct:

/s/ Daniel S. Fornoff

8569321 DFORNOFF;DFORNOFF