042447/19344/PEH/DSF

# UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

WILLIAM KENT DEAN,

        Plaintiff,

v.

WEXFORD HEALTH SOURCES, INC., DR. ABDUR NAWOOR and UNKNOWN HEALTHCARE EMPLOYEES,

        Defendants.

Case Number  17-cv-3112

Judge Sue E. Myerscough

Magistrate Judge Tom Schanzle-Haskins

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

NOW COME the Defendants, DR. ABDUR NAWOOR and WEXFORD HEALTH SOURCES, INC., by and through their attorney, Daniel S. Fornoff of CASSIDAY SCHADE LLP, and for their Memorandum of Law in Support of Motion to Dismiss, state as follows:

### INTRODUCTION

On April 21, 2017, Plaintiff, William Dean, filed the instant complaint pursuant to 42 U.S.C. § 1983 alleging Defendants were indifferent to his serious medical needs. Specifically, Plaintiff alleges that Dr. Abdur Nawoor was deliberately indifferent to his medical needs for delaying his treatment for kidney cancer as a result of an initial failure to properly diagnose the cancer. Plaintiff alleges that Dr. Nawoor told him that all decisions, including testing and treatment, had to be approved through Wexford and their corporate office in Pennsylvania, which ultimately delayed his medical treatment. The Court determined that Plaintiff stated a claim for deliberate indifference to serious medical needs against Wexford Health Sources, Inc. and Dr. Abdur Nawoor for failing to provide adequate treatment for Plaintiff's kidney cancer. In addition, the Court permitted Plaintiff to go forward with his medical malpractice claim, subject

to dismissal by Defendants of Plaintiff did not forward the affidavit and report from a health professional. Plaintiff's medical malpractice claim should be dismissed because Plaintiff has failed to forward an affidavit and report from a health professional as required by Illinois Law. F

## ARGUMENT

Plaintiff has failed to comply with Illinois Law for bringing a medical malpractice claim and his claim must be dismissed. When a District Court has jurisdiction over a civil action, such as a Section 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a) provided the state claims "derive from a common nucleus of operative fact" from the federal claims. *Wisconsin v. Ho-Chunk Nation*, 512 F. 3d 921, 936 (7th Cir. 2008). Although this Court has supplemental jurisdiction over the medical malpractice claim, Plaintiff must nonetheless comply with Illinois Law to maintain the claim.

A medical malpractice plaintiff must provide a written report of a health professional clearly identifying the plaintiff and the reasons for the reviewing health professional's determination that a reasonable and meritorious cause for the filing of the action exists. 735 ILCS 5/2-622(a)(1). The statute further requires a separate certificate and a written report to be filed against each defendant who has been named in the complaint. 735 ILCS 5/2-622(b). Further, a single report may suffice, but only if the report adequately discusses the deficiencies in the medical care rendered by each defendant and contains reasons to support the reviewing healthcare provider's conclusion that a reasonable and meritorious cause exists for the filing of the action against each defendant. *Mueller v. North Suburban Clinic, Ltd.*, 299 Ill. App. 3d 568, 573 (1st Dist. 1998).

Section 2-622 requires that the reviewing physician's report states the reason for the conclusion that the action is meritorious. *See Giegoldt v. Condell Med. Ctr.*, 328 Ill. App. 3d 907,

912 (2d Dist. 2002) (overruled on other grounds by *O'Casek v. Children's Home and Aid Society of Illinois*, 229 Ill. 2d 421 (2008)). A report submitted pursuant to Section 2-622 must specifically discuss the involvement of each defendant and must consist of more than generalized conclusions of malpractice. *Id*. Indeed, a 2-622 report is insufficient if it fails to identify each defendant or the particular conduct of each defendant that is alleged to have been the breach of the standard of care owed to plaintiff. *Mueller*, 299 Ill. App. 3d at 573; *Jacobs v. Rush Northshore Med. Ctr.*, 284 Ill. App. 3d 995, 1000 (1st Dist. 1996); *Premo v. Falcone*, 197 Ill. App. 3d 625, 631-632 (2nd Dist. 1990). The affidavit and report required by Section 2-622(a) are considered part of the complaint, not merely discovery documents that can be supplemented periodically. *Giegoldt*, 382 Ill. App. 3d at 912.

At this point, Plaintiff has failed to provide any affidavit or report as required by Section 2-622. Because the Plaintiff has failed to file the necessary reports pursuant to 2-622, Plaintiff's claim for medical malpractice must be dismissed. *See* 735 ILCS 5/2-619; 735 ILCS 5/2-622; *Sherrod v. Lingle*, 223 F. 3d 605, 613 (7th Cir. 2000); *Giegoldt*, 382 Ill. App. 3d at 912; *Mueller*, 299 Ill. App. 3d at 573; *Jacobs*, 284 Ill. App. 3d at 1000, *Premo*, 197 Ill. App. 3d at 631-632.

**CONCLUSION**

Plaintiff has failed to comply with 735 ILCS 5/2-622 and his claims should be dismissed. Illinois Law requires a report and affidavit in order to proceed with a claim of medical malpractice. Plaintiff's failure to provide the required documents deprives this Court of jurisdiction over his claim, and his claims should be dismissed.

WHEREFORE Defendants, WEXFORD HEALTH SOURCES, INC., and DR. ABDUR NAWOOR, hereby pray that this Honorable Court grant their Motion to Dismiss with prejudice for failure to comply with 735 ILCS 5/2-622.

Respectfully submitted,

CASSIDAY SCHADE LLP

By: /s/ Daniel S. Fornoff
    Attorneys for Defendant, DR. ABDUR
    NAWOOR and WEXFORD HEALTH
    SOURCES, INC.

Daniel S. Fornoff
ARDC No. 6312827
CASSIDAY SCHADE LLP
111 North Sixth Street, 2nd Floor
Springfield, IL 62701
(217) 572-1714
(217) 572-1613 (Fax)
dfornoff@cassiday.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2017, I electronically filed the foregoing Memorandum of Law in Support of Motion to Dismiss with the Clerk of the Court using the CM/ECF system. The electronic case filing system sent a "Notice of E-Filing" to the following:

Craig C. Martin, Esq.
William Strom, Esq.
Jenner & Block LLP
353 North Clark Street
Chicago IL 60654


and I hereby certify that a true and correct copy of the foregoing Memorandum of Law in Support of Motion to Dismiss was served via regular mail to the following non-CM-ECF participant at the following address by depositing the same in the U.S. mail located in Springfield, Illinois, with proper postage prepaid, on June 26, 2017. Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth herein are true and correct:

/s/ Daniel S. Fornoff

8572395 DFORNOFF;DFORNOFF