**THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | |
|---|---|
| WILLIAM KENT DEAN, | |
| Plaintiff, | |
| v. | Case No. 17-CV-3112 |
| WEXFORD HEALTH SOURCES, INC., DR. ABDUR NAWOOR, DR. REBECCA EINWOHNER, NURSE KATHY GALVIN, and LISA MINCY | Judge Sue E. Myerscough |
| | Magistrate Judge Tom Schanzle-Haskins |
| Defendants. | |

**[ALL PARTIES' JOINTLY PROPOSED] SCHEDULING ORDER**

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, a scheduling conference was held on February 26, 2018 by video conference with attorneys Nathaniel K.S. Wackman and William M. Strom for Plaintiff William Dean; Daniel S. Fornoff for Defendants Wexford Health Sources, Inc., Dr. Abdur Nawoor, Dr. Rebecca Einwohner, and Kathy Galvin; and Mary Kaitlyn Clark-Joseph for Defendant Lisa Mincy .

TIME LIMITS AND SETTINGS ARE ORDERED AS FOLLOWS:

1. If Defendants intend to file a summary judgment motion on the exhaustion of administrative remedies, they must do so within thirty (30) days of this order.

2. Initial disclosures under Rule 26 to be made by March 12, 2018 .

3. No motions to join other parties or to amend the pleadings to be filed after December 14, 2018 .

4.  All Plaintiffs are to identify testifying experts and to provide Rule 26 expert reports by December 14, 2018 . All Defendants are to identify testifying experts and to provide Rule 26 expert reports by January 18, 2019 .

5.  The parties have until  November 16, 2018  to complete fact discovery. Any written discovery served subsequent to the date of this Order to be served by a date that allows the served party the full 30 days provided by the Federal Rules of Civil Procedure in which to comply. The parties have until  March 1, 2019  to complete expert discovery. All depositions for discovery or use at trial shall be completed no later than the close of expert discovery.

6.  Telephonic status hearing to discuss the setting of settlement conference or mediation scheduled _____ at ___ _.m. before U.S. Magistrate Judge Schanzle-Haskins (Court will place call.)

7.  Motions to compel and other motions relating to discovery shall be pursued in a diligent and timely manner, but in no event filed more than sixty (60) days following the event (*e.g.*, failure to answer interrogatories, objections to request for production, etc.) that is the subject of the motion. The parties are required to meet and confer on the discovery dispute as required by Rule 37(a) within the 60-day period. Except for good cause shown, any discovery motion that is not timely filed and any discovery motion that is filed after the discovery deadline will not be considered by the Court. If a motion to compel discovery is found by the Court to be time-barred, the moving party is prohibited from making a subsequent discovery request for the discovery which the Court has found to be time-barred. All motions to compel must contain the certification required by Rule 37 that the parties met and conferred and attempted to resolve the discovery dispute. If the certification is not included, the motion to compel will be denied.

8.   The parties have until  April 12, 2019  to file dispositive motions. No dispositive motions filed after that date will be considered by the Court.

9.   Final pre-trial conference is scheduled for _____ at __.m. before U.S. District Judge  Sue E. Myerscough . All motions in limine to be filed on or before fifteen (15) days prior to final pretrial conference. (See Local Rule 16.1 - Pre-Trial Procedures.) The parties are directed to meet with the assigned law clerk on _____ at ____ _.m. to review proposed jury instructions.

10. _____ trial is scheduled for _____ at ____ a.m. on the trial calendar of U.S. District Judge  Sue E. Myerscough .

11. Mediation will be hosted by U.S. Magistrate Judge Tom Schanzle-Haskins in _____ pursuant to _____. Attached is his memorandum concerning mediation.

12. If the parties consent to trial before a U.S. Magistrate Judge, the final pre-trial date and trial date may be changed.

13. Evidence Presentation Equipment: Attached is an information sheet describing the evidence presentation equipment which can be made available to attorneys and pro se litigants in the four active District Judges' courtrooms.

14. Electronically stored information that can reasonably be anticipated to be relevant to the litigation will be preserved. The primary source of electronically stored information for production should be active data and information used in the ordinary course of business.

15. The parties are directed to meet and confer concerning provisions for discovery or disclosure of electronically stored information. If the parties cannot agree upon a process / procedure for the discovery of electronically stored information, a status report with proposals for the discovery of electronically stored information shall be filed with the Court by  March 26, 2018.

For the Court to order a search, the requesting party will need to demonstrate that the need and relevancy of the material outweigh the cost and burden of retrieving and processing the electronically stored information from such sources, including the disruption of business and the information management activities. When balancing the cost, burden, and need for electronically stored information, the Court and the parties will apply the proportionality standards embodied in Federal Rules of Civil Procedure 26(b)(1) and (b)(2)(C), as well as consider the technological feasibility and realistic costs of preserving, retrieving, reviewing, and producing electronically stored information.

16. The following categories of ESI generally are not discoverable in most cases, and if any party intends to request the preservation or production of these categories, then that intention should be discussed at the meet and confer conference:

    a. "deleted", "slack", "fragmented", or "unallocated" data on hard drives;

    b. random access memory (RAM) or other ephemeral data;

    c. on-line access data such as temporary internet files, history, cache, cookies, etc.;

    d. data in metadata fields that are frequently updated automatically, such as last-opened dates;

    e. backup data that is substantially duplicative of data that is more accessible elsewhere; and,

    f. other forms of ESI whose preservation requires extraordinary affirmative measures that are not utilized in the ordinary course of business.

17. The production of privileged or work-product protected documents, electronically stored information (ESI), or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This order

shall be interpreted to provide the maximum protection allowed by Federal Rule of Civil Procedure 502(d). Nothing contained herein is intended to, or shall serve to, limit a party's right to conduct a review of documents, ESI, or information for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

NOTE: A CONTINUANCE OF THE TRIAL DATE AND/OR FINAL PRE-TRIAL DATE, DOES <u>NOT</u> ALTER OR EXTEND ANY OF THE OTHER ABOVE DATES.

     ENTERED: _____

                           _____
                                   TOM SCHANZLE-HASKINS
                               UNITED STATES MAGISTRATE JUDGE