042447/19344/PEH/DSF

# UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| WILLIAM KENT DEAN,<br><br>  Plaintiff,<br><br>v.<br><br>WEXFORD HEALTH SOURCES, INC., DR. ABDUR NAWOOR, DR. REBECCA EINWOHNER, NURSE KATHY GALVIN, and LISA MINCY,<br><br>  Defendants. | Case Number  17-cv-3112<br><br>Judge Sue E. Myerscough<br><br>Magistrate Judge Tom Schanzle-Haskins |

### PARTIAL MOTION TO DISMISS COUNT IX

NOW COME the Defendants, DR. ABDUR NAWOOR, KATHY GALVIN, DR. REBECCA EINWOHNER and WEXFORD HEALTH SOURCES, INC., by and through their attorney, Joseph N. Rupcich of CASSIDAY SCHADE LLP, and for their Partial Motion to Dismiss Count IX, state as follows:

### BACKGROUND

On August 16, 2018, Plaintiff filed his Second Amended Complaint pursuant to 42 U.S.C. §1983 regarding events that occurred in the Illinois Department of Corrections (IDOC) at Taylorville Correctional Center (IRCC)  Doc. 53.  Specifically, Plaintiff alleges Defendants delayed appropriate treatment by misdiagnosing Plaintiff's kidney cancer.  Plaintiff alleged nine counts of federal and state claims against Defendants.  In Count IX, Plaintiff alleges a *respondeat superior* claim against Defendant Wexford by and through its agents, apparent agents, and/or employees, including Defendants Dr. Nawoor, Dr. Einwohner, and Nurse Mincy.  Doc. 53 at 27-28.  It is not clear whether Count IX is a state or federal law claim against Defendant Wexford.  Assuming Count IX is a federal claim for *respondeat superior*, because

vicarious liability is not a basis for relief under §1983 Plaintiff has failed to state a claim upon which relief can be granted. Accordingly, Count IX against Defendant Wexford Health Sources, Inc. should be dismissed in its entirety.

## **ARGUMENT**

A.     **Legal Standard**

A Rule 12(b)(6) motion tests the sufficiency of the complaint, not the merits of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In evaluating a motion to dismiss, the court thus accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (citations omitted). To provide the defendant with "fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555, the complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2). In addition, its allegations must plausibly suggest that the plaintiff has a right to relief and raise that possibility above the "speculative level." *Twombly*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (explaining that *Twombly's* pleading principles apply in all civil actions).

B.     **Wexford Cannot Be Vicariously Liable under Section 1983**

As noted above, it is not entirely clear whether Count IX is plead pursuant to state or federal law. To the extent Count IX is intended to be a federal claim for *respondeat superior,* Count IX against Defendant Wexford Health Sources, Inc. should be dismissed in its entirety as *respondeat superior* is not a viable theory under §1983. The law in the Seventh Circuit treats a private corporation performing governmental functions such as Wexford as a municipality under §1983. *Iskander v. Village of Forest Park,* 690 F.2d 126, 128 (7th Cir. 1982). There is no *respondeat superior* liability for private corporations under §1983. *Shields v. Illinois*

2

*Department of Corrections*, 746 F.3d 782, 789 (7th Cir. 2014). In other words, Wexford cannot be liable under §1983 for the misdeeds of employees, as employees are responsible individually. *Lewis v. City of Chicago,* 496 F.3d 645, 656 (7th Cir. 2007). Instead, Wexford can only be liable for an unconstitutional policy or practice that allegedly caused a constitutional deprivation. *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691-92 (1978); *Palka v. City of Chicago,* 662 F.3d 428, 434 (7th Cir. 2011). To state a *Monell* claim, Plaintiff must plead factual content that, if true, would allow the Court to draw a reasonable inference that (1) Plaintiff suffered a constitutional deprivation, and (2) an official custom, policy, or practice of Wexford caused the deprivation. *See McCauley v. City of Chicago,* 271 F.3d 611, 616 (7th Cir. 2011).

Here, Plaintiff alleges Defendant Wexford is "vicariously liable for the negligent acts and omissions of its agents, apparent agents, and/or employees in their failure to exercise due care and caution in their diagnosis and treatment of Mr. Dean's cancer, including Defendants Dr. Nawoor, Dr. Einwohner, and Nurse Mincy" Count IX, par. 127. This claim is pled as *respondeat superior*. No allegations of any widespread custom, policy, or practice appear in Count IX of Plaintiff's Complaint. To the extent Count IX is intended to be a federal claim for *respondeat superior,* Count IX against Defendant Wexford Health Sources, Inc. should be dismissed in its entirety as *respondeat superior* is not a viable theory under §1983.

## **CONCLUSION**

Count IX against Defendant Wexford Health Sources, Inc. for federal *respondeat superior* should be dismissed in its entirety for failure to state a claim upon which relief may be granted.

WHEREFORE, for the above reasons, Defendants respectfully request this Honorable Court grant their Partial Motion to Dismiss or such other relief as deemed appropriate.

Respectfully submitted,

CASSIDAY SCHADE LLP

By: /s/ Joseph N. Rupcich
Attorneys for Defendants, DR. ABDUR NAWOOR, KATHY GALVIN, DR. REBECCA EINWOHNER and WEXFORD HEALTH SOURCES, INC.

Joseph N. Rupcich
ARDC No. 6283899
CASSIDAY SCHADE LLP
111 North Sixth Street, 2nd Floor
Springfield, IL 62701
(217) 572-1714
(217) 572-1613 (Fax)
jrupcich@cassiday.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 13, 2018, I electronically filed the foregoing Partial Motion to Dismiss Count IX with the Clerk of the Court using the CM/ECF system. The electronic case filing system sent a "Notice of E-Filing" to the following:

Mary Kaitlyn Clark-Joseph
Assistant Attorney General
500 S. Second St.
Springfield IL 62701
mkclarkjoseph@atg.state.il.us


Craig C. Martin, Esq.
William Strom, Esq.
Jenner & Block LLP
353 North Clark Street
Chicago IL 60654
cmartin@jenner.com
wstrom@jenner.com


Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth herein are true and correct:

/s/ Joseph N. Rupcich

8939212 ARICE;ARICE

5