042447/19344/PEH/DSF

# UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| WILLIAM KENT DEAN, <br><br> Plaintiff, <br><br> v. <br><br> WEXFORD HEALTH SOURCES, INC., DR. ABDUR NAWOOR and UNKNOWN HEALTHCARE EMPLOYEES, <br><br> Defendants. | Case Number 17-cv-3112 <br><br> Judge Sue E. Myerscough <br><br> Magistrate Judge Tom Schanzle-Haskins |

## **PROTECTIVE ORDER**

THIS CAUSE comes before the Court, IT IS THEREFORE ORDERED:

**I.       Categories of Materials and/or Information**

It is anticipated that certain information covered by or contained in documents produced in this action may contain or constitute confidential information that warrants protection from disclosure. Each party or entity, disclosing information, which it reasonably believes in good faith to constitute confidential materials, may, at the time of production, designate such information as **"Confidential."** Such **"Confidential"** information shall specifically include, but not be limited to policies, procedures, and clinical protocols of Wexford Health Sources, Inc.

A.       If a party believes that any written, recorded, or graphic material, tangible items or any other form of information that it produces in this action pursuant to pretrial discovery, court order, or agreement of the parties contains "Confidential" information, it may designate such material by stamping the word "Confidential" on the document or by other means that notifies the other parties that the information is subject to this Protective Order. Such designation must occur prior to transmission of a physical copy thereof to counsel for any other party to this

action. Materials designated as "Confidential" and all writings, including court papers, that quote from, summarize or comment upon any such material shall be treated as confidential as set forth in this Protective Order.

B.  No "Confidential" information may be disclosed to any person except the following:

    i.  The parties, their legal counsel of record and their associates, paralegals, or other staff who are assisting in the representation;

    ii.  Persons retained as experts or consultants by the recipient party;

    iii.  Any person who was the author or recipient of a "Confidential" document or a copy of such document, or who was referred to in such document;

    iv.  The Court, including court reporters, stenographic reports, and other court personnel;

    v.  Individuals testifying about the same during depositions or at trial;

    vi.  The parties themselves, so long as such disclosure takes place only in the presence of the parties' legal counsel of record.

    vii.  Any other person to whom the producing party or respondent-in-discovery agrees in writing.

C.  Materials designed "Confidential," any copies thereof, and any confidential information contained therein shall not be disclosed to any person except:

    i.  the Court, its officers, and any jury seated to hear this case;

    ii.  the plaintiff, the attorneys of record in this case, and employees of the attorneys of record engaged in this action, who shall use such information solely for purposes of this litigation, provided that the employee signs a confidentiality agreement in the form attached hereto as Exhibit "A" prior to receiving any Confidential information, documents or things; and

    iii.  Experts, who shall use such information solely for purposes of this litigation, provided that the Disclosing Party and the Expert comply with all requirements of Exhibit "A."

Individuals or entities permitted access to any of the "Confidential" information pursuant to Paragraph B and C hereof shall not show, convey, or reproduce any documents so designated,

or parts thereof, or copies thereof, to any individual or any entity who would not otherwise have access to such documents under the provisions of this Protective Order.

All provisions herein shall only apply to the designation of material as "Confidential" during pretrial proceedings. Any such "Confidential" designation made under the provisions herein shall not carry over to trial proceedings. Should Defendant wish to designate certain material as "Confidential" for the purposes of trial, a separate motion shall be required.

D. This Order applies only to documents obtained through the discovery process and not outside it.

**II. Use of Information Designated as "Confidential"**

A. While protected by this Protective Order, any information designated "Confidential" shall be held in strict confidence by each person to whom it is disclosed; shall be used solely for the prosecution by each person to whom it is disclosed; shall be used solely for the prosecution or defense of this action; and shall not be used by the recipient party or its counsel for any other purpose, including, without limitation, any business or competitive purpose.

B. Each nonparty to whom disclosure is made must, prior to viewing "Confidential" information, agree in writing to be bound by this Protective Order by signing the form attached hereto as "Exhibit A." A "nonparty" for purposes of this litigation is anyone other than the parties or their counsel.

