THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| WILLIAM KENT DEAN,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>WEXFORD HEALTH SOURCES, INC., DR. ABDUR NAWOOR, DR. REBECCA EINWOHNER, NURSE KATHY GALVIN, and LISA MINCY,<br><br>　　　　　　Defendants. | Case No. 17-CV-3112<br><br>Judge Sue E. Myerscough<br><br>Magistrate Judge Tom Schanzle-Haskins |

**PLAINTIFF WILLIAM DEAN'S OPPOSITION TO
WEXFORD DEFENDANTS' MOTION TO RECONSIDER CASE SCHEDULE**

　　　Plaintiff William Kent Dean opposes Defendants Wexford Health Sources, Inc. ("Wexford"), Dr. Abdur Nawoor, Dr. Rebecca Einwohner, and Kathy Galvin's (together, "Wexford Defendants") Motion for Reconsideration (Dkt. 81) and respectfully requests that the Court enter an order denying the Motion for Reconsideration or any further change to the trial date in this matter.  Mr. Dean deserves his day in Court as justice so requires.

　　　In support of this Opposition, Mr. Dean states as follows:

　　　1.　　On April 21, 2017, Mr. Dean filed a pro se complaint alleging violations of his Eighth Amendment rights in connection with the medical treatment he received at Taylorville Correctional Center.

　　　2.　　Mr. Dean's pro se complaint, and each of the successive amended complaints filed in this matter, alleged the Wexford Defendants' deliberate indifference to Mr. Dean's medical needs related to his first symptoms of painless, gross hematuria (visible blood in the urine) in

December 2015 through his eventual diagnosis with kidney cancer in April 2016, his delayed surgery to remove his cancerous kidney in July 2016, and his delayed chemotherapy treatments in the fall of 2016 and the winter and spring of 2017.

3. As early as July 2016, Mr. Dean's diagnosis was and is stage 4 metastatic kidney cancer—an affliction Wexford Defendants acknowledge may be incurable. (*See* Dkt. 81 at 3; *id.* Ex. A.)

4. On May 16, 2017, the Court entered a text order appointing Jenner & Block LLP ("plaintiff's counsel") to represent Mr. Dean. (*See* May 16, 2017 Text Order.)

5. Since the Court's appointment, plaintiff's pro bono counsel has prosecuted this case diligently and at considerable investment of time and resources, including the filing of an amended complaint on July 17, 2017 (*see* Dkt. 28 ([First] Am. Compl.)); the taking of Mr. Dean's *de bene esse* video-taped deposition in June 2018 (*see* Dkt. 51 (Joint Mot. to Take Dep.); Dkt. 81 at 3); the filing of amended complaints to conform Mr. Dean's allegations and claims to the facts as they have been found during discovery (*see, e.g.*, Dkt. 52 (Mot. to File 2d Am. Compl.); Dkt. 69 (Mot. to File 3d Am. Compl.)); and the taking of multiple fact witnesses' depositions. Next week, plaintiff's counsel will travel to Pittsburgh, Pennsylvania, to depose Wexford's two remaining Rule 30(b)(6) representatives.

6. On February 11, 2019, this Court ordered a trial date of October 15, 2019. (*See* Feb. 11, 2019 Text Order.) No party objected to this trial date.

7. On February 15, 2019, Mr. Dean filed an Unopposed Motion to Modify Case Management Deadlines. (*See* Dkt. 68.) In this Unopposed Motion, Mr. Dean represented all parties' agreement that Mr. Dean's expert disclosure deadline, as well as other pre-trial deadlines,

needed to be extended "to accommodate *the completion of fact discovery*, expert disclosures, and expert discovery." (*Id.* ¶ 10 (emphasis added).) No change in the trial date was requested.

8. On February 19, 2019, this Court entered a text order modifying several pre-trial deadlines of the case management order. As relevant here, the text order provided that Mr. Dean's expert disclosures, as well as any motion to amend or join additional parties, were to be due on or before March 22; defendants' expert disclosures were to be due on or before May 24; expert discovery was to close on July 12; and dispositive motions were to be due on or before August 9, 2019. (*See* Feb. 19, 2019 Text Order.) The trial date remained October 15, 2019.

9. On July 16, 2019, the Court reset the trial date to December 10, and set the following dates (as relevant here):

> Wexford Defendants to produce 30(b)(6) witnesses for deposition on or before 8/16/2019 (8/23/2019 deadline issued with Minute Entry of 7/12/2019 is VACATED); Plaintiffs expert disclosure deadline extended to 8/30/2019, depositions by 9/13/2019; Defendants expert disclosure deadline extended to 9/30/2019, depositions by 10/15/2019; Dispositive motions deadline extended to 10/25/2019, responses by 11/8/2019, replies by 11/15/2019.

