# THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| WILLIAM KENT DEAN,<br><br>                Plaintiff,<br><br>     v.<br><br>WEXFORD HEALTH SOURCES, INC., DR. ABDUR NAWOOR, DR. REBECCA EINWOHNER, NURSE KATHY GALVIN, and LISA MINCY,<br><br>                Defendants. | Case No. 17-CV-3112<br><br>Judge Sue E. Myerscough<br><br>Magistrate Judge Tom Schanzle-Haskins |

### DECLARATION OF WILLIAM M. STROM IN SUPPORT
### OF WILLIAM KENT DEAN'S OPPOSITION
### TO WEXFORD DEFENDANTS' MOTION FOR RECONSIDERATION

I, William M. Strom, pursuant to 28 U.S.C. § 1746, hereby declare the following:

1. I am a lawyer in the law firm Jenner & Block LLP, located at 353 North Clark Street, Chicago, Illinois 60654-3456, and one of the counsel for the plaintiff William Kent Dean in this action. I am a member in good standing of the bar of the State of Illinois. I am admitted to practice law in the United States District Court for the Central District of Illinois and am in good standing with this Court.

2. I submit this declaration and attached documents in support of Mr. Dean's Opposition to the Wexford Defendant's Motion to Reconsider Case Schedule.

3. I am familiar with the facts and circumstances set forth herein based upon personal knowledge and/or a review of our file in this matter.

4. On May 16, 2017, this Court entered a text order appointing Jenner & Block LLP ("plaintiff's counsel") to represent Mr. Dean. (*See* May 16, 2017 Text Order.)

5. On February 19, 2019, this Court entered a text order modifying several pre-trial deadlines of the case management order. As relevant here, the text order provided that Mr. Dean's expert disclosures, as well as any motion to amend or join additional parties, were to be due on or before March 22; defendants' expert disclosures were to be due on or before May 24; expert discovery was to close on July 12; and dispositive motions were to be due on or before August 9, 2019. (*See* Feb. 19, 2019 Text Order.)

6. As of February 19, 2019, the parties were still working to plan mutually agreed deposition dates for Defendant Wexford Health Sources, Inc.'s ("Wexford") employee Chad Christer, Defendant Kathy Galvin, and Wexford's corporate representative(s) under Federal Rule of Civil Procedure 30(b)(6). Counsel for all parties discussed scheduling of the final fact witnesses in late February and early March 2019, including discussions to narrow the topics to be covered by Wexford's Rule 30(b)(6) representative(s). (*See, e.g.*, Ex. A, W. Strom Mar. 1, 2019 email to J. Rupcich, J. Tyrell & S. Pressler.) Plaintiff's counsel first served notice of deposition of Wexford pursuant to Rule 30(b)(6), including proposed deposition topics, on October 29, 2018. (*See* Ex. B, N. Wackman Oct. 29, 2018 email to J. Rupcich & J. Tyrell.)

7. Plaintiff's counsel consistently informed Wexford Defendants' counsel that the complete deposition testimony of Wexford's Rule 30(b)(6) representative(s) was necessary to inform Mr. Dean's experts' disclosures, including their expected opinions as to Wexford's deliberate indifference to Mr. Dean's obvious medical needs and as to breaches of the applicable standards of professional medical care. Accordingly, plaintiff's counsel expressed a strong preference to finish depositions of Wexford's employee Christer, Defendant Galvin, and Wexford's Rule 30(b)(6) representative(s) before Mr. Dean's March 22, 2019 expert disclosure deadline. Plaintiff's counsel made clear that Mr. Dean's expert reports would not be complete

without these completed depositions. (*See, e.g.*, Ex. C, W. Strom Mar. 15, 2019 email to J. Rupcich, J. Tyrell & S. Pressler.)

8. On March 12, Wexford Defendants' counsel offered deposition dates for Christer on March 26; for Defendant Galvin on March 27; and for one of Wexford's Rule 30(b)(6) representatives, Dr. Roderick Matticks, on April 8, 2019—all dates after Mr. Dean's deadline for expert disclosures. (*See* Ex. D, S. Pressler Mar. 12, 2019 email to W. Strom & J. Tyrell.)

9. Wexford Defendants' counsel also raised objections to Mr. Dean's proposed Rule 30(b)(6) deposition topics for the first time on March 12, 2019, (*see* Ex. D, J. Rupcich Mar. 12, 2019 email to W. Strom, J. Tyrell & S. Pressler), over four months after plaintiff's counsel first served the notice of deposition under Rule 30(b)(6), (*see* Ex. B.)

