E-FILED
Tuesday, 06 August, 2019 10:09:21 PM
Clerk, U.S. District Court, ILCD

# Exhibit A

# Strom, William M.

| | |
|---|---|
| **From:** | Strom, William M. |
| **Sent:** | Friday, March 01, 2019 4:23 PM |
| **To:** | 'Rupcich, Joseph N.'; 'Tyrrell, Jeremy'; Pressler, Susan M |
| **Cc:** | Wackman, Nathaniel K.S.; Holt, Chloe E.; Amboian, Madison L. |
| **Subject:** | FW: Dean v. Wexford - 30(b)(6) |
| **Attachments:** | Notice of 30(b)(6) Deposition - Wexford.pdf |

Hi Joe,

This is the first of 3 emails I'll be sending this afternoon. Per our phone conversation this afternoon, I'm forwarding our prior email correspondence about a 30(b)(6) deposition for Wexford. I believe in our conversations about the deposition topics you said that you did not object to topics 3, 4, 5, 6, and 7, all of which relate to policies and procedures. Please let me know if that is accurate as well as your position as to the other topics here.

Thanks!
Bill

---

**From:** Strom, William M.
**Sent:** Wednesday, November 28, 2018 12:11 AM
**To:** 'Rupcich, Joseph N.' <jrupcich@cassiday.com>; Tyrrell, Jeremy <JTyrrell@atg.state.il.us>
**Cc:** Wackman, Nathaniel K.S. <NWackman@jenner.com>; Amboian, Madison L. <MAmboian@jenner.com>
**Subject:** RE: Dean v. Wexford - ROGs and RFPs - Mincy

Joe, you're correct, the main topics we want to discuss relate to policies and procedures. The 30(b)(6) Notice of Deposition is attached. We discussed last week that some of these topics will be covered by medical care providers / defendants themselves rather than by 30(b)(6) witnesses. Other topics are likely to be covered in the upcoming document production, and to the extent they're not, we discussed revisiting the requests after we've reviewed the documents.

Regarding Ms. Galvin's deposition scheduling for 12/18 or 12/19, I will need to check my calendar and confer with colleagues when I get to the office this morning.

---

**From:** Rupcich, Joseph N. [mailto:jrupcich@cassiday.com]
**Sent:** Tuesday, November 27, 2018 4:18 PM
**To:** Strom, William M. <WStrom@jenner.com>; Tyrrell, Jeremy <JTyrrell@atg.state.il.us>
**Cc:** Wackman, Nathaniel K.S. <NWackman@jenner.com>; Amboian, Madison L. <MAmboian@jenner.com>
**Subject:** Dean v. Wexford - ROGs and RFPs - Mincy

External Email – Exercise Caution
Bill: I'm out of the country 12-5 to 12-15. I'd probably prefer 12-18 or 12-19. She wants to do the deposition in Taylorville. I'm not sure of a location but perhaps there's a court reporting service. I can have my assistant check.

Remind me the 30b6 topics, please. I think we discussed policies and procedures and that would be Wexford Regional Medical Director Rod Matticks.

**Joseph Rupcich** | Partner
Cassiday Schade LLP | Phone: 217.572.1714 | Fax: 217.572.1613
111 N. 6th Street, Suite 200, Springfield IL 62701 | www.cassiday.com



Illinois | Indiana | Missouri | Wisconsin

*This attorney does not consent to electronic service of discovery documents or notices of deposition. Please serve all discovery and notices of deposition by United States mail to the address above.*

---

**From:** Strom, William M. [mailto:WStrom@jenner.com]
**Sent:** Tuesday, November 27, 2018 2:07 PM
**To:** Rupcich, Joseph N.; Tyrrell, Jeremy
**Cc:** Wackman, Nathaniel K.S.; Amboian, Madison L.
**Subject:** RE: Dean v. Wexford - ROGs and RFPs - Mincy

Hi Joe and Jeremy,

I hope you both had a good Thanksgiving.

Joe, how are Tuesday 12/4, Wednesday 12/5, or Tuesday 12/11 as possible dates for Ms. Galvin? Since not at Taylorville, would her deposition be at your office in Springfield?

Regarding Mr. Christer, we think we will probably need to review the upcoming document production before scheduling his deposition. Our hope at this time is that it can be brief and completed by video or phone.

Regarding other depositions, the notice for Dr. Nawoor's deposition is attached, and we are scheduling the court reporter.

Jeremy, can you coordinate logistics with Taylorville CC for Dr. Nawoor's deposition? Would we be able to use the facility's video conference room again? If not, would I be able to arrange for a videographer to join the court reporter? Any documents you need us to fill out, like requests for permission to bring in laptops, please let us know.

