E-FILED
Tuesday, 06 August, 2019 10:09:22 PM
Clerk, U.S. District Court, ILCD

# Exhibit B

# Strom, William M.

| | |
|---|---|
| **From:** | Wackman, Nathaniel K.S. |
| **Sent:** | Monday, October 29, 2018 2:24 PM |
| **To:** | 'Rupcich, Joseph N.'; 'Tyrrell, Jeremy' |
| **Cc:** | Strom, William M.; Ghantous, Alexander N.; Pressler, Susan M |
| **Subject:** | Dean v. Wexford - discovery |
| **Attachments:** | Notice of 30(b)(6) Deposition - Wexford.pdf |

Dear Joe,

Further to our deposition scheduling, Bill Strom and I wanted to touch base on a few things:

1. Please see the attached 30(b)(6) notice for Wexford. We have noticed this for December 7 at our office in Chicago, but, of course, are happy to reach agreements on the date/time/location/format.
2. We have yet to set a date for the deposition of Ms. Galvin. Please let us know the status of finding a date for her deposition.
3. We would like to depose Chad Christer, who we understand is/was a Wexford employee. Can you please start looking into a date for his deposition?

As always, please don't hesitate to reach out to Bill or I with any questions or concerns.

Thanks,

Nate

---

## Nathaniel K.S. Wackman

**Jenner & Block LLP**
353 North Clark Street, Chicago, IL 60654-3456 | jenner.com
+1 312 840 7571 | TEL
NWackman@jenner.com
Download V-Card | View Biography

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

# Attachment to
# N. Wackman Oct. 29, 2018 email to J. Rupcich

THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| WILLIAM KENT DEAN,<br><br>               Plaintiff,<br><br>     v.<br><br>WEXFORD HEALTH SOURCES, INC., DR. ABDUR NAWOOR, DR. REBECCA EINWOHNER, NURSE KATHY GALVIN, and LISA MINCY,<br><br>               Defendants. | Case No. 17-CV-3112<br><br>Judge Sue E. Myerscough<br><br>Magistrate Judge Tom Schanzle-Haskins |

## NOTICE OF RULE 30(B)(6) DEPOSITION

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff William Kent Dean, will depose Defendant Wexford Health Sources, Inc., on Friday, December 7, 2018 at 9:30 AM CST, through one or more officers, directors, managing agents, or persons who consent to testify on its behalf, with respect to the matters listed on Schedule A hereto. The deposition will take place at the offices of Jenner & Block LLP, 353 N. Clark Street, Chicago, Illinois, 60654, unless a different time and location are agreed upon by the parties. The deposition will be taken before an officer, notary public, or other person authorized to administer oaths, and the testimony shall be recorded by videotape, audiotape, real time transcription, and/or stenographic means.

Dated: October 29, 2018                    Respectfully submitted,


                                           By:    /s/ William M. Strom
                                                  Craig C. Martin
                                                  William M. Strom
                                                  Nathaniel K.S. Wackman
                                                  Jenner & Block LLP
                                                  353 N. Clark Street
                                                  Chicago, IL  60654-3456
                                                  Telephone:  (312) 222-9350
                                                  Facsimile:  (312) 524-0484

                                           *Attorneys For Plaintiff William Kent Dean*

# SCHEDULE A

## **DEFINITIONS**

Notwithstanding any Definition stated below, each word, term, or phrase whenever used in any Definition, Instruction, or Subject Examination is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and the Rules of this Court.

1. "Action" means Dean v. Wexford Health Sources, Inc., et al., Case No. 17-CV-3112 (C.D. Ill.) (Myerscough, J.).

2. "Wexford" means Defendant Wexford Health Sources, Inc., as well as any of its representatives, agents, directors, officers, counsel, employees, consultants, and persons authorized to act, acting, or purporting to act on its behalf.

3. "Dr. Nawoor" means Defendant Dr. Abdur Nawoor, as well as any of his representatives, agents, directors, officers, counsel, employees, consultants, and persons authorized to act, acting, or purporting to act on his behalf.

4. "Dr. Einwohner" means Defendant Dr. Rebecca Einwohner, as well as any of her representatives, agents, directors, officers, counsel, employees, consultants, and persons authorized to act, acting, or purporting to act on her behalf.

5. "Nurse Galvin" means Defendant Nurse Kathy Galvin, as well as any of her representatives, agents, directors, officers, counsel, employees, consultants, and persons authorizing to act, acting, or purporting to act on her behalf.

6. "Ms. Mincy" means Defendant Lisa Mincy, as well as any of her representatives, agents, directors, officers, counsel, employees, consultants, and persons authorized to act, acting, or purporting to act on her behalf.

7. "IDOC" means the Illinois Department of Corrections, as well as any of its representatives, directors, officers, counsel, employees, consultants, and persons authorized to act, acting, or purporting to act on its behalf.

