E-FILED
Tuesday, 06 August, 2019 10:09:22 PM
Clerk, U.S. District Court, ILCD

# Exhibit C

## Strom, William M.

**From:** Strom, William M.
**Sent:** Friday, March 15, 2019 11:20 AM
**To:** 'Rupcich, Joseph N.'; 'Tyrrell, Jeremy'; 'Pressler, Susan M'
**Cc:** Wackman, Nathaniel K.S.; Holt, Chloe E.; Amboian, Madison L.
**Subject:** RE: Dean Depositions

Hi Joe,

Below are our responses seeking to narrow the 30(b)(6) topics. Please let us know if these are acceptable.

As we've been reviewing our files, it does not look like we ever received the document referenced in topics 3-7, "Medical Guidelines, Region: Illinois." We requested it (and similar documents) in No. 5 of our First RFP to Wexford. Please produce it at your earliest convenience. (In the last correspondence I have regarding Wexford's responses to the First RFP, dated November 30, 2018, you mentioned that your client was gathering data for an RTP but that you were producing, via four emails, the personnel file and punch card for Dr. Nawoor, utilization management notes, the Dean DNR, and the Wexford-IDOC 2011 contract. You sent those by email the same day.)

We should set up a phone call tomorrow or early next week to discuss any outstanding issues with the 30(b)(6) topics, as well as the issue identified in my previous email about how to handle that Mr. Dean's expert reports are now due before these depositions. We can handle that by either agreeing to an extension of the current expert deadlines or by agreeing that we will be able to file supplemental expert reports with anything new learned in these depositions, but as I wrote before, I would prefer an approach that does not occasion supplemental reports or changes to the case management order's deadlines.

Please let us know your availability today or Monday/Tuesday of next week for a phone call

Thanks!
Bill

****

1 and 2:

You wrote: this is unduly burdensome and more readily available from a more convenient source, i.e., the treating medical professionals, particularly Dr. Nawoor and Dr. Einwohner. I would note you've had seven hours with both of them already. Requiring a corporate representative to learn the entirety of the medical records to give cumulative testimony is objectionable.

Our response: We agree that Wexford's representative for these topics does not need to testify on topics already covered by Drs. Nawoor and Einwohner. We propose narrowing these topics so that Wexford's representative does not need to cover those same grounds, but should be prepared to testify regarding the decisions Wexford made pertaining to Mr. Dean's care beyond those decisions for which Drs. Nawoor and Einwohner had discretion to proceed with treatment without additional approvals. For instance, Wexford's representative should be prepared to testify about non-formulary or specialist referral approvals that needed to be obtained in Mr. Dean's case.

3, 4, 5:

You wrote: this is overly broad as well. We can limit it to the medical conditions at issue in the case. I'll let you decide on the specific conditions.

Our response: We agree to your limitation and propose these specific medical conditions: flank pain, suspicion of internal bleeding, hematuria, kidney stones, urinary tract infection, bladder infection, bladder cancer, kidney or renal cancer, metastasis.

6:

You wrote: I can limit this to policies regarding outside referral but Matticks may not be the person for that.

Our response: We would like to understand your proposed limitation here, since we would also be interested, for instance, in Wexford's policies and procedures related to internal referrals to things such as the renal teleclinic. We propose keeping the language of this request as is.

8:

You wrote: the wexford-IDOC contract is voluminous, containing financial arrangements, staffing, and medical. You will need to be more specific as to the topic as there could be a number of people to discuss different topics. This is probably not Matticks' territory.

Our response: We are working on limitations to this topic and hope to be able to discuss these by the time we are able to connect by phone.

9-11:

Your response: I will check on these.

Our response: Thanks, let us know when you have a response on these. Otherwise, we will proceed at the deposition under the understanding that these are appropriate topics.

---

**From:** Strom, William M.
**Sent:** Wednesday, March 13, 2019 3:26 PM
**To:** 'Rupcich, Joseph N.' ; 'Tyrrell, Jeremy' ; Pressler, Susan M
**Cc:** Wackman, Nathaniel K.S. ; Holt, Chloe E. ; Amboian, Madison L.
**Subject:** RE: Dean Depositions

Hi Joe,

Thanks for your responses, and I'm glad we're set for April 4. We are considering ways to narrow the 30(b)(6) topics and will send our proposals soon.

Thanks!
Bill

---

**From:** Rupcich, Joseph N. [mailto:jrupcich@cassiday.com]
**Sent:** Tuesday, March 12, 2019 6:02 PM
**To:** Strom, William M. <WStrom@jenner.com>; 'Tyrrell, Jeremy' <JTyrrell@atg.state.il.us>; Pressler, Susan M <spressler@cassiday.com>
**Subject:** RE: Dean Depositions

External Email – Exercise Caution

It looks like 4-4 would work for me. Susan, can you check with Dr. Matticks about 4-4? Thanks.

