# Exhibit E

## THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | |
|---|---|
| WILLIAM KENT DEAN, | |
| Plaintiff, | |
| v. | Case No. 17-CV-3112 |
| WEXFORD HEALTH SOURCES, INC., DR. ABDUR NAWOOR, DR. REBECCA EINWOHNER, NURSE KATHY GALVIN, and LISA MINCY, | Judge Sue E. Myerscough |
| | Magistrate Judge Tom Schanzle-Haskins |
| Defendants. | |

## AMENDED NOTICE OF DEPOSITION PURSUANT TO RULE 30(B)(6) FOR DR. RODERICK MATTICKS IN HIS PERSONAL CAPACITY AND AS A REPRESENTATIVE OF DEFENDANT WEXFORD HEALTH SOURCES, INC.

PLEASE TAKE NOTICE that, pursuant to 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff William Kent Dean, through counsel, will depose Dr. Roderick Matticks in his personal capacity and as a representative of Defendant Wexford Health Sources, Inc., with respect to the matters listed on Schedule A hereto, at the offices of Cassiday Schade LLP, 111 North 6th Street, Suite 200, Springfield, IL 62701, on April 4, 2019, at 9:00 AM CDT, or another time and place mutually agreed by the parties. The deposition shall be taken before an officer, notary public, or other person authorized to administer oaths, and the testimony shall be recorded by videotape, audiotape, real time transcription, and/or stenographic means.

Dated:  April 3, 2019

Respectfully Submitted,

_____/s/ William M. Strom_____
Craig C. Martin
William M. Strom
Nathaniel K.S. Wackman
Chloe E. Holt
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL  60654
(312) 222-9350
cmartin@jenner.com
wstrom@jenner.com
nwackman@jenner.com


*Attorneys for William Kent Dean*

# SCHEDULE A

## DEFINITIONS

Notwithstanding any Definition stated below, each word, term, or phrase whenever used in any Definition, Instruction, or Subject Examination is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and the Rules of this Court.

1.      "Action" means Dean v. Wexford Health Sources, Inc., et al., Case No. 17-CV-3112 (C.D. Ill.) (Myerscough, J.).

2.      "Wexford" means Defendant Wexford Health Sources, Inc., as well as any of its representatives, agents, directors, officers, counsel, employees, consultants, and persons authorized to act, acting, or purporting to act on its behalf.

3.      "Dr. Nawoor" means Defendant Dr. Abdur Nawoor, as well as any of his representatives, agents, directors, officers, counsel, employees, consultants, and persons authorized to act, acting, or purporting to act on his behalf.

4.      "Dr. Einwohner" means Defendant Dr. Rebecca Einwohner, as well as any of her representatives, agents, directors, officers, counsel, employees, consultants, and persons authorized to act, acting, or purporting to act on her behalf.

5.      "Nurse Galvin" means Defendant Nurse Kathy Galvin, as well as any of her representatives, agents, directors, officers, counsel, employees, consultants, and persons authorizing to act, acting, or purporting to act on her behalf.

6.      "Ms. Mincy" means Defendant Lisa Mincy, as well as any of her representatives, agents, directors, officers, counsel, employees, consultants, and persons authorized to act, acting, or purporting to act on her behalf.

7.      "IDOC" means the Illinois Department of Corrections, as well as any of its representatives, directors, officers, counsel, employees, consultants, and persons authorized to act, acting, or purporting to act on its behalf.

8.      "Taylorville" means Taylorville Correctional Center, located at 1144 Illinois Route 29, Taylorville, Illinois, 62568.

9.      "Complaint" means the Second Amended Complaint filed by Plaintiff William Kent Dean in The United States District Court for the Central District of Illinois, Springfield Division, on August 16, 2018 (Case No. 17-CV-3112).

10.     "Relating to," "reflecting," or "regarding" means constituting, mentioning, referring to, alluding to, responding to, concerning, commenting on, evidencing, regarding, discussing, describing, reflecting, listing, analyzing, or supporting.

11.     "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests for Production any information that might otherwise be construed as outside their scope.

12.     "Person" means any natural person, firm, association, partnership, business, corporation, or other public or private entity.

13.     "Each" means each, every, and any.

14.     "Communication(s)" means any exchange of information transmitted in any form from any person to another person, including but not limited to electronic communications.

15.     "Including" means "including, but not limited to"; "includes" means "includes, but is not limited to."

