E-FILED
Tuesday, 06 August, 2019 10:09:22 PM
Clerk, U.S. District Court, ILCD

# Exhibit F

# Strom, William M.

| | |
|---|---|
| **From:** | Strom, William M. |
| **Sent:** | Tuesday, March 26, 2019 10:10 PM |
| **To:** | 'Rupcich, Joseph N.'; 'Tyrrell, Jeremy'; Pressler, Susan M |
| **Cc:** | Wackman, Nathaniel K.S.; Holt, Chloe E.; Amboian, Madison L. |
| **Subject:** | Dean - 30(b)(6) depositions |
| **Attachments:** | RE: Dean Depositions; 2019-03-26 Dean_-_Second_Amended_Notice_of_Deposition_-_30_b_6_MATTICKS.pdf; Dean_-_Amended_Notice_of_Deposition_-_30_b_6_MATTICKS.PDF |

Hi Joe,

Thanks for speaking with us on the phone last week, we think it was very helpful in ironing out these 30(b)(6) topics. We are going to draw up some amended notices, but wanted to make sure we were clear on the content. If you can confirm the following witnesses and topics are acceptable to you, we will send you amended notices. To begin, I have already attached an amended notice as to Dr. Matticks's deposition since it is scheduled for next week.

I have also attached the previous 30(b)(6) notice in order to cross-reference the former topic numbering, as applicable, as well as our email correspondence before last week's phone call. Also, as discussed on the phone, please remember to research which person evaluates and reviews Dr. Einwohner's employment.

Finally, the topics listed below and the amended notice attached are meant to reflect our agreed points of discussion from last week. If we are mistaken about any of those points, please let me know, and we will be happy to discuss further amendment so that we can reach agreement.

Bill

-Dr. Roderick Matticks, in his personal and representative capacity

1. All medical services provided by Wexford to Plaintiff Dean related to his medical condition since December 1, 2015, as known to or brought to the attention of Dr. Matticks in his capacity as regional medical director for Wexford.
2. Since December 1, 2015, all policies, procedures, protocols, practices, and/or other materials written by, relied upon, or used by Wexford when treating patients and related to medical standards of care for the following conditions: flank pain, suspicion of internal bleeding, hematuria, kidney stones, urinary tract infection, bladder infection, bladder cancer, kidney or renal cancer, and metastasis, including but not limited to the full text of Wexford's document entitled "Medical Guidelines, Region: Illinois," and/or any other document similar in title or substance. [Former Topic #3]
3. Since December 1, 2015, all policies, procedures, protocols, practices, and/or other materials written by, relied upon, or used by Wexford when treating patients and related to the management of conservative care for those patients for the following conditions: flank pain, suspicion of internal bleeding, hematuria, kidney stones, urinary tract infection, bladder infection, bladder cancer, kidney or renal cancer, and metastasis, including but not limited to the full text of Wexford's document entitled "Medical Guidelines, Region: Illinois," and/or any other document similar in title or substance. [Former Topic #4]
4. Since December 1, 2015, all policies, procedures, protocols, practices, and/or other materials written by, relied upon, or used by Wexford related to diagnosing and/or treating patients for the following conditions: flank pain, suspicion of internal bleeding, hematuria, kidney stones, urinary tract infection, bladder infection, bladder cancer, kidney or renal cancer, and metastasis, including but not limited to the full text of Wexford's document

entitled "Medical Guidelines, Region: Illinois," and/or any other document similar in title or substance.  [Former Topic #5]

5. Since December 1, 2015, all policies, procedures, protocols, practices, and/or other materials written by, relied upon, or <u>used by on-site doctors or regional supervisors employed by Wexford</u> when treating patients and related to patient referrals for the following conditions: flank pain, suspicion of internal bleeding, hematuria, kidney stones, urinary tract infection, bladder infection, bladder cancer, kidney or renal cancer, and metastasis.  This topic does not refer policies, procedures, protocols, practices, and/or other materials written by, relied upon, or used by utilization management personnel.  [Former Topic #6 (partial)]
6. All policies, procedures, protocols, practices, and/or other materials written by, relied upon, or used by Wexford related to medication approval for patients since December 1, 2015, including but not limited to the full text of Wexford's document entitled "Medical Guidelines, Region: Illinois," and/or any other document similar in title or substance.  [Former Topic #7]
7. How the cost-of-care and other financial considerations factor into on-site medical decisionmaking, as well as when on-site medical decisionmakers are made aware of financial or budgetary considerations, including if and when financial or budgetary considerations were involved in the decisionmaking in Mr. Dean's case.
8. Personnel records, personnel evaluations, and personnel decisionmaking for Dr. Abdur Nawoor.  [Former Topics #10-11 (partial)]

