042447/19344/JR/DSF

# UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| WILLIAM KENT DEAN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>WEXFORD HEALTH SOURCES, INC., DR. ABDUR NAWOOR, DR. REBECCA EINWOHNER, NURSE KATHY GALVIN, and LISA MINCY,<br><br>　　　　Defendants. | No. 17-cv-3112<br><br>Judge Sue E. Myerscough<br><br>Magistrate Judge Tom Schanzle-Haskins |

### ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES

NOW COME Defendants, DR. ABDUR NAWOOR, KATHY GALVIN, DR. REBECCA EINWOHNER and WEXFORD HEALTH SOURCES, INC., by their attorney, CASSIDAY SCHADE LLP, and hereby submit their Answer to Plaintiff's Third Amended Complaint and Affirmative Defenses to Plaintiff's Complaint, stating as follows:

1. Defendants lack sufficient knowledge to admit or deny the date Plaintiff allegedly began urinating blood. Defendants admit Plaintiff was diagnosed with kidney cancer on April 14, 2016. Insofar as this paragraph is intended to suggest Plaintiff's diagnosis was unreasonably or unconstitutionally delayed, Defendants deny said allegation. Defendants deny all remaining allegations.

2. Defendants admit Plaintiff currently has Stage 4 metastatic kidney cancer. Defendants admit that Dr. Nawoor recognized that kidney cancer was a possible cause of Plaintiff's hematuria. Defendants deny the remaining allegations set forth in paragraph 2.

3. Defendants deny the allegations set forth in paragraph 3.

4. Defendants deny the allegations set forth in paragraph 4.

5. Defendants deny the allegations set forth in paragraph 5.

**PARTIES**

6. Defendants admit the allegations set forth in paragraph 6.

7. Defendants admit Wexford is a Florida corporation with its principal place of business in Pittsburgh, Pennsylvania. Defendants admit that at the time Plaintiff received medical treatment at Taylorville Correctional Center, Wexford had a contract with the State of Illinois, IDOC, to provide healthcare services within the Illinois Department of Corrections in accordance with its contract. Defendants deny the remaining allegations set forth in paragraph 7.

8. Defendants admit Dr. Abdur Nawoor is a physician employed by Wexford Health Sources, Inc. as the Medical Director at Taylorville Correctional Center and was employed by Wexford at the time Plaintiff received medical treatment at Taylorville. Defendants admit Dr. Nawoor provided medical treatment to Plaintiff. Defendants deny the remaining allegations set forth in paragraph 8.

9. Defendants admit Dr. Rebecca Einwohner is a nephrologist employed by Wexford Health Sources, Inc., and was employed by Wexford at the time Plaintiff received medical treatment at Taylorville Correctional Center. Defendants admit Dr. Einwohner does not work on-site at Taylorville Correctional Center and treats patients via renal teleclinic. Defendants deny the remaining allegations set forth in paragraph 9.

10. Defendants admit Kathy Galvin was a nurse employed by Wexford Health Sources, Inc., as the Director of Nursing at Taylorville Correctional Center and was employed by Wexford at the time Plaintiff received medical treatment at Taylorville. Defendants deny Kathy

Galvin is currently employed by Wexford Health Sources, Inc., and affirmatively state she has retired. Defendants deny the remaining allegations set forth in paragraph 10.

11. Defendants deny Lisa Mincy was employed by Wexford Health Sources, Inc. at Taylorville Correctional Center at the time relevant to the Complaint. Defendants lack sufficient knowledge to admit or deny the remaining allegations set forth in Paragraph 11.

## JURISDICTION AND VENUE

12. Defendants admit subject matter jurisdiction exists over claims brought pursuant to the United States Constitution.

13. Defendants admit that venue is proper in the Central District of Illinois.

## FACTUAL ALLEGATIONS

14. Defendants admit Plaintiff has been diagnosed with kidney cancer that has spread to his inferior vena cava, his lymph nodes and his liver. Defendants lack sufficient knowledge to admit or deny whether Plaintiff suffers from lung cancer. Defendants deny the remaining allegation set forth in paragraph 14.

