THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| WILLIAM KENT DEAN, <br><br> Plaintiff, <br><br> v. <br><br> WEXFORD HEALTH SOURCES, INC., DR. ABDUR NAWOOR, DR. REBECCA EINWOHNER, NURSE KATHY GALVIN, and LISA MINCY, <br><br> Defendants. | Case No. 17-CV-3112 <br><br> Judge Sue E. Myerscough <br><br> Magistrate Judge Tom Schanzle-Haskins |

### PLAINTIFF WILLIAM DEAN'S OPPOSITION TO WEXFORD'S MOTION FOR EXTENSION OF TIME

Plaintiff William Kent Dean opposes Defendants Wexford Health Sources, Inc., Dr. Abdur Nawoor, Dr. Rebecca Einwohner, and Kathy Galvin's (collectively "Wexford") Motion for Extension of Time ("Motion" or "Mot.") (Dk. 97). Wexford has identified no "good cause" occasioning the 30-day extension of time to disclose their expert—an extension, Wexford neglects to mention, that they seek just two months before this case is scheduled to go to trial, on December 10. Mr. Dean thus respectfully requests that the Court enter an order denying the Motion.

### BACKGROUND

On April 21, 2017, Mr. Dean filed a *pro se* complaint alleging violations of his Eighth Amendment rights in connection with the medical treatment he received at Taylorville Correctional Center. Mr. Dean's *pro se* complaint, and each of the successive amended complaints filed in this matter, alleged Wexford's deliberate indifference to Mr. Dean's medical needs related

to his first symptoms of painless, gross hematuria (visible blood in the urine) in December 2015 through his eventual diagnosis with kidney cancer in April 2016, his delayed surgery to remove his cancerous kidney in July 2016, and his delayed chemotherapy treatments in the fall of 2016 and the winter and spring of 2017.  As early as July 2016, Mr. Dean's diagnosis was and is stage 4 metastatic kidney cancer—an affliction Wexford acknowledges may be incurable.  (*See* Mot. at 3 (¶ 10).)

The procedural history of this case and Mr. Dean's attempts to bring this case to a speedy trial are recounted at length in his prior filings.  (*See* Dkts. 83, 86.)  For present purposes, it suffices to state that on July 16, 2019, this Court reset the trial date from October 15, 2019, to December 10, 2019, and set the following dates (as relevant here):

> Wexford Defendants to produce 30(b)(6) witnesses for deposition on or before 8/16/2019 (8/23/2019 deadline issued with Minute Entry of 7/12/2019 is VACATED); Plaintiffs expert disclosure deadline extended to 8/30/2019, depositions by 9/13/2019; Defendants expert disclosure deadline extended to 9/30/2019, depositions by 10/15/2019; Dispositive motions deadline extended to 10/25/2019, responses by 11/8/2019, replies by 11/15/2019.

Wexford moved this Court to reconsider this order on July 30, 2019.  (*See* Dkt. 81.)  Mr. Dean opposed reconsideration, (*see* Dkt. 83), and this Court denied that motion in a text order dated August 8, 2019.

In accordance with the scheduling order, Mr. Dean disclosed expert reports from two of his three experts on August 30, 2019.  Those experts are a primary care physician and expert on medical care in the correctional setting, Dr. Bruce Barnett, and a urologist, Dr. Nivedita Dhar.

Separately, Mr. Dean moved for an extension of time, to and including September 6, 2019, by which to disclose the expert report of his oncologist.  (*See* Dkt. 86.)  In that motion, Mr. Dean made clear that he would not oppose a request by any defendant for an additional seven days to file their expert disclosures, and that he would not seek any change to remaining Court-ordered

2

deadlines on the basis of such a request. (*See id.* at 3 (¶ 8).) This Court granted that motion on September 10, 2019. (*See* Sept. 10, 2019 Text Order.) Mr. Dean timely disclosed his third and final expert report from oncologist Dr. Adam Metwalli on September 6, 2019.

On September 4, Mr. Dean offered to present Dr. Barnett for deposition on September 9th, 11th, 12th, 23rd, 25th, or 26th. Dr. Barnett could not be presented from September 16th through the 20th because he was serving as an expert witness in a confidential arbitration during those dates. Wexford elected to depose Dr. Barnett on September 26 and he was deposed on that date.

Mr. Dean offered to present Dr. Dhar deposition on September 23rd. Wexford deposed Dr. Dhar that day. Mr. Dean offered to present Dr. Metwalli on September 20th, 21st, 25th, or 30th. Wexford elected to depose Dr. Metwalli on September 30th, and he was deposed that day.

Wexford now moves to extend by 30 days the deadline to disclose its experts, from September 30 to October 30, 2019. (Dkt. 97.) In support, Wexford stated that it does not yet have deposition transcripts from the depositions of Drs. Barnett and Metwalli and thus its rebuttal experts will not have sufficient time to review those transcripts "before the disclosure deadline." (Dkt. 97 at 2 (¶ 7).) "[J]ustice requires" this 30-day extension, according to Wexford, because without the ability to review these transcripts, Wexford's experts will not be able to "appropriately respond" to Mr. Dean's experts. (*Id.* at 2–3 (¶¶ 7–8).)

Counsel for Mr. Dean has received the deposition transcript of Dr. Dhar. Counsel for Mr. Dean has been advised that the transcripts for the depositions of Dr. Barnett and Dr. Metwalli will be available within a matter of days.

