IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| WILLIAM KENT DEAN,<br><br>    Plaintiff,<br><br>  v.<br><br>WEXFORD HEALTH SOURCES, INC., DR. ABDUR NAWOOR, DR. REBECCA EINWOHNER, NURSE KATHY GALVIN, and LISA MINCY,<br><br>    Defendants. | Case No. 17-CV-3112<br><br>Judge Sue E. Myerscough<br><br>Magistrate Judge Tom Schanzle-Haskins |

### PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE ARGUMENT OR EVIDENCE THAT PLAINTIFF'S MEDICAL CARE IS A BURDEN ON TAXPAYERS OR THE PUBLIC

Plaintiff William Kent Dean, pursuant to Federal Rules of Evidence 401, 402, and 403, respectfully requests this Court enter an order excluding any arguments or evidence that his medical care is a burden on taxpayers or the public.

### BACKGROUND

This case is set for trial on December 9, 2019.  Mr. Dean has sued five defendants—two doctors, two nurses, and Wexford Health Sources, Inc.—under 42 U.S.C. § 1983 for deliberate indifference to his serious medical needs and under Illinois state law for professional negligence. *See* Dkt. 72 (3d Am. Cmplt.).

### ARGUMENT

Mr. Dean is an inmate at Taylorville Correctional Center.  The costs of his incarceration and medical care are, at least in part, borne by Illinois taxpayers that form the pool of potential jurors in this trial.  *See* 28 U.S.C. § 1865(b)(1) (providing that qualified jurors must have "resided

for a period of one year within the judicial district" where they will serve on jury). Defendants should be prohibited from making any argument or introducing any evidence that Mr. Dean's medical care has been, will be, or could be a burden on taxpayers or the public. By way of example, Wexford frequently characterizes and defends its medical treatment of prisoners such as Mr. Dean as "conservative." *See, e.g.*, *Gills v. Coe*, 2017 WL 679914, at *6 (S.D. Ill. Feb. 21, 2017) (describing how Wexford defendants "aver[red] that conservative treatment was appropriate" to treat plaintiff's medical condition). Mr. Dean expects Wexford to argue that its care of Mr. Dean was "conservative" yet met the bare constitutional minimum. This motion seeks an order prohibiting arguments that, for example, the cost of providing anything more than this regime of "conservative" care would come out of the pockets of Illinois taxpayers.

These arguments or evidence are irrelevant to any of the matters at issue in this case. Wexford and IDOC are obligated by the Constitution to provide Mr. Dean with a certain level of care, regardless of the cost. *See United States v. Stevens*, 559 U.S. 460, 470 (2010) (describing the Constitution "as reflecting a judgment by the American people that the benefits of its restrictions on the Government outweigh the costs"). Moreover, these arguments are an invitation to an unnecessary and inappropriate side show at trial where the Wexford contract and other Wexford and IDOC documents must be scrutinized to determine exactly how much of any increase in care would be internalized by Wexford versus how much would be passed on to the Illinois taxpayer.

Arguments about the costs of care being borne by taxpayers are also highly and unfairly prejudicial because they invite the jury to decide the case on the "improper basis" of what verdict will benefit their pocketbooks, as opposed to whether Mr. Dean has met his burden under the law. *Thompson v. City of Chicago*, 722 F.3d 963, 971 (7th Cir. 2013) (defining "unfair prejudice" as "an undue tendency to suggest decision on an improper basis") (citing Fed. R. Evid. 403). The

Seventh Circuit has held and reaffirmed repeatedly that appealing to such interests is highly improper. *Moore ex rel. Estate of Grady v. Tuelja*, 546 F.3d 423, 429 (7th Cir. 2008) ("Closing remarks that appeal to jurors' pecuniary interests as taxpayers are, of course, generally improper."). Therefore, it is proper for this Court to bar the introduction of any evidence or argument that appeals to the jurors' pecuniary interests as taxpayers and members of the public. *See United States v. Dingle*, 2014 WL 5152109, at *1 (C.D. Ill. Oct. 14, 2014) (granting motion in limine) (citing *United States v. Martel*, 792 F.2d 630, 637 (7th Cir. 1986)); *Khorrami v. Mueller*, 2014 WL 47059, at *8 (E.D. Wis. Jan. 6, 2014) (granting motion *in limine* to exclude argument or evidence that a judgment against the defendant would burden the taxpayers or the public "because it is irrelevant and because of the danger of unfair prejudice").

## CONCLUSION

Mr. Dean respectfully requests this Court enter an order excluding any arguments or evidence that his medical care is a burden on taxpayers or the public.

Dated:  November 20, 2019               Respectfully Submitted,

                                               /s/ Craig C. Martin
Craig C. Martin
Joel T. Pelz
William M. Strom
Nathaniel K.S. Wackman
Chloe E. Holt
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL  60654
(312) 222-9350
cmartin@jenner.com
jpelz@jenner.com
wstrom@jenner.com
nwackman@jenner.com
cholt@jenner.com

*Attorneys for William Kent Dean*

4

**CERTIFICATE OF SERVICE**

I, Nathaniel K.S. Wackman, hereby certify that on November 20, 2019, I caused the foregoing **Motion in Limine** to be served on all counsel of record listed via the Court's ECF system.

    /s/ Nathaniel K.S. Wackman
Nathaniel K.S. Wackman
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL  60654
(312) 222-9350
nwackman@jenner.com

*Attorney for William Kent Dean*