IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| WILLIAM KENT DEAN, <br><br> Plaintiff, <br><br> v. <br><br> WEXFORD HEALTH SOURCES, INC., DR. ABDUR NAWOOR, DR. REBECCA EINWOHNER, NURSE KATHY GALVIN, and LISA MINCY, <br><br> Defendants. | Case No. 17-CV-3112 <br><br> Judge Sue E. Myerscough <br><br> Magistrate Judge Tom Schanzle-Haskins |

**PLAINTIFF'S MEMORANDUM IN RESPONSE TO
DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

William Kent Dean offers the following responses to the proposed alternative and additional jury instructions of Wexford Health Sources, Inc. (Dkt. 134) and Lisa Mincy (Dkt. 131).

**BACKGROUND**

This case is set for trial on December 9, 2019. Mr. Dean has sued five defendants—two doctors, two nurses, and Wexford Health Sources, Inc.—under 42 U.S.C. § 1983 for deliberate indifference to his serious medical needs and under Illinois state law for professional negligence. *See* Dkt. 72 (3d Am. Cmplt.).

**LEGAL STANDARD**

This Court has "discretion" in formulating the jury instructions in a civil case. *Cotts v. Osafo*, 692 F.3d 564, 567 (7th Cir. 2012). However, the Court must take care to not "insufficiently state" or "misstate the law" which applies to a particular claim. *Id.* (reversing and remanding for new trial a deliberate indifference claim against Wexford due to confusing jury instructions). Jury

instructions must "completely and correctly" state the law applicable to each claim. *Stollings v. Ryobi Techs., Inc.*, 725 F.3d 753, 768 (7th Cir. 2013) (holding that district court erred in giving certain jury instruction).

## ARGUMENT

**Wexford Defendants No. 1**: Mr. Dean has no objection to this proposed instruction if the Court believes it necessary and appropriate.

\*\*\*

**Wexford Defendants No 2 (opposed Court's 23):** Mr. Dean objects to this proposed instruction. The Court's proposed instructions or Mr. Dean's proposed instructions more accurately describe the law of deliberate indifference. By contrast, Wexford's proposed instruction is so terse as to be unhelpful to the jury.

Wexford's proposed instruction states that the defendant must have "had actual knowledge of Plaintiff's serious medical need." True enough, but as recognized by this Court's proposed instruction and the Seventh Circuit Pattern Instruction, it is more correct and helpful to the jury to explain that this can be satisfied by either "awareness" (a more helpful term than the excessively legalistic "actual knowledge") or by the defendant's knowledge of "facts showing a strong likelihood that Plaintiff has a serious medical need but refused to confirm whether these facts are true." *See Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 301-02 (7th Cir. 2010). This instruction is particularly appropriate in this case, where multiple defendants realized that Mr. Dean's hematuria (bloody urine) was a warning sign for cancer but failed to properly diagnose that condition for months.

Wexford's proposed instruction states that defendant must have "consciously disregarded an obvious and excessive risk" to Mr. Dean's health. That instruction makes it seem like any treatment that defendants rendered, even if unreasonable, inappropriate, or clearly ineffective, is enough to defeat this claim. Yet—as the Court and Mr. Dean's proposed instructions state—Mr. Dean need not "show that Defendant ignored him or provided no care." *See Petties v. Carter*, 836 F.3d 772, 729-30 (7th Cir. 2016) (en banc). Indeed, in this case, defendants provided *some* care; it was just entirely unreasonable compared to the gravity of Mr. Dean's medical need. Furthermore, Wexford's proposed instruction offers no guidance to the jury about how to evaluate delayed care under the Eighth Amendment. Mr. Dean's proposed instruction provides such guidance: "Defendants may also have failed to take reasonable measures to provide treatment for Plaintiff's serious medical need if they unreasonably delayed treatment such that it exacerbated Plaintiff's injury or unnecessarily prolonged his pain." In sum, Wexford's proposed instruction risks leading the jury astray as they consider the inappropriate care that Wexford provided.

Wexford's proposed instruction also states that plaintiff needed to "harmed" by the defendants' actions or inaction. By contrast, the Court and Mr. Dean's proposed instructions accurately state that plaintiff may also satisfy this element by showing that he was "subjected to a significant risk of harm."

\*\*\*

**Wexford Defendants No. 3:** Mr. Dean objects to this proposed instruction. The Court's proposed instructions or Mr. Dean's proposed instructions more accurately describe the law of deliberate indifference. In particular, this instruction provides no definition of what constitutes "professional judgment," leaving the jury to guess. Similarly, it oversimplifies the concept that "erroneous" professional judgment is not deliberate indifference. Indeed, as Wexford's cited case makes clear,

3

the law does not provide that "a defendant automatically escapes liability any time he invokes professional judgment as the basis for a treatment decision." *Zaya v. Sood*, 836 F.3d 800, 805 (7th Cir. 2016). Wexford's proposed instruction leaves the jury completely in the dark about these nuances.