C. Each party shall retain each written consent it has had executed pursuant to Section II(B) above and shall provide opposing counsel with a copy of such consent:

>   i. At the earlier of the person's designation of such person as a witness who will be viewing such documents or the commencement of the party's interrogation of such person at deposition; or

ii. As necessary to resolve any controversy regarding a breach of confidentiality by such person.

**III. Depositions**

If information designated as "Confidential" is used in a deposition, the court reporter shall be instructed that, pursuant to this Protective Order, those portions of the deposition transcript relating to such information, and documents containing such information that are made exhibits thereto, shall not be disclosed to any persons other than those persons afforded access to "Confidential" information in accordance with Section I hereof, unless otherwise agreed to by the Producing Party. Portions of transcripts may be designated at the time the testimony is adduced or within ten (10) business days of counsel's receipt of the transcript. In addition to the court reporter, only those persons afforded access under Section 2 thereof may be present at any examination during the time any "Confidential" information or document is being disclosed or discussed.

**IV. Brief and Court Papers**

To the extent any party intends to rely in a filing on a document marked as "Confidential" the party shall prior to filing such document, seek leave of the Court to file the document under seal in accordance with CDIL-LR 5.1(A)(2).

**V. Return or Destruction**

Upon final termination of this proceeding, including all appeals, such party shall return all materials produced and designated "Confidential" and all copies thereof to the producing party or shall destroy all said documents and copies and advise the producing party in writing of such destruction. If the producing party requests that the materials be returned, said party shall bear all costs of return.

## VI. Contests, Rights, and Additional Protection

Notwithstanding any of the foregoing provisions of this Protective Order, it has no effect upon, and shall not limit or restrict, any party's use of documents from its own files or its own "Confidential" information. Parties agree to treat all medical, financial, policies, procedures, and other records exchanged during the pendency of this cause of action, as "Confidential".

No party shall be obligated to challenge the propriety of the designation of any "Confidential" information, and a failure to do so shall not preclude any subsequent objection to any such designation.

If any party believes that any "Confidential" materials should not be subject to this Protective Order, that party must notify the producing party in writing and provide a description of the material which the objecting party believes should be freed from the constraints of this Protective Order. Counsel shall confer in good faith in an effort to resolve any dispute concerning the designation. If the objection cannot be resolved by agreement within twenty (20) days from the date of service of the written objection, the objecting party shall move the Court for a determination as to whether the designation is appropriate. The burden of establishing confidentiality shall be on the designating party. The protection of the "Confidential" material afforded by the Protective Order shall continue until the Court makes a decision on the motion.

## VII. No Admissions

This Protective Order is entered solely for the purpose of facilitating the exchange of documents and information between and among the parties to this proceeding without involving the Court unnecessarily in the process. Nothing in this Protective Order shall be deemed to have the effect of an admission or waiver or consent to admissibility.

**VIII. Survival**

The obligation to treat documents and information designated as "Confidential" in the manner prescribed by this Protective Order shall survive any settlement or adjudication of this action.

**IT IS SO ORDERED.**

DATE: **April 12, 2019**  **s/ Tom Schanzle-Haskins**
United States Magistrate Judge

# EXHIBIT "A"

## DECLARATION AND AGREEMENT

I, _____, declare under penalty of perjury pursuant to the laws of the United States of America as follows:

1. I am employed by _____ in the capacity of _____.

2. I have read the Stipulated Protective Order Regarding Confidentiality (the "Order") entered in the case Dean v. Wexford, et al. (USDC C.D. Ill. 17-3112)

3. I agree to be bound by the Order, and I agree not to disclose information protected by the Order to any person not authorized to receive it.

4. I consent to the jurisdiction of the United States District Court for the Central District of Illinois for enforcement of the Order and this Declaration and waive any and all objections to jurisdiction and venue.

5. I understand that I may be subject to contempt or other sanctions for the failure to obey the Order.

Date: _____      Signature: _____

                                                             Printed Name: _____

9109184 JRUPCICH;SPRESSLE