10. This is more than ample time to prepare the case for trial, and both parties should be able to work together to get the case ready for trial in this time frame.

11. There is no reason for a further delay in the trial date.

12. If anything, Wexford Defendants' request to move the Court's firm trial date of December 10, 2019, is occasioned by Wexford Defendants' own delays in completing discovery.

13. Following this Court's February 19, 2019 Text Order, counsel for all parties discussed scheduling of the final fact witnesses in late February and early March 2019, including discussions related to the topics to be covered by Wexford's Rule 30(b)(6) representative(s). (*See* Decl. of W. Strom ¶ 5.) Plaintiff's counsel had served Mr. Dean's Rule 30(b)(6) deposition notice, with proposed topics, on October 29, 2018. (*Id.* ¶ 6.)

3

14. Plaintiff's counsel has consistently informed Wexford Defendants' counsel that the complete deposition testimony of Wexford's Rule 30(b)(6) representative(s) would be necessary to inform Mr. Dean's experts' disclosures, including their expected opinions as to Wexford's deliberate indifference to Mr. Dean's obvious medical needs and as to breaches of the applicable standards of professional medical care. (*See id.* ¶ 6, 14.)

15. Despite the Court's case management deadlines in its February 19, 2019 Text Order, Wexford Defendants' counsel offered deposition dates for remaining fact witnesses *after* Mr. Dean's March 22, 2019 deadline for expert disclosures. (*See id.* ¶¶ 7, 9.) Furthermore, Wexford Defendants' counsel first raised objections to Mr. Dean's proposed Rule 30(b)(6) deposition topics on March 12, 2019—more than four months after service of the Rule 30(b)(6) deposition notice and just 10 days before Mr. Dean's expert disclosures deadline. (*See id.* ¶ 8.) Moreover, after the parties successfully met and conferred to limit the 30(b)(6) deposition topics for one of Wexford's Rule 30(b)(6) representatives to 8 of 14 proposed topics, Wexford Defendants' Counsel did not offer dates to cover the remaining 6 proposed topics until June 12, 2019. (*See id.* ¶¶ 9, 16, 17.)

16. Despite the delays in scheduling or completing depositions of Wexford's employees, Wexford's Rule 30(b)(6) representatives, and some of the Wexford Defendants themselves, plaintiff's counsel has agreed to flexible scheduling to permit the Wexford Defendants to complete their discovery obligations and has met all of Mr. Dean's case management deadlines that were not dependent on the Wexford Defendants' discovery obligations. (*See id.* ¶¶ 10-13.) Plaintiff's counsel has also engaged an expert who has begun preparing an expert report to the extent possible without the completion of Wexford Defendants' discovery obligations. (*See id.* ¶ 15.)

17. After they were unable to agree on a date to schedule remaining Rule 30(b)(6) depositions or to agree on other pre-trial deadlines, on June 21, 2019, plaintiff's counsel and Wexford Defendants' counsel filed an Agreed Motion to Set Status Conference (Dkt. 78). That Agreed Motion sought the assistance of the Court to obtain "additional time to complete expert discovery" and "to discuss a new trial date with the [C]ourt that would allow sufficient time to complete expert discovery." (*Id.* at 1.) Furthermore, the Agreed Motion indicated that the parties had already "completed substantial discovery." (*Id.*)

18. At the status conference on July 12, 2019, plaintiff's counsel and Wexford Defendants' counsel explained to the Court that fact discovery was nearly complete, and that the parties required the Court's assistance to set deadlines to complete any depositions of Wexford's Rule 30(b)(6) corporate representatives as well as new expert discovery deadlines and other pre-trial deadlines. Among other details, plaintiff's counsel indicated that Mr. Dean's testifying experts could be presented in Chicago for depositions, and Wexford Defendants' counsel indicated that their testifying expert had been identified and would be presented for deposition in Seattle.

19. Plaintiff's counsel objected to the pre-trial case management deadlines initially under discussion because they would have pushed any possible trial date into 2020—well over four years after Mr. Dean first complained of the health symptoms that were finally diagnosed as stage 4 metastatic kidney cancer.