10. Through the meet-and-confer process, plaintiff's counsel and Wexford Defendants' counsel were able to agree that Dr. Matticks would address only 8 of the 14 agreed Rule 30(b)(6) deposition topics, which concerned the application of Wexford policies and practices for Defendant Dr. Nawoor, Defendant Galvin, and other on-site Wexford employees to treat patients with symptoms like Mr. Dean's. (*See* Ex. E, Am. Notice of Dep. Pursuant to Fed. R. Civ. P. 30(b)(6).) Plaintiff's counsel and Wexford Defendants' counsel further agreed that Dr. Stephen Ritz would address 3 of the remaining 6 deposition topics, which concerned Wexford's policies and practices for approving or denying so-called "non-formulary" healthcare (including care outside the correctional facility), and another, unnamed Wexford employee would address the final 3 deposition topics, which concerned Wexford's financial incentives to under-treat patients requiring non-formulary healthcare. (*See* Ex. F, W. Strom Mar. 26, 2019 email to J. Rupcich, J. Tyrell & S. Pressler.) Wexford Defendants' counsel did not propose any dates for representatives to address these 6 remaining deposition topics.

3

11. On March 22, 2019, plaintiff's counsel filed a Motion for Leave to File a Third Amended Complaint, with the now-operative Third Amended Complaint in this matter as an exhibit to the Motion, in conformity with the Court's February 19, 2019 order. (See Dkt. 69.)

12. Christer's deposition was eventually taken on March 25; Defendant Galvin's deposition was taken on March 27; and Dr. Matticks's deposition, in his personal capacity and in his capacity as Wexford's Rule 30(b)(6) corporate representative for certain of Mr. Dean's requested deposition topics, was taken on April 4, 2019.

13. As of the filing of this Opposition—and dating back to at least February 8, 2019—Wexford Defendants' counsel has not noticed any depositions that remain incomplete.

14. The last deposition taken in this case was that of Dr. Matticks on April 4, 2019.

15. Plaintiff's counsel has continued to communicate the need to complete fact discovery, including depositions of Wexford's Rule 30(b)(6) corporate representative(s), before Mr. Dean's expert(s) can be disclosed or expert report(s) completed under Federal Rule of Civil Procedure 26(a)(2). (*See, e.g.*, Ex. G, W. Strom May 23, 2019 email to J. Rupcich.)

16. Despite Wexford's incomplete Rule 30(b)(6) deposition testimony and the need for this deposition testimony to complete expert reports, plaintiff's counsel has nevertheless engaged an expert who has begun preparing an expert report to the extent possible without that deposition testimony.

17. Plaintiff's counsel and Wexford Defendants' counsel continued to discuss the scheduling of depositions of Wexford's Rule 30(b)(6) corporate representatives in April and May 2019. (*See, e.g.*, *id.*)

18. On June 12, 2019, Wexford Defendants' counsel first offered deposition dates for Dr. Stephen Ritz and another, unnamed Wexford employee as Rule 30(b)(6) corporate

representatives to address the remaining 6 of 14 agreed deposition topics on either August 16 or August 23, 2019. (*See* Ex. H, J. Rupcich June 12, 2019 email to W. Strom.) Plaintiff's counsel requested any earlier dates available in light of the parties' non-compliance with the still-operative case management deadlines, including the completion of fact discovery and the disclosure of Mr. Dean's expert witnesses on or before March 22, 2019.

19. After they were unable to agree on a date to schedule remaining Rule 30(b)(6) depositions or to agree on other pre-trial deadlines, on June 21, 2019, plaintiff's counsel and Wexford Defendants' counsel filed an Agreed Motion to Set Status Conference (Dkt. 78) to seek the Court's assistance in setting these dates and deadlines.

20. The Court held a status conference on July 12, 2019, to discuss case dates and deadlines. The status conference was continued to July 16, 2019, to permit the Court to consult the calendar for additional available trial dates. (*See* July 12, 2019 Text Order.)

21. The Court resumed the status conference on July 16, 2019, and told the parties that a firm trial date of December 10, 2019, would be ordered. The Court further set additional case management deadlines in conformity with the firm trial date, including:

> Wexford Defendants to produce 30(b)(6) witnesses for deposition on or before 8/16/2019 (8/23/2019 deadline issued with Minute Entry of 7/12/2019 is VACATED); Plaintiffs expert disclosure deadline extended to 8/30/2019, depositions by 9/13/2019; Defendants expert disclosure deadline extended to 9/30/2019, depositions by 10/15/2019; Dispositive motions deadline extended to 10/25/2019, responses by 11/8/2019, replies by 11/15/2019.

(July 16, 2019 Text Order.)

22. Since the Court's July 16, 2019 Text Order, the parties have successfully scheduled Wexford's remaining Rule 30(b)(6) representatives for depositions on August 15 and 16, 2019. (*See* Ex. *I*, J. Rupcich Aug. 2, 2019 email to N. Wackman.) in conformity with Court-ordered case management deadlines.

5

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  August 6, 2019                                        */s/ William M. Strom*

# CERTIFICATE OF SERVICE

I, William M. Strom, an attorney, certify that on August 6, 2019, I caused the foregoing **Declaration of William M. Strom in Support of William Kent Dean's Opposition to Wexford Defendants' Motion for Reconsideration** to be served on all counsel of record listed via the Court's ECF system.

/s/ William M. Strom

*An attorney for Plaintiff William Kent Dean*