Joe, I know we discussed possible 30(b)(6) witnesses in the same conversation that we discussed the ROGs and RFPs. Do you think you'll know who they'll be by the time of your production this week Friday?

Finally, as we discussed before Thanksgiving, please feel free to contact me affirmatively with any questions or objections regarding ROGs and RFPs. To recap our conversation, we agree:

- Defendants need not produce any files from complaints filed in court against them, since we have equal access to search PACER.
- Defendants need not re-collect or re-collate any grievances filed against defendants or other documents pursuant to RFP No. 3 in each of the RFPs served last month, and that the documents responsive to RFP No. 1 in each of the RFPs, for "employment records, employment agreements, personnel files, and disciplinary records," will suffice at this time. If documents responsive to RFP No. 3 (complaints/grievances) are already included in documents responsive to RFP No. 1 (personnel files) as they are kept in the ordinary course, please produce them.

Finally, if any of the above does not match your recollection of our discussion on these issues, please let me know.

Regards,
Bill

**From:** Rupcich, Joseph N. [mailto:jrupcich@cassiday.com]
**Sent:** Tuesday, November 27, 2018 12:10 PM
**To:** Strom, William M. <WStrom@jenner.com>; Tyrrell, Jeremy <JTyrrell@atg.state.il.us>

2

**Cc:** Wackman, Nathaniel K.S. <NWackman@jenner.com>; Amboian, Madison L. <MAmboian@jenner.com>
**Subject:** RE: Dean v. Wexford - ROGs and RFPs - Mincy

<span style="color:red">External Email – Exercise Caution</span>

<span style="color:red">Bill:</span> Chad Christer can be available weekdays in Taylorville. Galvin can be available on a Tuesday or Wednesday. She's a former employee and we'll need to do her deposition not at Taylorville CC. Please give me some potential dates.

**Joseph Rupcich** | Partner
Cassiday Schade LLP | Phone: 217.572.1714 | Fax: 217.572.1613
111 N. 6th Street, Suite 200, Springfield IL 62701 | www.cassiday.com

**CASSIDAY SCHADE**LLP
Illinois | Indiana | Missouri | Wisconsin

*This attorney does not consent to electronic service of discovery documents or notices of deposition. Please serve all discovery and notices of deposition by United States mail to the address above.*

---

**From:** Strom, William M. [mailto:WStrom@jenner.com]
**Sent:** Monday, November 19, 2018 2:03 PM
**To:** Rupcich, Joseph N.; Tyrrell, Jeremy
**Cc:** Wackman, Nathaniel K.S.; Amboian, Madison L.
**Subject:** RE: Dean v. Wexford - ROGs and RFPs - Mincy

Hi Joe and Jeremy,

Joe, Nate forwarded me your email about exhibits for Dr. Einwohner's deposition tomorrow. I hope to be able to send those to you and to Jeremy by early evening. When you're able, can you please email me the room number for the court reporter to join you and Dr. Einwohner tomorrow?

We would like to talk with you both briefly about the discovery production dates. Basically, we are likely amenable to the two-week extension you've both requested, but we just wanted to talk through first how any issues might be addressed in advance of December's deposition dates. If we can meet and confer on any objections or privilege concerns on a rolling basis through the extended deadline, I think that should make it easy to keep our deposition dates on the books.

Is there a good time for us to talk briefly by phone conference this afternoon after 3:00?

Thanks!
Bill

---

**From:** Rupcich, Joseph N. [mailto:jrupcich@cassiday.com]
**Sent:** Friday, November 16, 2018 12:41 PM
**To:** Tyrrell, Jeremy <JTyrrell@atg.state.il.us>
**Cc:** Strom, William M. <WStrom@jenner.com>; Wackman, Nathaniel K.S. <NWackman@jenner.com>; Amboian, Madison L. <MAmboian@jenner.com>
**Subject:** Re: Dean v. Wexford - ROGs and RFPs - Mincy

<span style="color:red">External Email – Exercise Caution</span>

I've been on trial. I'd like two weeks as well.

Are we set for Tuesday? I lost track in all the emails.

Sent from my iPad

On Nov 15, 2018, at 2:08 PM, Tyrrell, Jeremy <JTyrrell@atg.state.il.us> wrote:

> Counsel:
>
> My records reflect that Defendant Mincy's responses to Plaintiff's interrogatories and requests for production of documents are due today. However, I need some additional time to finalize Defendant's responses to these discovery requests. Would Plaintiff agree to a two-week extension of time for Defendant Mincy to provide her responses?
>
> Thank you,
>
> Jeremy Tyrrell
> Assistant Attorney General
> 500 S. Second St.,
> Springfield, IL 62701
> Tel: (217) 785-4555
> Fax: (217) 782-8767
> jtyrrell@atg.state.il.us
>
>
> **From:** Strom, William M. [mailto:WStrom@jenner.com]
> **Sent:** Tuesday, October 16, 2018 7:31 PM
> **To:** Tyrrell, Jeremy <JTyrrell@atg.state.il.us>
> **Cc:** 'Rupcich, Joseph N.' <jrupcich@cassiday.com>; Wackman, Nathaniel K.S. <NWackman@jenner.com>; Amboian, Madison L. <MAmboian@jenner.com>
> **Subject:** Dean v. Wexford - RFPs - Mincy
>
> Dear Jeremy,
>
> Attached please find Mr. Dean's RFPs to your client in the *Dean v. Wexford* case. I will also send a copy by mail. Please let me know if you have any questions or wish to discuss.
>
> Regards,
> Bill Strom
>
>
> **William M. Strom**
>
> **Jenner & Block LLP**
> 353 North Clark Street, Chicago, IL 60654-3456  |  jenner.com
> +1 312 840 7443 | TEL
> WStrom@jenner.com
> Download V-Card  |  View Biography
>
> CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

CONFIDENTIALITY NOTICE: This electronic message is intended to be viewed only by the individual or entity to whom it is addressed. It may contain information that is privileged, confidential and exempt from disclosure under applicable law. Any dissemination, distribution or copying of this communication is strictly prohibited without our prior permission. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, or if you have received this communication in error, please notify us immediately by return e-mail and delete the original message and any copies of it from your computer system. For further information about Cassiday Schade LLP, please see our website at [www.cassiday.com](www.cassiday.com) or refer to any of our offices. Thank you.

# Attachment to W. Strom Mar. 1, 2019 email to J. Rupcich

# THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| WILLIAM KENT DEAN, <br><br> Plaintiff, <br><br> v. <br><br> WEXFORD HEALTH SOURCES, INC., DR. ABDUR NAWOOR, DR. REBECCA EINWOHNER, NURSE KATHY GALVIN, and LISA MINCY, <br><br> Defendants. | Case No. 17-CV-3112 <br><br> Judge Sue E. Myerscough <br><br> Magistrate Judge Tom Schanzle-Haskins |

## NOTICE OF RULE 30(B)(6) DEPOSITION

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff William Kent Dean, will depose Defendant Wexford Health Sources, Inc., on Friday, December 7, 2018 at 9:30 AM CST, through one or more officers, directors, managing agents, or persons who consent to testify on its behalf, with respect to the matters listed on Schedule A hereto. The deposition will take place at the offices of Jenner & Block LLP, 353 N. Clark Street, Chicago, Illinois, 60654, unless a different time and location are agreed upon by the parties. The deposition will be taken before an officer, notary public, or other person authorized to administer oaths, and the testimony shall be recorded by videotape, audiotape, real time transcription, and/or stenographic means.

Dated: October 29, 2018                            Respectfully submitted,


                                                   By:     /s/ William M. Strom           
                                                           Craig C. Martin
                                                           William M. Strom
                                                           Nathaniel K.S. Wackman
                                                           Jenner & Block LLP
                                                           353 N. Clark Street
                                                           Chicago, IL  60654-3456
                                                           Telephone:  (312) 222-9350
                                                           Facsimile:  (312) 524-0484

                                                   *Attorneys For Plaintiff William Kent Dean*

# SCHEDULE A

## **DEFINITIONS**

Notwithstanding any Definition stated below, each word, term, or phrase whenever used in any Definition, Instruction, or Subject Examination is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and the Rules of this Court.

1. "Action" means Dean v. Wexford Health Sources, Inc., et al., Case No. 17-CV-3112 (C.D. Ill.) (Myerscough, J.).

2. "Wexford" means Defendant Wexford Health Sources, Inc., as well as any of its representatives, agents, directors, officers, counsel, employees, consultants, and persons authorized to act, acting, or purporting to act on its behalf.

3. "Dr. Nawoor" means Defendant Dr. Abdur Nawoor, as well as any of his representatives, agents, directors, officers, counsel, employees, consultants, and persons authorized to act, acting, or purporting to act on his behalf.

4. "Dr. Einwohner" means Defendant Dr. Rebecca Einwohner, as well as any of her representatives, agents, directors, officers, counsel, employees, consultants, and persons authorized to act, acting, or purporting to act on her behalf.

5. "Nurse Galvin" means Defendant Nurse Kathy Galvin, as well as any of her representatives, agents, directors, officers, counsel, employees, consultants, and persons authorizing to act, acting, or purporting to act on her behalf.

6. "Ms. Mincy" means Defendant Lisa Mincy, as well as any of her representatives, agents, directors, officers, counsel, employees, consultants, and persons authorized to act, acting, or purporting to act on her behalf.

7. "IDOC" means the Illinois Department of Corrections, as well as any of its representatives, directors, officers, counsel, employees, consultants, and persons authorized to act, acting, or purporting to act on its behalf.