8. "Taylorville" means Taylorville Correctional Center, located at 1144 Illinois Route 29, Taylorville, Illinois, 62568.

9. "Complaint" means the Second Amended Complaint filed by Plaintiff William Kent Dean in The United States District Court for the Central District of Illinois, Springfield Division, on August 16, 2018 (Case No. 17-CV-3112).

10. "Relating to," "reflecting," or "regarding" means constituting, mentioning, referring to, alluding to, responding to, concerning, commenting on, evidencing, regarding, discussing, describing, reflecting, listing, analyzing, or supporting.

11. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests for Production any information that might otherwise be construed as outside their scope.

12. "Person" means any natural person, firm, association, partnership, business, corporation, or other public or private entity.

13. "Each" means each, every, and any.

14. "Communication(s)" means any exchange of information transmitted in any form from any person to another person, including but not limited to electronic communications.

15. "Including" means "including, but not limited to"; "includes" means "includes, but is not limited to."

# INSTRUCTIONS

1. References to entities should be interpreted broadly to include the named entity and its affiliates, parents, subsidiaries, agents, officers, directors, and shareholders (both present and former).

2. The singular and plural forms of words shall be interpreted interchangeably when appropriate, so as to bring within the scope of this deposition any matter that might otherwise be construed outside of their scope.

3. The Subjects of Examination relate to Plaintiff William Kent Dean's allegations and claims as set forth in the Complaint in this Action.

4. Unless instructed otherwise, each Subject of Examination shall be construed independently and not by reference to any other Subject of Examination for the purpose of limitation.

5. The Subjects of Examination shall not be construed as a waiver or abridgement of, and are not intended to waive, any argument or defense, nor shall they be construed as an admission of any fact.

## SUBJECTS OF EXAMINATION

1. All medical services provided by Wexford to Plaintiff Dean related to his medical condition since December 1, 2015.

2. All medical diagnoses provided by Wexford to Plaintiff Dean related to his medical condition since December 1, 2015.

3. All policies, procedures, protocols, practices, and/or other materials written by, relied upon, or used by Wexford related to medical standards of care when treating patients since December 1, 2015, including but not limited to the full text of Wexford's document entitled "Medical Guidelines, Region: Illinois," and/or any other document similar in title or substance.

4. All policies, procedures, protocols, practices, and/or other materials written by, relied upon, or used by Wexford related to the management of conservative care for patients since December 1, 2015, including but not limited to the full text of Wexford's document entitled "Medical Guidelines, Region: Illinois," and/or any other document similar in title or substance.

5. All policies, procedures, protocols, practices, and/or other materials written by, relied upon, or used by Wexford related to diagnosing and/or treating patients since December 1, 2015, including but not limited to the full text of Wexford's document entitled "Medical Guidelines, Region: Illinois," and/or any other document similar in title or substance.

6. All policies, procedures, protocols, practices, and/or other materials written by, relied upon, or used by Wexford related to patient referrals since December 1, 2015, including but not limited to the full text of Wexford's document entitled "Medical Guidelines, Region: Illinois," and/or any other document similar in title or substance.

7. All policies, procedures, protocols, practices, and/or other materials written by, relied upon, or used by Wexford related to medication approval for patients since December 1,

2015, including but not limited to the full text of Wexford's document entitled "Medical Guidelines, Region: Illinois," and/or any other document similar in title or substance.

8. All contractual agreements between Wexford and the State of Illinois, through the Illinois Department of Corrections, that relate to healthcare services provided to prisoners in effect on or since December 1, 2015.

9. All communications discussing Plaintiff Dean and/or his medical condition since December 1, 2015.

10. All employment agreements between Wexford and Dr. Nawoor, Wexford and Dr. Einwohner, and Wexford and Nurse Galvin.

11. All employment and personnel records or evaluations related to Dr. Nawoor, Dr. Einwohner, and Nurse Galvin.

# CERTIFICATE OF SERVICE

I, Nathaniel K.S. Wackman, an attorney, certify that I caused a copy of the foregoing **NOTICE OF RULE 30(B)(6) DEPOSITION** to be served on counsel listed below on October 29, 2018 via electronic means:

| | |
|---|---|
| Joseph N. Rupcich | Jeremy C. Tyrrell |
| Cassiday Schade LLP | Office of the Attorney General |
| 111 North 6th Street | 500 South Second Street |
| 2nd Floor | Springfield, IL  62706 |
| Springfield, IL  62701 | Telephone:  (217) 785-4555 |
| Telephone:  (217) 572-1714 | Fax:  (217) 782-8767 |
| Fax:  (217) 572-1613 | jtyrrell@atg.state.il.us |
| jrupcich@cassiday.com | |

By:     /s/ Nathaniel K.S. Wackman_____