Bill, as to the topics you've identified in the 30b6 notice, I have some issues, which I'll outline here.

1-2. this is unduly burdensome and more readily available from a more convenient source, i.e., the treating medical professionals, particularly Dr. Nawoor and Dr. Einwohner. I would note you've had seven hours with both of them already. Requiring a corporate representative to learn the entirety of the medical records to give cumulative testimony is objectionable.
3. this is overly broad as well. We can limit it to the medical conditions at issue in the case. I'll let you decide on the specific conditions.
4. again, "conservative care" is overly broad and I cannot possibly adequately present a witness on this topic. Please narrow this to a particular condition.
5. see 3 and 4.
6. I can limit this to policies regarding outside referral but Matticks may not be the person for that.
7. ok
8. the wexford-IDOC contract is voluminous, containing financial arrangements, staffing, and medical. You will need to be more specific as to the topic as there could be a number of people to discuss different topics. This is probably not Matticks' territory.
9-11. I will check on these.

**Joseph Rupcich** | Partner
Cassiday Schade LLP | Phone: 217.572.1714 | Fax: 217.572.1613
111 N. 6th Street, Suite 200, Springfield IL 62701 | www.cassiday.com
CASSIDAY SCHADE LLP
Illinois | Indiana | Missouri | Wisconsin

***This attorney does not consent to electronic service of discovery documents or notices of deposition. Please serve all discovery and notices of deposition by United States mail to the address above.***

---

**From:** Strom, William M. [mailto:WStrom@jenner.com]
**Sent:** Tuesday, March 12, 2019 5:51 PM
**To:** 'Tyrrell, Jeremy'; Pressler, Susan M
**Cc:** Rupcich, Joseph N.
**Subject:** RE: Dean Depositions

It looks like my outgoing emails and these emails went right past one another.

I am not available the week of April 8. I know at this time I can be available the week before, on Monday 4/1, Thursday 4/4, or Friday 4/5. Can any of those dates work for Dr. Matticks instead?

Thanks!
Bill

---

**From:** Tyrrell, Jeremy [mailto:JTyrrell@atg.state.il.us]
**Sent:** Tuesday, March 12, 2019 5:27 PM
**To:** 'Pressler, Susan M' <spressler@cassiday.com>; Strom, William M. <WStrom@jenner.com>
**Cc:** Rupcich, Joseph N. <jrupcich@cassiday.com>
**Subject:** RE: Dean Depositions

External Email – Exercise Caution

Those dates are all fine with me. I have a conflict for March 27th but I will have a colleague attend the deposition on behalf of my defendant.

Thanks,

Jeremy

---

**From:** Pressler, Susan M [mailto:spressler@cassiday.com]
**Sent:** Tuesday, March 12, 2019 5:16 PM
**To:** wstrom@jenner.com; Tyrrell, Jeremy <JTyrrell@atg.state.il.us>
**Cc:** Rupcich, Joseph N. <jrupcich@cassiday.com>
**Subject:** Dean Depositions

Good afternoon –

We would like to schedule the deposition of Chad Christer for Tuesday, March 26, and Kathy Galvin for Wednesday, March 27. I checked with Dr. Matticks and he is not available that week. He is available on Monday, April 8, 2019. Please let me know if that date works for you for Dr. Matticks' deposition in Springfield.

Thank you-
Susan

**Susan Pressler** | Legal Secretary
Cassiday Schade LLP | Phone: 217.993.5646 | Fax: 217.572.1613
111 N. 6th Street, Suite 200, Springfield IL 62701 | www.cassiday.com
CASSIDAY SCHADE LLP
Illinois | Indiana | Missouri | Wisconsin

CONFIDENTIALITY NOTICE: This electronic message is intended to be viewed only by the individual or entity to whom it is addressed. It may contain information that is privileged, confidential and exempt from disclosure under applicable law. Any dissemination, distribution or copying of this communication is strictly prohibited without our prior permission. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, or if you have received this communication in error, please notify us immediately by return e-mail and delete the original message and any copies of it from your computer system. For further information about Cassiday Schade LLP, please see our website at www.cassiday.com or refer to any of our offices. Thank you.

---

**William M. Strom**

**Jenner & Block LLP**
353 North Clark Street, Chicago, IL 60654-3456 | jenner.com
+1 312 840 7443 | TEL
WStrom@jenner.com
Download V-Card | View Biography

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

---

CONFIDENTIALITY NOTICE: This electronic message is intended to be viewed only by the individual or

entity to whom it is addressed. It may contain information that is privileged, confidential and exempt from disclosure under applicable law. Any dissemination, distribution or copying of this communication is strictly prohibited without our prior permission. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, or if you have received this communication in error, please notify us immediately by return e-mail and delete the original message and any copies of it from your computer system. For further information about Cassiday Schade LLP, please see our website at www.cassiday.com or refer to any of our offices. Thank you.