## **INSTRUCTIONS**

1.      References to entities should be interpreted broadly to include the named entity and its affiliates, parents, subsidiaries, agents, officers, directors, and shareholders (both present and former).

2.      The singular and plural forms of words shall be interpreted interchangeably when appropriate, so as to bring within the scope of this deposition any matter that might otherwise be construed outside of their scope.

3.      The Subjects of Examination relate to Plaintiff William Kent Dean's allegations and claims as set forth in the Complaint in this Action.

4.      Unless instructed otherwise, each Subject of Examination shall be construed independently and not by reference to any other Subject of Examination for the purpose of limitation.

5.      The Subjects of Examination shall not be construed as a waiver or abridgement of, and are not intended to waive, any argument or defense, nor shall they be construed as an admission of any fact.

## SUBJECTS OF EXAMINATION

1.      All policies, procedures, protocols, practices, and/or other materials written by, relied upon, or used by Wexford related to medical standards of care when treating patients since December 1, 2015, including but not limited to the full text of Wexford's document entitled "Medical Guidelines, Region: Illinois," and/or any other document similar in title or substance, for the following conditions: flank pain, suspicion of internal bleeding, hematuria, kidney stones, urinary tract infection, bladder infection, bladder cancer, kidney or renal cancer, and metastasis.

2.      All policies, procedures, protocols, practices, and/or other materials written by, relied upon, or used by Wexford related to the management of conservative care for patients since December 1, 2015, including but not limited to the full text of Wexford's document entitled "Medical Guidelines, Region: Illinois," and/or any other document similar in title or substance, for the following conditions: flank pain, suspicion of internal bleeding, hematuria, kidney stones, urinary tract infection, bladder infection, bladder cancer, kidney or renal cancer, and metastasis.

3.      All policies, procedures, protocols, practices, and/or other materials written by, relied upon, or used by Wexford related to diagnosing and/or treating patients since December 1, 2015, including but not limited to the full text of Wexford's document entitled "Medical Guidelines, Region: Illinois," and/or any other document similar in title or substance, for the following conditions: flank pain, suspicion of internal bleeding, hematuria, kidney stones, urinary tract infection, bladder infection, bladder cancer, kidney or renal cancer, and metastasis.

4.      All policies, procedures, protocols, practices, and/or other materials written by, relied upon, or used by on-site doctors or regional supervisors employed by Wexford related to patient referrals since December 1, 2015, including but not limited to the full text of Wexford's document entitled "Medical Guidelines, Region: Illinois," and/or any other document similar in title or substance, for the following conditions: flank pain, suspicion of internal bleeding,

hematuria, kidney stones, urinary tract infection, bladder infection, bladder cancer, kidney or renal cancer, and metastasis.

5.      All policies, procedures, protocols, practices, and/or other materials written by, relied upon, or used by Wexford related to medication approval for patients since December 1, 2015, including but not limited to the full text of Wexford's document entitled "Medical Guidelines, Region: Illinois," and/or any other document similar in title or substance.

6.      All policies, procedures, practices, and/or other written materials written by, relied upon, or used by Wexford's on-site doctors, regional supervisors, and/or medical decisionmakers related to cost-of-care and/or other financial or budgetary considerations since December 1, 2015, including if and when financial or budgetary considerations were involved in the decisions made in the medical care or treatment of Plaintiff Dean and/or his medical condition.

7.      All communications discussing Plaintiff Dean and/or his medical condition since December 1, 2015, for which Dr. Matticks, or the office of Wexford's regional director for Illinois and/or IDOC, was a sender or recipient.

8.      All employment and personnel records or evaluations related to Dr. Nawoor.

## CERTIFICATE OF SERVICE

I, William M. Strom, an attorney, certify that I caused a copy of the foregoing **AMENDED**

**NOTICE OF RULE 30(B)(6) DEPOSITION** to be served on counsel listed below on April 3,

2019, via electronic means:

Joseph N. Rupcich
Cassiday Schade LLP
111 North 6th Street
Suite 200
Springfield, IL  62701
Telephone: (217) 572-1714
Fax: (217) 572-1613
jrupcich@cassiday.com

Jeremy C. Tyrrell
Office of the Attorney General
500 South Second Street
Springfield, IL  62706
Telephone: (217) 785-4555
Fax: (217) 782-8767
jtyrrell@atg.state.il.us


        /s/ William M. Strom
William M. Strom
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL  60654
(312) 222-9350
wstrom@jenner.com

*Attorney for William Kent Dean*