-Dr. Steven Ritz, in his personal and individual capacity

1. All policies and procedures for utilization management, as well as how those policies and procedures were applied to Mr. Dean and the circumstances of Mr. Dean's interaction with utilization management.  [Related to Former Topics #3-7, but principally #4 (re conservative care)]
2. Since December 1, 2015, all policies, procedures, protocols, practices, and/or other materials written by, relied upon, or <u>used by utilization management personnel employed by Wexford</u> related to utilization management considerations for patient referrals for the following conditions: flank pain, suspicion of internal bleeding, hematuria, kidney stones, urinary tract infection, bladder infection, bladder cancer, kidney or renal cancer, and metastasis.  [Former Topic #6 (partial)]
3. How the cost-of-care and other financial considerations factor into utilization management medical decisionmaking, as well as when utilization management medical decisionmakers are made aware of financial or budgetary considerations, including if and when financial or budgetary considerations were involved in the utilization management decisionmaking in Mr. Dean's case.

-TBD, Wexford business person

1. The financial, pricing and/or compensation provisions in the Wexford-IDOC contract.  [Former Topic #8]
2. How cost-of-care and other financial, budgetary, and business considerations are communicated to medical decisionmakers.
3. How cost-of-care and other financial, budgetary, and business considerations affect Wexford's written medical policies, procedures, and protocols.

# First attachment to W. Strom Mar. 26, 2019 email to J. Rupcich, J. Tyrell & S. Pressler

# Strom, William M.

| | |
|---|---|
| **From:** | Strom, William M. |
| **Sent:** | Friday, March 15, 2019 11:20 AM |
| **To:** | 'Rupcich, Joseph N.'; 'Tyrrell, Jeremy'; 'Pressler, Susan M' |
| **Cc:** | Wackman, Nathaniel K.S.; Holt, Chloe E.; Amboian, Madison L. |
| **Subject:** | RE: Dean Depositions |

Hi Joe,

Below are our responses seeking to narrow the 30(b)(6) topics. Please let us know if these are acceptable.

As we've been reviewing our files, it does not look like we ever received the document referenced in topics 3-7, "Medical Guidelines, Region: Illinois." We requested it (and similar documents) in No. 5 of our First RFP to Wexford. Please produce it at your earliest convenience. (In the last correspondence I have regarding Wexford's responses to the First RFP, dated November 30, 2018, you mentioned that your client was gathering data for an RTP but that you were producing, via four emails, the personnel file and punch card for Dr. Nawoor, utilization management notes, the Dean DNR, and the Wexford-IDOC 2011 contract. You sent those by email the same day.)

We should set up a phone call tomorrow or early next week to discuss any outstanding issues with the 30(b)(6) topics, as well as the issue identified in my previous email about how to handle that Mr. Dean's expert reports are now due before these depositions. We can handle that by either agreeing to an extension of the current expert deadlines or by agreeing that we will be able to file supplemental expert reports with anything new learned in these depositions, but as I wrote before, I would prefer an approach that does not occasion supplemental reports or changes to the case management order's deadlines.

Please let us know your availability today or Monday/Tuesday of next week for a phone call

Thanks!
Bill

****

1 and 2:

You wrote: this is unduly burdensome and more readily available from a more convenient source, i.e., the treating medical professionals, particularly Dr. Nawoor and Dr. Einwohner. I would note you've had seven hours with both of them already. Requiring a corporate representative to learn the entirety of the medical records to give cumulative testimony is objectionable.