### Wexford's Policies and Procedures

15. Defendants admit Defendant Wexford's contract with the IDOC obligates it to provide services in accordance with medically accepted ACA standards of care. Defendants deny the remaining allegations contained in paragraph 15.

16. Defendants deny the allegations contained in paragraph 16.

17. Defendants deny the allegations contained in paragraph 17.

### Wexford's Financial Incentives to Minimize Outside Referrals

18. Defendants deny the allegations set forth in paragraph 18.

19. Defendants deny the allegations set forth in paragraph 19.

**Defendants Fail to Properly Diagnose Mr. Dean's Condition**

20. Defendants lack sufficient knowledge to admit or deny the allegations set forth in paragraph 20.

21. Defendants admit the allegations set forth in paragraph 21.

22. Defendants admit the allegations set forth in paragraph 22.

23. Defendants deny the allegations set forth in paragraph 23.

**Defendants Delay Referring Mr. Dean to an Outside Specialist**

24. Defendants admit Plaintiff received medical care as documented in his medical records. Defendants deny the remaining allegations.

25. Defendants admit Dr. Einwohner saw Plaintiff on January 7, 2016, via renal teleclinic and the medical care is as documented in the treatment note. Defendants deny the remaining allegations.

26. Defendants admit the allegations set forth in paragraph 26.

27. Defendants admit Plaintiff received a renal ultrasound on February 2, 2016, and the results showed "no mass lesions or hydronephrosis" and "normal flow [of blood] on Doppler[.]" Defendants deny the remaining allegations set forth in paragraph 27.

28. Defendants admit the allegations set forth in paragraph 28.

29. Defendants admit Dr. Nawoor examined Plaintiff on February 10, 2016 and ordered a urine test. Defendants admit Dr. Nawoor recommended a CT scan. Defendants deny Wexford failed to respond to the referral.

30. Defendants admit the allegations set forth in paragraph 30.

31. Defendants admit Plaintiff was seen by Dr. Nawoor on February 26, 2016 and the care is as documented in his medical records. Defendants deny the remaining allegations.

## Mr. Dean Receives a Referral and is Diagnosed

32. Defendants admit the allegations set forth in paragraph 32.

33. Defendants admit Dr. Einwohner saw Plaintiff via renal teleclinic on March 30, 2016 and the care is as documented in Plaintiff's medical records. Defendants deny the remaining allegations.

34. Defendants admit Plaintiff was seen by Dr. Nawoor on April 1, 2016 for a follow up appointment and the care is as documented in Plaintiff's medical records. Defendants deny the remaining allegations.

35. Defendants admit Plaintiff was sent to Springfield Clinic for a CT scan on April 12, 2016. Defendants lack sufficient knowledge to admit or deny the remaining allegations.

36. Defendants admit the allegations set forth in paragraph 36.

37. Defendants lack sufficient knowledge to admit or deny the allegations set forth in paragraph 37.

## Defendants Fail to Schedule Mr. Dean's Surgery

38. Defendants admit Plaintiff underwent surgery on July 19, 2016. Defendants deny the remaining allegations.

39. Defendants admit that Dr. Nawoor examined Plaintiff on April 18, 2016 and affirmatively state Defendant Nawoor was not able to provide Plaintiff with specific dates for when his surgery would be scheduled based on security protocol of the Illinois Department of Corrections.

40. Defendants admit Plaintiff's surgery was approved at collegial review on April 20, 2016. Defendants admit Kathy Galvin spoke with Plaintiff's wife on April 25, 2016 and

informed her Plaintiff's operation had been approved. Defendants deny the remaining allegations.