## ARGUMENT

Federal Rule of Civil Procedure 6(b)(1) requires that extensions for time only be granted upon a showing of "good cause." Wexford has not demonstrated "good cause" justifying the 30-

day extension requested here. Wexford's main argument for the relief it seeks is it requires the deposition transcripts of Mr. Dean's experts for its own experts' review. The short unavailability of these transcripts should not hinder Wexford's ability to disclose the opinions of its experts. Wexford has had "a complete statement of all opinions" that Mr. Dean's experts would "express and the basis and reasons for them" since they were disclosed on August 30 and September 6. Fed. R. Civ. P. 26(a)(2)(B)(i). By these dates, Wexford was aware of the type of experts Mr. Dean had retained and what opinions it would need to rebut. Wexford's experts then had three to four weeks to prepare reports to be disclosed on September 30. Wexford's inability to disclose experts by September 30 thus has nothing to do with the deposition transcripts.

The unavailability of deposition transcripts is also a red herring because Wexford is fully aware of what new opinions or facts were elicited at those depositions. Wexford noticed and conducted the depositions in question. Wexford could communicate those new opinions and facts to its experts for timely incorporation into their reports. Furthermore, to the extent the deposition transcripts were necessary to Wexford's expert disclosure, Wexford has the ability to supplement its report beyond the initial disclosure deadline.

More fundamentally, Wexford's contention that it has had a matter of weeks to secure its experts' reports, while Mr. Dean has supposedly had nearly two years, also misses the mark. (*See* Dkt. 97 at 2 (¶ 7).) In fact, Wexford has also had nearly two years since *its* counsel's appearance to assess the medical record evidence central to Mr. Dean's claims with the assistance of qualified experts, including some of its own physician employees. Wexford has, furthermore, indicated that it is already working with at least one testifying expert witness who will likely be presented in Seattle. (*See* Dkt. 83 at 5 (¶ 18).) An extension now for the sole purpose of adding rebuttal opinions would allow the tail to wag the dog: Wexford's argument that the unavailability of two

4

of the three expert deposition transcripts is "good cause" for a 30-day extension is a non-starter, especially where this Court has already called the December 10, 2019 trial date a "FIRM date[ ]." (*See* July 17, 2019 Text Order.)

Wexford's more general protestations that it is "disadvantage[d] due to a schedule requested by Plaintiff, beneficial to Plaintiff only, and prejudicial to Defendants" is an open attempt to re-litigate the trial schedule set by this Court. (*See* Dkt. 97 at 2–3 (¶¶ 7–8).) This Court has already denied Wexford's motion to reconsider that schedule. This Motion is merely an invitation for this Court to reconsider that reconsideration ruling. It should be denied for the same reasons that this Court rejected Wexford's earlier arguments about the schedule. Like the reconsideration motion, this latest Motion still doesn't attempt to identify a "manifest error of law or fact" or "newly discovered evidence" that would justify reconsideration. *FDIC v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986). And nothing in this case has changed to justify this relief. To the contrary, Mr. Dean remains stricken with stage 4 metastatic cancer that will sooner or later cease to respond to treatment and kill him. Indeed, as Wexford is aware, since July 2019, when Wexford characterized Mr. Dean as "stable" in its Motion for reconsideration, Mr. Dean's cancer actually *has* stopped responding to the treatment that had previously rendered it stable. (*See* Dkt. 97 at 3 (¶ 10) (citing Dkt. 81–1).)

In light of Mr. Dean's serious medical condition, Mr. Dean's counsel has worked diligently to meet all of this Court's deadlines and moved for only a limited seven-day extension when slightly more time was needed on one out of three expert reports. Mr. Dean's compliance with the Court's scheduling order makes it even more appropriate to deny Wexford the outsize extension and expansion of the current schedule that it seeks—once again, without any hint as to how Mr. Dean's claims can be brought to trial on the Court's "FIRM" trial date of December 10.

Finally, as Mr. Dean previously stated in his motion for an extension of Dr. Metwalli's expert deadline, he does not oppose a seven-day extension of Wexford's expert disclosure deadlines, and he will not need additional time to comply with the Court's deadline to depose the experts disclosed, provided they are timely presented. But Wexford's proposed 30-day extension bears no relation to its purported justification. It is not related to either the slightly delayed disclosure of Dr. Metwalli or the delivery of the remaining expert deposition transcripts (which should be delivered by October 4, 2019). This Court should not grant Wexford a 30-day extension when its reasons provide no cause for such a lengthy period, and it provides no prospect of an orderly path to trial on December 10.

## **CONCLUSION**

Wexford's Motion for Extension of Time should be denied.

Dated:  October 2, 2019                              Respectfully submitted,


/s/ Craig C. Martin _____
Craig C. Martin
William M. Strom
Nathaniel K.S. Wackman
Chloe E. Holt
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
Telephone: 312 222-9350
Facsimile: 312 527-0484

*Attorneys for Plaintiff William Kent Dean*

**<u>CERTIFICATE OF SERVICE</u>**

I, William M. Strom, an attorney, certify that on October 2, 2019, I caused the foregoing **Opposition to Wexford's Motion for Extension of Time** to be served on all counsel of record listed via the Court's ECF system.

    /s/ William M. Strom

*An attorney for Plaintiff William Kent Dean*