<center>***</center>

**Wexford Defendants No 4**: Mr. Dean objects to this proposed instruction. The Court's proposed instructions or Mr. Dean's proposed instructions more accurately describe the law of a nurse's obligations under the law of deliberate indifference. In particular, this instruction does not make clear that a nurse cannot defer to a doctor when the issue in question is the nurse's duty, including the duty to assist in obtaining treatment and the duty to advocate for effective treatment.

<center>***</center>

**Wexford Defendants No. 5**: Mr. Dean objects to this proposed instruction. The Court's proposed instructions or Mr. Dean's proposed instructions more accurately describe the law of appropriate deference to a specialist's treatment decisions. In particular, Wexford's proposed instruction says nothing about what specialist recommendation they are deferring to. Moreover, the case Wexford cites in support of this proposed instruction, *Sherrod v. Lingle*, does not discuss this issue at all and offers no support for Wexford's aggressive language that a physician may defer to a specialist unless "blatantly inappropriate" or the specialist's conduct evidences "intentional mistreatment likely to seriously aggravate the prisoner's condition."

<center>***</center>

**Wexford Defendants No. 6**: Mr. Dean objects to this proposed instruction. The Court's proposed instruction more accurately describes the law of deliberate indifference as applied to Wexford. In

<center>4</center>

particular, this proposed instruction references policies and circumstances not at issue in case, including a policy on "dental staff."

\*\*\*

**Wexford Defendants No. 7**: Mr. Dean objects to this proposed instruction. The Court's proposed instruction more accurately describes the law of deliberate indifference as applied to Wexford.

\*\*\*

**Wexford Defendants No. 8**: Mr. Dean objects to this proposed instruction. The Court's proposed instructions or Mr. Dean's proposed instructions more accurately describe the law of professional negligence. In particular, this instruction fails to provide the jury with a definition of "professional negligence" or describe how "professional negligence" is to be assessed so as to guide them in their deliberations.

\*\*\*

**Wexford Defendants No. 9, 10, 11**: Mr. Dean objects to these proposed instructions. The Court's proposed instructions or Mr. Dean's proposed instructions more accurately describe the law of professional negligence. In particular, there is no reason to provide a separate instruction for each defendant, nor for the instruction to contain a denial of liability by each defendant.

\*\*\*

**Wexford Defendants No. 12**: Mr. Dean has no objection to this proposed instruction if the Court believes it necessary and appropriate..

\*\*\*

**Wexford Defendants No 13:** Mr. Dean has no objection to this proposed instruction if the Court believes it necessary and appropriate..

\*\*\*

**Wexford Defendants No. 14:**  Mr. Dean objects to this proposed instruction.  The Court's proposed instruction more accurately describes the law of institutional negligence.

\*\*\*

**Wexford Defendants No. 15:**  Mr. Dean has no objection to this proposed instruction if the Court believes it necessary and appropriate..

\*\*\*

**Mincy No. 23A:**  Mr. Dean objects to this proposed instruction.  The Court's proposed instructions or Mr. Dean's proposed instructions more accurately describe the law of deliberate indifference.  The Seventh Circuit Pattern Instruction's "reasonable measures" language is consistent with the law.  *E.g.*, *Arnett v. Webster*, 658 F.3d 742, 758 (7th Cir. 2011).  Nurse Mincy's concern that the jury will use the Court's "reasonable measures" language to convert deliberate indifference to a negligence standard is misplaced.  The law's requirement of actual knowledge (proved directly or circumstantially) to prove deliberate indifference is what ensures that it does not become a negligence-based claim.  *See Farmer v. Brennan*, 511 U.S. 825, 834-40 (1994); *see also Cotts*, 692 F.3d at 567-688 (holding that challenged jury instructions must be read in context with the rest of the instructions and evaluated "as a whole"; "Sometimes other jury instructions can explain with sufficient clarity any ambiguity in a challenged instruction.").

Dated: November 25, 2019              Respectfully Submitted,

                                                  /s/ Craig C. Martin
Craig C. Martin
Joel T. Pelz
William M. Strom
Nathaniel K.S. Wackman
Chloe E. Holt
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL 60654
(312) 222-9350
cmartin@jenner.com
jpelz@jenner.com
wstrom@jenner.com
nwackman@jenner.com
cholt@jenner.com

*Attorneys for William Kent Dean*

7

## **CERTIFICATE OF SERVICE**

I, William M. Strom, hereby certify that I caused a copy of **Plaintiff's Memorandum in Response to Defendants' Proposed Jury Instructions** to be served on all counsel of record via the Court's ECF system on November 25, 2019:

    /s/ William M. Strom
William M. Strom
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL 60654
(312) 222-9350
wstrom@jenner.com

*Attorney for William Kent Dean*