20. At a subsequent court status conference on July 16, the Court granted the parties' requested relief by scheduling a firm trial date of December 10, 2019—an additional eight weeks to prepare for trial compared with the previous trial date, October 15, which had been set since February. The Court further ordered that depositions of Wexford's remaining Rule 30(b)(6) corporate representatives be completed on or before August 16, 2019. (*See* July 16, 2019 Text

5

Order.) The parties have since agreed to depositions of two representatives, Dr. Stephen Ritz and Nicholas Little, to address the remaining 6 deposition topics on August 15 and August 16, 2019, the Court's deadline for Wexford to produce its Rule 30(b)(6) representatives. (*See* Decl. of W. Strom ¶ 21.)

21. Despite the parties' ability to meet the Court's deadlines in its July 16, 2019 Text Order, Wexford Defendants now request "reconsideration" of the December 10 trial date without purporting to identify any "manifest error of law or fact" or "newly discovered evidence," (Dkt. 81 at 3 (citing Fed. R Civ. P. 59 and *FDIC v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986))—and, significantly, without *any* proposal of their own for firm deadlines to bring this case to timely resolution.

22. A trial date pushed indefinitely into 2020 was not and is not necessary where the parties have already identified necessary testifying experts, only limited fact discovery remains, and the parties have already begun to schedule remaining depositions in conformity with the Court's deadlines. Under the circumstances, especially the parties' current clarity as to their expert witness needs and plans, a trial date in December 2019 will not be "detrimental to the full presentation of this case at summary judgment and trial." (Dkt. 81 at 3.) Nor will a trial date in December 2019 prejudice Wexford Defendants' rights.

23. Moreover, a trial date in December 2019, after the prior trial date in October 2019 had been ordered by the Court in February 2019, is relief aimed squarely at the parties' June 2019 request to "discuss a new trial date." (Dkt. 78 at 1.) This relief is reasonable in light of the more than four months that will have elapsed between Wexford Defendants' last offered Rule 30(b)(6) deposition date on April 4, 2019 (*i.e.*, the deposition of Dr. Matticks), and the next dates offered on August 15 and 16, 2019 (*i.e.*, the depositions of Dr. Ritz and Mr. Little).

24. Contrary to the Wexford Defendants' notions, the urgency in bringing this case to trial is not simply a matter of Mr. Dean's health condition in July 2019 and his current 6-month prognosis. Rather, Mr. Dean's day in court and his opportunity to be heard and to have his rights adjudicated must all be understood in the context of the nearly four years that will have elapsed between his first symptoms and the trial date currently set for December 10, 2019. Furthermore, because Mr. Dean has preserved for appeal his claim of Wexford's *respondeat superior* liability for civil rights violations redressable under 42 U.S.C. § 1983, (*see* Dkt. 72 ¶¶ 107-12 & n.1 (3d Am. Compl., Count VI)), his opportunity to be heard and to have his rights adjudicated may well extend into appellate practice and a petition for a writ of *certiorari* if necessary. Because such litigation should be expected to take years more, there is no just reason to put off the trial date—particularly where Wexford Defendants' request for relief in the form of "reconsideration" includes *no* reference to *any* date certain to bring this case to trial.

25. Plaintiff's counsel's taking of Mr. Dean's *de bene esse* video-taped deposition in June 2018 does not justify a conclusion to the contrary. At the time of the video-taped deposition, the parties had no reason to believe one way or the other whether Mr. Dean would survive to trial, and the deposition was a prudent step to take to permit Mr. Dean's wife to assume any claims with a right of survivorship. And while Mr. Dean's testimony has been preserved, his opportunity to have his day in court will not and cannot be vindicated in the event of his untimely death. The fact that Mr. Dean has is still living is no reason to delay.

WHEREFORE, for the foregoing reasons, Mr. Dean respectfully requests that the Court enter an order denying Wexford Defendants' Motion to Reconsider (Dkt. 81).

Dated: August 6, 2019								Respectfully submitted,


								/s/ Craig C. Martin _____
								Craig C. Martin
								William M. Strom
								Nathaniel K.S. Wackman
								Chloe E. Holt
								JENNER & BLOCK LLP
								353 N. Clark Street
								Chicago, IL 60654-3456
								Telephone: 312 222-9350
								Facsimile: 312 527-0484

								*Attorneys for Plaintiff William Kent Dean*

## CERTIFICATE OF SERVICE

I, William M. Strom, an attorney, certify that on August 6, 2019, I caused the foregoing **Opposition to Wexford Defendants' Motion to Reconsider Case Schedule** to be served on all counsel of record listed via the Court's ECF system.

/s/ William M. Strom

*An attorney for Plaintiff William Kent Dean*