8. "Taylorville" means Taylorville Correctional Center, located at 1144 Illinois Route 29, Taylorville, Illinois, 62568.

9. "Complaint" means the Second Amended Complaint filed by Plaintiff William Kent Dean in The United States District Court for the Central District of Illinois, Springfield Division, on August 16, 2018 (Case No. 17-CV-3112).

10. "Relating to," "reflecting," or "regarding" means constituting, mentioning, referring to, alluding to, responding to, concerning, commenting on, evidencing, regarding, discussing, describing, reflecting, listing, analyzing, or supporting.

11. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests for Production any information that might otherwise be construed as outside their scope.

12. "Person" means any natural person, firm, association, partnership, business, corporation, or other public or private entity.

13. "Each" means each, every, and any.

14. "Communication(s)" means any exchange of information transmitted in any form from any person to another person, including but not limited to electronic communications.

15. "Including" means "including, but not limited to"; "includes" means "includes, but is not limited to."

# INSTRUCTIONS

1. References to entities should be interpreted broadly to include the named entity and its affiliates, parents, subsidiaries, agents, officers, directors, and shareholders (both present and former).

2. The singular and plural forms of words shall be interpreted interchangeably when appropriate, so as to bring within the scope of this deposition any matter that might otherwise be construed outside of their scope.

3. The Subjects of Examination relate to Plaintiff William Kent Dean's allegations and claims as set forth in the Complaint in this Action.

4. Unless instructed otherwise, each Subject of Examination shall be construed independently and not by reference to any other Subject of Examination for the purpose of limitation.

5. The Subjects of Examination shall not be construed as a waiver or abridgement of, and are not intended to waive, any argument or defense, nor shall they be construed as an admission of any fact.

# SUBJECTS OF EXAMINATION

1. All medical services provided by Wexford to Plaintiff Dean related to his medical condition since December 1, 2015.

2. All medical diagnoses provided by Wexford to Plaintiff Dean related to his medical condition since December 1, 2015.

3. All policies, procedures, protocols, practices, and/or other materials written by, relied upon, or used by Wexford related to medical standards of care when treating patients since December 1, 2015, including but not limited to the full text of Wexford's document entitled "Medical Guidelines, Region: Illinois," and/or any other document similar in title or substance.

4. All policies, procedures, protocols, practices, and/or other materials written by, relied upon, or used by Wexford related to the management of conservative care for patients since December 1, 2015, including but not limited to the full text of Wexford's document entitled "Medical Guidelines, Region: Illinois," and/or any other document similar in title or substance.

5. All policies, procedures, protocols, practices, and/or other materials written by, relied upon, or used by Wexford related to diagnosing and/or treating patients since December 1, 2015, including but not limited to the full text of Wexford's document entitled "Medical Guidelines, Region: Illinois," and/or any other document similar in title or substance.

6. All policies, procedures, protocols, practices, and/or other materials written by, relied upon, or used by Wexford related to patient referrals since December 1, 2015, including but not limited to the full text of Wexford's document entitled "Medical Guidelines, Region: Illinois," and/or any other document similar in title or substance.

7. All policies, procedures, protocols, practices, and/or other materials written by, relied upon, or used by Wexford related to medication approval for patients since December 1,

2015, including but not limited to the full text of Wexford's document entitled "Medical Guidelines, Region: Illinois," and/or any other document similar in title or substance.

8. All contractual agreements between Wexford and the State of Illinois, through the Illinois Department of Corrections, that relate to healthcare services provided to prisoners in effect on or since December 1, 2015.

9. All communications discussing Plaintiff Dean and/or his medical condition since December 1, 2015.

10. All employment agreements between Wexford and Dr. Nawoor, Wexford and Dr. Einwohner, and Wexford and Nurse Galvin.

11. All employment and personnel records or evaluations related to Dr. Nawoor, Dr. Einwohner, and Nurse Galvin.

# CERTIFICATE OF SERVICE

I, Nathaniel K.S. Wackman, an attorney, certify that I caused a copy of the foregoing **NOTICE OF RULE 30(B)(6) DEPOSITION** to be served on counsel listed below on October 29, 2018 via electronic means:

Joseph N. Rupcich  
Cassiday Schade LLP  
111 North 6th Street  
2nd Floor  
Springfield, IL  62701  
Telephone:  (217) 572-1714  
Fax:  (217) 572-1613  
jrupcich@cassiday.com  

Jeremy C. Tyrrell  
Office of the Attorney General  
500 South Second Street  
Springfield, IL  62706  
Telephone:  (217) 785-4555  
Fax:  (217) 782-8767  
jtyrrell@atg.state.il.us  

By:  /s/ Nathaniel K.S. Wackman_____