Our response: We agree that Wexford's representative for these topics does not need to testify on topics already covered by Drs. Nawoor and Einwohner. We propose narrowing these topics so that Wexford's representative does not need to cover those same grounds, but should be prepared to testify regarding the decisions Wexford made pertaining to Mr. Dean's care beyond those decisions for which Drs. Nawoor and Einwohner had discretion to proceed with treatment without additional approvals. For instance, Wexford's representative should be prepared to testify about non-formulary or specialist referral approvals that needed to be obtained in Mr. Dean's case.

3, 4, 5:

You wrote: this is overly broad as well. We can limit it to the medical conditions at issue in the case. I'll let you decide on the specific conditions.

Our response: We agree to your limitation and propose these specific medical conditions: flank pain, suspicion of internal bleeding, hematuria, kidney stones, urinary tract infection, bladder infection, bladder cancer, kidney or renal cancer, metastasis.

6:

You wrote: I can limit this to policies regarding outside referral but Matticks may not be the person for that.

Our response: We would like to understand your proposed limitation here, since we would also be interested, for instance, in Wexford's policies and procedures related to internal referrals to things such as the renal teleclinic. We propose keeping the language of this request as is.

8:

You wrote: the wexford-IDOC contract is voluminous, containing financial arrangements, staffing, and medical. You will need to be more specific as to the topic as there could be a number of people to discuss different topics. This is probably not Matticks' territory.

Our response: We are working on limitations to this topic and hope to be able to discuss these by the time we are able to connect by phone.

9-11:

Your response: I will check on these.

Our response: Thanks, let us know when you have a response on these. Otherwise, we will proceed at the deposition under the understanding that these are appropriate topics.

---

**From:** Strom, William M.
**Sent:** Wednesday, March 13, 2019 3:26 PM
**To:** 'Rupcich, Joseph N.' ; 'Tyrrell, Jeremy' ; Pressler, Susan M
**Cc:** Wackman, Nathaniel K.S. ; Holt, Chloe E. ; Amboian, Madison L.
**Subject:** RE: Dean Depositions

Hi Joe,

Thanks for your responses, and I'm glad we're set for April 4. We are considering ways to narrow the 30(b)(6) topics and will send our proposals soon.

Thanks!
Bill

---

**From:** Rupcich, Joseph N. [mailto:jrupcich@cassiday.com]
**Sent:** Tuesday, March 12, 2019 6:02 PM
**To:** Strom, William M. <WStrom@jenner.com>; 'Tyrrell, Jeremy' <JTyrrell@atg.state.il.us>; Pressler, Susan M <spressler@cassiday.com>
**Subject:** RE: Dean Depositions

2

External Email – Exercise Caution

It looks like 4-4 would work for me. Susan, can you check with Dr. Matticks about 4-4? Thanks.

Bill, as to the topics you've identified in the 30b6 notice, I have some issues, which I'll outline here.

1-2. this is unduly burdensome and more readily available from a more convenient source, i.e., the treating medical professionals, particularly Dr. Nawoor and Dr. Einwohner. I would note you've had seven hours with both of them already. Requiring a corporate representative to learn the entirety of the medical records to give cumulative testimony is objectionable.
3. this is overly broad as well. We can limit it to the medical conditions at issue in the case. I'll let you decide on the specific conditions.
4. again, "conservative care" is overly broad and I cannot possibly adequately present a witness on this topic. Please narrow this to a particular condition.
5. see 3 and 4.
6. I can limit this to policies regarding outside referral but Matticks may not be the person for that.
7. ok
8. the wexford-IDOC contract is voluminous, containing financial arrangements, staffing, and medical. You will need to be more specific as to the topic as there could be a number of people to discuss different topics. This is probably not Matticks' territory.
9-11. I will check on these.

**Joseph Rupcich** | Partner
Cassiday Schade LLP | Phone: 217.572.1714 | Fax: 217.572.1613
111 N. 6th Street, Suite 200, Springfield IL 62701 | www.cassiday.com

CASSIDAY SCHADE LLP
Illinois | Indiana | Missouri | Wisconsin

*This attorney does not consent to electronic service of discovery documents or notices of deposition. Please serve all discovery and notices of deposition by United States mail to the address above.*

---

**From:** Strom, William M. [mailto:WStrom@jenner.com]
**Sent:** Tuesday, March 12, 2019 5:51 PM
**To:** 'Tyrrell, Jeremy'; Pressler, Susan M
**Cc:** Rupcich, Joseph N.
**Subject:** RE: Dean Depositions

It looks like my outgoing emails and these emails went right past one another.