41. Defendants admit Plaintiff's wife contacted the Health Care Unit on May 4, 2016 to inquire about Plaintiff's surgery. Defendants admit Kathy Galvin informed Plaintiff's wife the operation had been scheduled. Defendants deny the remaining allegations set forth in paragraph 41.

42. Defendants admit the allegations set forth in paragraph 42.

43. Defendants lack sufficient knowledge to admit or deny the allegations set forth in paragraph 43.

44. Defendants lack sufficient knowledge to admit or deny the allegations set forth in paragraph 44.

45. Defendants admit Dr. Einwohner saw Plaintiff on May 26, 2016 at renal teleclinic and the care is as documented in Plaintiff's medical records. Defendants deny the remaining allegations.

46. Defendants deny Plaintiff's surgery was not scheduled in June of 2016. Defendants lack sufficient knowledge to admit or deny the remaining allegations set forth in paragraph 46. Insofar as this paragraph is intended to suggest Plaintiff's surgery was not scheduled due to any act or omission on the part of Defendants, Defendants deny said allegation.

47. Defendants admit Plaintiff received a CT scan on June 8, 2016. Defendants lack sufficient knowledge to admit or deny the remaining allegations set forth in paragraph 47.

48. Defendants deny the allegations set forth in paragraph 48.

49. Defendants admit Plaintiff's surgery was approved at collegial review on June 11, 2016. Defendants admit Plaintiff's surgery occurred July 19, 2016.

50. Defendants admit Plaintiff's surgery occurred on July 19, 2016. Defendants lack sufficient knowledge to admit or deny the remaining allegations set forth in paragraph 50.

## Mr. Dean Receives an Oncology Referral

51. Defendants lack sufficient knowledge to admit or deny whether Dr. Severino told Plaintiff he was at extremely high risk for recurrence if he did not already have metastatic disease. Defendants admit the remaining allegations.

52. Defendants lack sufficient knowledge to admit or deny the allegations set forth in paragraph 52.

53. Defendants admit the allegations set forth in paragraph 53.

54. Defendants admit Plaintiff received a liver biopsy on October 3, 2016 and said biopsy confirmed his cancer had metastasized to his liver and advanced to Stage IV. Insofar as this paragraph is intended to suggest Plaintiff's biopsy was unreasonably or unconstitutionally delayed, Defendants deny said allegation.

## Defendants Fail to Authorize Necessary Drug Treatments

55. Defendants deny the allegations set forth in paragraph 55.

56. Defendants admit Plaintiff was prescribed Votrient on October 19, 2016. Defendants admit Votrient was approved on November 14, 2016 and Plaintiff received his first dosage on November 18, 2016. Defendants deny the remaining allegations set forth in paragraph 56.

57. Defendants admit Plaintiff received a CT scan on February 10, 2017. Defendants admit the results of the scan were returned on March 2, 2017. Defendants lack sufficient knowledge to admit or deny whether Dr. Guaglianone's decided to switch Plaintiff's treatment. Defendants deny the remaining allegations set forth in paragraph 57.

58. Defendants deny the allegations set forth in paragraph 58.

59. Defendants admit Dr. Nawoor and Kathy Galvin discussed possible alternative treatments and advanced directives with Plaintiff. Defendants deny the remaining allegations.

60. Defendants lack sufficient knowledge to admit or deny the allegations set forth in paragraph 60.

61. Defendants admit the allegations set forth in paragraph 61.

62. Defendants admit Plaintiff received medical care as documented in his medical records. Defendants deny the remaining allegation.

**Defendants Galvin and Mincy Affirmatively Delay Mr. Dean's Diagnosis and Treatment**

63. Defendants lack sufficient knowledge to admit or deny the allegations against Nurse Mincy. Defendants deny the remaining allegations set forth in paragraph 63.

64. Defendants lack sufficient knowledge to admit or deny the allegations against Nurse Mincy. Defendants deny the remaining allegations set forth in paragraph 64.