I am not available the week of April 8. I know at this time I can be available the week before, on Monday 4/1, Thursday 4/4, or Friday 4/5. Can any of those dates work for Dr. Matticks instead?

Thanks!
Bill

**From:** Tyrrell, Jeremy [mailto:JTyrrell@atg.state.il.us]
**Sent:** Tuesday, March 12, 2019 5:27 PM
**To:** 'Pressler, Susan M' <spressler@cassiday.com>; Strom, William M. <WStrom@jenner.com>
**Cc:** Rupcich, Joseph N. <jrupcich@cassiday.com>
**Subject:** RE: Dean Depositions

External Email – Exercise Caution

Those dates are all fine with me. I have a conflict for March 27th but I will have a colleague attend the deposition on behalf of my defendant.

Thanks,

Jeremy

---

**From:** Pressler, Susan M [mailto:spressler@cassiday.com]
**Sent:** Tuesday, March 12, 2019 5:16 PM
**To:** wstrom@jenner.com; Tyrrell, Jeremy <JTyrrell@atg.state.il.us>
**Cc:** Rupcich, Joseph N. <jrupcich@cassiday.com>
**Subject:** Dean Depositions

Good afternoon –

We would like to schedule the deposition of Chad Christer for Tuesday, March 26, and Kathy Galvin for Wednesday, March 27. I checked with Dr. Matticks and he is not available that week. He is available on Monday, April 8, 2019. Please let me know if that date works for you for Dr. Matticks' deposition in Springfield.

Thank you-
Susan

**Susan Pressler** | Legal Secretary
Cassiday Schade LLP | Phone: 217.993.5646 | Fax: 217.572.1613
111 N. 6th Street, Suite 200, Springfield IL 62701 | www.cassiday.com

CASSIDAY SCHADE LLP
Illinois | Indiana | Missouri | Wisconsin

CONFIDENTIALITY NOTICE: This electronic message is intended to be viewed only by the individual or entity to whom it is addressed. It may contain information that is privileged, confidential and exempt from disclosure under applicable law. Any dissemination, distribution or copying of this communication is strictly prohibited without our prior permission. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, or if you have received this communication in error, please notify us immediately by return e-mail and delete the original message and any copies of it from your computer system. For further information about Cassiday Schade LLP, please see our website at www.cassiday.com or refer to any of our offices. Thank you.

---

**William M. Strom**

**Jenner & Block LLP**
353 North Clark Street, Chicago, IL 60654-3456 | jenner.com
+1 312 840 7443 | TEL
WStrom@jenner.com
Download V-Card | View Biography

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.

---

CONFIDENTIALITY NOTICE: This electronic message is intended to be viewed only by the individual or

entity to whom it is addressed. It may contain information that is privileged, confidential and exempt from disclosure under applicable law. Any dissemination, distribution or copying of this communication is strictly prohibited without our prior permission. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, or if you have received this communication in error, please notify us immediately by return e-mail and delete the original message and any copies of it from your computer system. For further information about Cassiday Schade LLP, please see our website at [www.cassiday.com](www.cassiday.com) or refer to any of our offices. Thank you.

# Second attachment to W. Strom Mar. 26, 2019 email to J. Rupcich, J. Tyrell & S. Pressler

THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| WILLIAM KENT DEAN,<br><br>              Plaintiff,<br><br>    v.<br><br>WEXFORD HEALTH SOURCES, INC., DR. ABDUR NAWOOR, DR. REBECCA EINWOHNER, NURSE KATHY GALVIN, and LISA MINCY,<br><br>              Defendants. | Case No. 17-CV-3112<br><br>Judge Sue E. Myerscough<br><br>Magistrate Judge Tom Schanzle-Haskins |

**AMENDED NOTICE OF DEPOSITION PURSUANT TO RULE 30(B)(6) FOR
DR. RODERICK MATTICKS IN HIS PERSONAL CAPACITY AND AS
A REPRESENTATIVE OF DEFENDANT WEXFORD HEALTH SOURCES, INC.**