65. Defendants lack sufficient knowledge to admit or deny the allegations against Nurse Mincy. Defendants deny the remaining allegations set forth in paragraph 65.

**Defendants Were Deliberately Indifferent**

66. Defendants deny the allegations set forth in paragraph 66.

67. Defendants deny the allegations set forth in paragraph 67.

68. Defendants deny the allegations set forth in paragraph 68.

**Mr. Dean Has Been Seriously Injured By Defendants' Deliberate Indifference**

69. Defendants deny the allegations set forth in paragraph 69.

70. Defendants deny the allegations set forth in paragraph 70.

71. Defendants deny the allegations set forth in paragraph 71.

72. Defendants deny the allegations set forth in paragraph 72.

73. Defendants deny the allegations set forth in paragraph 73.

## COUNT I
### Violation of the Eight Amendment to the U.S. Constitution and 42 U.S.C. §1983
### (Against Dr. Abdur Nawoor)

74. Defendant Dr. Abdur Nawoor, having answered paragraphs 1-73 above, incorporates those answers as if fully set forth herein.

75. Defendant Nawoor denies the allegations set forth in paragraph 75.

76. Defendant Nawoor denies the allegations set forth in paragraph 76.

77. Defendant Nawoor denies the allegations set forth in paragraph 77.

78. Defendant Nawoor denies the allegations set forth in paragraph 78.

79. Defendant Nawoor denies the allegations set forth in paragraph 79.

80. Defendant Nawoor denies the allegations set forth in paragraph 80.

## COUNT II
### Violation of the Eight Amendment to the U.S. Constitution and 42 U.S.C. §1983
### (Against Dr. Rebecca Einwohner)

81. Defendant Dr. Rebecca Einwohner, having answered paragraphs 1-73 above, incorporates those answers as if fully set forth herein.

82. Defendant Einwohner denies the allegations set forth in paragraph 82.

83. Defendant Einwohner denies the allegations set forth in paragraph 83.

84. Defendant Einwohner denies the allegations set forth in paragraph 84.

85. Defendant Einwohner denies the allegations set forth in paragraph 85.

86. Defendant Einwohner denies the allegations set forth in paragraph 86.

87. Defendant Einwohner denies the allegations set forth in paragraph 87.

## COUNT III
**Violation of the Eight Amendment to the U.S. Constitution and 42 U.S.C. §1983**
**(Against Nurse Kathy Galvin)**

88. Defendant Kathy Galvin, having answered paragraphs 1-73 above, incorporates those answers as if fully set forth herein.

89. Defendant Galvin denies the allegations set forth in paragraph 89.

90. Defendant Galvin denies the allegations set forth in paragraph 90.

91. Defendant Galvin denies the allegations set forth in paragraph 91.

92. Defendant Galvin denies the allegations set forth in paragraph 92.

93. Defendant Galvin denies the allegations set forth in paragraph 93.

94. Defendant Galvin denies the allegations set forth in paragraph 94.

## COUNT IV
**Violation of the Eight Amendment to the U.S. Constitution and 42 U.S.C. §1983**
**(Against Lisa Mincy)**

95. Count IV (Nos. 95-101) does not pertain to Defendants DR. ABDUR NAWOOR, KATHYGALVIN, DR. REBECCA EINWOHNER and WEXFORD HEALTH SOURCES, INC; therefore, no response is made. To the extent a response is required, the allegations are denied.

## COUNT V
**Violation of the Eight Amendment to the U.S. Constitution and 42 U.S.C. §1983**
**(Against Wexford Health Sources, Inc.)**

102. Defendant Wexford Health Sources, Inc., having answered paragraphs 1-94 above, incorporates those answers as if fully set forth herein.

103. Defendant Wexford admits that it was under contract with the State of Illinois to provide healthcare services within the Illinois Department of Corrections, including at Taylorville Correctional Center, which has at times included Plaintiff. Defendant Wexford

admits it acted under color of law. Defendant Wexford denies the remaining allegations set forth in paragraph 103.