PLEASE TAKE NOTICE that, pursuant to 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff William Kent Dean, through counsel, will depose Dr. Roderick Matticks in his personal capacity and as a representative of Defendant Wexford Health Sources, Inc., with respect to the matters listed on Schedule A hereto, at the offices of Cassiday Schade LLP, 111 North 6th Street, Suite 200, Springfield, IL 62701, on April 4, 2019, at 9:00 AM CDT, or another time and place mutually agreed by the parties. The deposition shall be taken before an officer, notary public, or other person authorized to administer oaths, and the testimony shall be recorded by videotape, audiotape, real time transcription, and/or stenographic means.

1

Dated: March 26, 2019	Respectfully Submitted,

　　　/s/ William M. Strom　　　
Craig C. Martin
William M. Strom
Nathaniel K.S. Wackman
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL 60654
(312) 222-9350
cmartin@jenner.com
wstrom@jenner.com
nwackman@jenner.com

*Attorneys for William Kent Dean*

## SCHEDULE A

## DEFINITIONS

Notwithstanding any Definition stated below, each word, term, or phrase whenever used in any Definition, Instruction, or Subject Examination is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and the Rules of this Court.

1. "Action" means Dean v. Wexford Health Sources, Inc., et al., Case No. 17-CV-3112 (C.D. Ill.) (Myerscough, J.).

2. "Wexford" means Defendant Wexford Health Sources, Inc., as well as any of its representatives, agents, directors, officers, counsel, employees, consultants, and persons authorized to act, acting, or purporting to act on its behalf.

3. "Dr. Nawoor" means Defendant Dr. Abdur Nawoor, as well as any of his representatives, agents, directors, officers, counsel, employees, consultants, and persons authorized to act, acting, or purporting to act on his behalf.

4. "Dr. Einwohner" means Defendant Dr. Rebecca Einwohner, as well as any of her representatives, agents, directors, officers, counsel, employees, consultants, and persons authorized to act, acting, or purporting to act on her behalf.

5. "Nurse Galvin" means Defendant Nurse Kathy Galvin, as well as any of her representatives, agents, directors, officers, counsel, employees, consultants, and persons authorizing to act, acting, or purporting to act on her behalf.

6. "Ms. Mincy" means Defendant Lisa Mincy, as well as any of her representatives, agents, directors, officers, counsel, employees, consultants, and persons authorized to act, acting, or purporting to act on her behalf.

7. "IDOC" means the Illinois Department of Corrections, as well as any of its representatives, directors, officers, counsel, employees, consultants, and persons authorized to act, acting, or purporting to act on its behalf.

8. "Taylorville" means Taylorville Correctional Center, located at 1144 Illinois Route 29, Taylorville, Illinois, 62568.

9. "Complaint" means the Second Amended Complaint filed by Plaintiff William Kent Dean in The United States District Court for the Central District of Illinois, Springfield Division, on August 16, 2018 (Case No. 17-CV-3112).

10. "Relating to," "reflecting," or "regarding" means constituting, mentioning, referring to, alluding to, responding to, concerning, commenting on, evidencing, regarding, discussing, describing, reflecting, listing, analyzing, or supporting.

11. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests for Production any information that might otherwise be construed as outside their scope.

12. "Person" means any natural person, firm, association, partnership, business, corporation, or other public or private entity.

13. "Each" means each, every, and any.

14. "Communication(s)" means any exchange of information transmitted in any form from any person to another person, including but not limited to electronic communications.

15. "Including" means "including, but not limited to"; "includes" means "includes, but is not limited to."

## INSTRUCTIONS

1. References to entities should be interpreted broadly to include the named entity and its affiliates, parents, subsidiaries, agents, officers, directors, and shareholders (both present and former).

2. The singular and plural forms of words shall be interpreted interchangeably when appropriate, so as to bring within the scope of this deposition any matter that might otherwise be construed outside of their scope.

3. The Subjects of Examination relate to Plaintiff William Kent Dean's allegations and claims as set forth in the Complaint in this Action.

4. Unless instructed otherwise, each Subject of Examination shall be construed independently and not by reference to any other Subject of Examination for the purpose of limitation.