103. Defendant Wexford denies the allegations set forth in paragraph 104.

104. Defendant Wexford denies the allegations set forth in paragraph 104.

105. Defendant Wexford denies the allegations set forth in paragraph 105.

106. Defendant Wexford denies the allegations set forth in paragraph 106.

## COUNT VI
### Respondeat Superior:
### Violation of the Eighth Amendment to the U.S. Constitution and 42 U.S.C. § 1983
### (Against Wexford Health Sources, Inc.)

Defendant Wexford has contemporaneously moved to dismiss Count VI and therefore makes no answer. To the extent an answer is required Defendants deny the allegations of Count VI (Nos. 107-112).

## COUNT VII
### Medical Malpractice – Illinois Law
### (Against Dr. Abdur Nawoor)

113. Defendant Dr. Abdur Nawoor, having answered paragraphs 1-80 above, incorporates those answers as if fully set forth herein.

114. Defendant Nawoor admits that at the time he treated Plaintiff, he generally owed a duty of care but denies this paragraph completely or accurate alleges that duty.

115. Defendant Nawoor denies the allegations set forth in paragraph 115.

116. Defendant Nawoor denies the allegations set forth in paragraph 116.

117. Defendant Nawoor denies the allegations set forth in paragraph 117.

118. Defendant Nawoor admits such a report is attached but denies the accuracy of its contents regarding him.

## COUNT VIII
## MEDICAL MALPRACTICE
### (Against Dr. Rebecca Einwohner)

119. Defendant Dr. Rebecca Einwohner, having answered paragraphs 1-73 and 81-87 above, incorporates those answers as if fully set forth herein.

120. Defendant Einwohner admits that at the time she treated Plaintiff, she generally owed a duty of care but denies this paragraph completely or accurate alleges that duty.

121. Defendant Einwohner admits such a report is attached but denies the accuracy of its contents regarding her.

122. Defendant Einwohner denies the allegations set forth in paragraph 122.

123. Defendant Einwohner denies the allegations set forth in paragraph 123.

124. Defendant Einwohner admits such a report is attached but denies the accuracy of its contents regarding her.

## COUNT IX
## MEDICAL MALPRACTICE
### (Against Nurse Kathy Galvin)

125. Defendant Kathy Galvin, having answered paragraphs 1-73 and 88-94 above, incorporates those answers as if fully set forth herein.

126. efendant Galvin admits that at the time she treated Plaintiff, she generally owed a duty of care but denies this paragraph completely or accurate alleges that duty.

127. Defendant Galvin denies the allegations set forth in paragraph 127.

128. Defendant Galvin denies the allegations set forth in paragraph 128.

129. Defendant Galvin denies the allegations set forth in paragraph 129.

130. Defendant Galvin admits such a report is attached but denies the accuracy of its contents regarding her.

## COUNT X
## Respondeat Superior:
## Medical Malpractice – Illinois Law
## (Against Wexford Health Sources, Inc.)

131. Defendant Wexford Health Sources, Inc., having answered paragraphs 1-94 and 113-130 above, incorporates those answers as if fully set forth herein.

132. Defendant Wexford admits Defendants Nawoor, Einwohner, and Galvin were employees of Wexford at the times they treated Plaintiff, and that generally, they owed a duty of care. Defendant Wexford denies that this paragraph identifies any duty owed to Plaintiff in the circumstances of this case. Defendants Deny Defendant Mincy was an agent, apparent agent, or employee of Wexford.

133. Defendant Wexford denies the allegations set forth in paragraph 133.

134. Defendant Wexford denies the allegations set forth in paragraph 134.

135. Defendant Wexford denies the allegations set forth in paragraph 135.

136. Defendant Wexford admits it is vicariously liable for negligent acts and omissions of Defendant Dr. Nawoor and Dr. Einwohner taken within the scope of their employment. Defendant Wexford denies the remaining allegations.