5. The Subjects of Examination shall not be construed as a waiver or abridgement of, and are not intended to waive, any argument or defense, nor shall they be construed as an admission of any fact.

# SUBJECTS OF EXAMINATION

1.	All medical services provided by Wexford to Plaintiff Dean related to his medical condition since December 1, 2015, as known to or brought to the attention of Dr. Matticks in his capacity as regional medical director for Wexford.

2.	All policies, procedures, protocols, practices, and/or other materials written by, relied upon, or used by Wexford related to medical standards of care when treating patients since December 1, 2015, including but not limited to the full text of Wexford's document entitled "Medical Guidelines, Region: Illinois," and/or any other document similar in title or substance, for the following conditions: flank pain, suspicion of internal bleeding, hematuria, kidney stones, urinary tract infection, bladder infection, bladder cancer, kidney or renal cancer, and metastasis.

3.	All policies, procedures, protocols, practices, and/or other materials written by, relied upon, or used by Wexford related to the management of conservative care for patients since December 1, 2015, including but not limited to the full text of Wexford's document entitled "Medical Guidelines, Region: Illinois," and/or any other document similar in title or substance, for the following conditions: flank pain, suspicion of internal bleeding, hematuria, kidney stones, urinary tract infection, bladder infection, bladder cancer, kidney or renal cancer, and metastasis.

4.	All policies, procedures, protocols, practices, and/or other materials written by, relied upon, or used by Wexford related to diagnosing and/or treating patients since December 1, 2015, including but not limited to the full text of Wexford's document entitled "Medical Guidelines, Region: Illinois," and/or any other document similar in title or substance, for the following conditions: flank pain, suspicion of internal bleeding, hematuria, kidney stones, urinary tract infection, bladder infection, bladder cancer, kidney or renal cancer, and metastasis.

5.	All policies, procedures, protocols, practices, and/or other materials written by, relied upon, or used by on-site doctors or regional supervisors employed by Wexford related to

patient referrals since December 1, 2015, including but not limited to the full text of Wexford's document entitled "Medical Guidelines, Region: Illinois," and/or any other document similar in title or substance, for the following conditions: flank pain, suspicion of internal bleeding, hematuria, kidney stones, urinary tract infection, bladder infection, bladder cancer, kidney or renal cancer, and metastasis.

6. All policies, procedures, protocols, practices, and/or other materials written by, relied upon, or used by Wexford related to medication approval for patients since December 1, 2015, including but not limited to the full text of Wexford's document entitled "Medical Guidelines, Region: Illinois," and/or any other document similar in title or substance.

7. All policies, procedures, practices, and/or other written materials written by, relied upon, or used by Wexford's on-site doctors, regional supervisors, and/or medical decisionmakers related to cost-of-care and/or other financial or budgetary considerations since December 1, 2015, including if and when financial or budgetary considerations were involved in the decisions made in the medical care or treatment of Plaintiff Dean and/or his medical condition.

8. All communications discussing Plaintiff Dean and/or his medical condition since December 1, 2015, for which Dr. Matticks, or the office of Wexford's regional director for Illinois and/or IDOC, was a sender or recipient.

9. All employment and personnel records or evaluations related to Dr. Nawoor.

# CERTIFICATE OF SERVICE

I, William M. Strom, an attorney, certify that I caused a copy of the foregoing **AMENDED NOTICE OF RULE 30(B)(6) DEPOSITION** to be served on counsel listed below on March 26, 2019, via electronic means:

| | |
|---|---|
| Joseph N. Rupcich<br>Cassiday Schade LLP<br>111 North 6th Street<br>Suite 200<br>Springfield, IL 62701<br>Telephone: (217) 572-1714<br>Fax: (217) 572-1613<br>jrupcich@cassiday.com | Jeremy C. Tyrrell<br>Office of the Attorney General<br>500 South Second Street<br>Springfield, IL 62706<br>Telephone: (217) 785-4555<br>Fax: (217) 782-8767<br>jtyrrell@atg.state.il.us |

    /s/ William M. Strom
William M. Strom
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL 60654
(312) 222-9350
wstrom@jenner.com

*Attorney for William Kent Dean*