## COUNT XI
## Institutional Negligence – Illinois Law
## (Against Wexford Health Sources, Inc.)

137. Defendant Wexford Health Sources, Inc., having answered paragraphs 1-94, and 113-130 above, incorporates those answers as if fully set forth herein.

138. Defendant Wexford Health Sources, Inc. admits it owes a duty of care to patients but denies Plaintiff has fully or adequately alleged such duty.

139. Defendant Wexford Health Sources, Inc. denies the allgations contained in this paragraph.

140. Defendant Wexford Health Sources, Inc. denies the allgations contained in this paragraph.

141. Defendant Wexford Health Sources, Inc. denies the allgations contained in this paragraph.

142. Defendant Wexford Health Sources, Inc. denies the allgations contained in this paragraph.

**PRAYER FOR RELIEF**

Defendants deny Plaintiff is entitled to any relief.

DEFENDANTS DEMAND TRIAL BY JURY

**<u>AFFIRMATIVE DEFENSES</u>**

1. At all times relevant herein, Defendants acted in good faith in the performance of their official duties and without violating Plaintiff's clearly established statutory or constitutional rights of which a reasonable person would have known. Defendants are therefore protected from suit by the doctrine of qualified immunity.[1]

2. At all times relevant herein, Defendants acted in good faith and in conformity with existing precedent. They are therefore entitled to good faith immunity from damages. *Wyatt v. Cole*, 504 U.S. 158, 169 (1992).

3. To the extent Plaintiff has failed to exhaust his administrative remedies prior to initiating bringing this action, his claims are barred by Section 1997e(a) of the Prison Litigation Reform Act.

4. To the extent Plaintiff's claims for relief accrued more than two years prior to initiation of this case, they are barred by the applicable statute of limitations.

---

[1] Defendants acknowledge in *Estate of Clark v. Walker*, 865 F.3d 544, 550-51 (7th Cir. 2017), the Seventh Circuit rejected qualified immunity for contractual government employees. Defendants assert this defense to preserve it for appeal.

5. At all times relevant herein, Defendants' duties were limited to those that were delegated to them by their employer and that their employer voluntarily undertook pursuant to its contract with the Illinois Department of Corrections.

**DEFENDANTS DEMAND TRIAL BY JURY AS TO THEIR AFFIRMATIVE DEFENSES**

WHEREFORE, for the above reasons, Defendants respectfully request this Honorable Court deny Plaintiff any relief in this matter and grant Defendants judgment as to all matters and any other relief deemed appropriate, including cost of suit.

Respectfully submitted,

CASSIDAY SCHADE LLP

By: /s/ Joseph N. Rupcich
Attorneys for Defendants, DR. ABDUR NAWOOR, KATHY GALVIN, DR. REBECCA EINWOHNER and WEXFORD HEALTH SOURCES, INC.

Joseph N. Rupcich
ARDC No. 6283899
CASSIDAY SCHADE LLP
111 North Sixth Street, 2nd Floor
Springfield, IL 62701
(217) 572-1714
(217) 572-1613 (Fax)
jrupcich@cassiday.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 6, 2019, I electronically filed the foregoing Answer to Plaintiff's Third Amended Complaint with Affirmative Defenses with the Clerk of the Court using the CM/ECF system. The electronic case filing system sent a "Notice of E-Filing" to the following:

Mary Kaitlyn Clark-Joseph
Assistant Attorney General
500 S. Second St.
Springfield IL 62701
mkclarkjoseph@atg.state.il.us

Craig C. Martin, Esq.
William Strom, Esq.
Nathaniel K.S. Wackman, Esq.
Chloe E. Holt, Esq.
Jenner & Block LLP
353 North Clark Street
Chicago IL 60654
cmartin@jenner.com
wstrom@jenner.com

/s/ Joseph N. Rupcich

9140528