E-FILED
Friday, 06 December, 2019  08:57:40 AM
Clerk, U.S. District Court, ILCD

## THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | |
|---|---|
| WILLIAM KENT DEAN, | |
| Plaintiff, | |
| v. | Case No. 17-CV-3112 |
| WEXFORD HEALTH SOURCES, INC., DR. ABDUR NAWOOR, DR. REBECCA EINWOHNER, NURSE KATHY GALVIN, and LISA MINCY, | Judge Sue E. Myerscough |
| | Magistrate Judge Tom Schanzle-Haskins |
| Defendants. | |

### PRE-TRIAL ORDER

This matter having come before the Court at a pre-trial conference held pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16.1; and

Craig C. Martin, Joel T. Pelz, William M. Strom, Nathaniel K.S. Wackman, and Chloe E. Holt having appeared as counsel for the plaintiff, and

Joseph Rupcich having appeared as counsel for defendants Wexford Health Sources, Inc., Dr. Abdur Nawoor, Dr. Rebecca Einwohner, and Kathy Galvin, and

Jeremy Tyrrell and Clayton Ankney having appeared as counsel for defendant Lisa Mincy, the following action was taken:

## I.   NATURE OF ACTION[1]

As more fully described below, this is an action brought pursuant to 42 U.S.C. § 1983 alleging violations of the Eighth and Fourteenth Amendments to the U.S. Constitution and of

---

[1] The section constitutes the parties' agreed statement of the case under the Court's November 1 Order ¶ 4(e) (Dkt. 104).

Illinois state law. The jurisdiction of the Court is invoked under 28 U.S.C. §§ 1331, 1343, and 1367. The jurisdiction of the Court is not disputed.

William Dean, the plaintiff, is a prisoner at Taylorville Correctional Center. Mr. Dean developed hematuria (blood in his urine) in December 2015 and was diagnosed with kidney cancer in April 2016 while living at Taylorville Correctional Center. Dr. Abdur Nawoor is a physician and the site medical director at Taylorville. He provided medical care to Plaintiff during the relevant time. Dr. Rebecca Einwohner is a nephrologist who saw Plaintiff by way of a telemedicine clinic during the relevant time. Nurse Kathy Galvin was the director of nursing at Taylorville during the relevant time. Wexford Health Sources, Inc. provides medical care to the residents at Taylorville pursuant to a contract with the Illinois Department of Corrections and was the employer of Dr. Nawoor, Dr. Einwohner, and Nurse Galvin at all relevant times. Lisa Mincy was employed by the Illinois Department of Corrections as the health care unit administrator for the Taylorville Correctional Center from December 16, 2015 to January 15, 2017.

Mr. Dean alleges that Wexford, Dr. Nawoor, Dr. Einwohner, and Nurse Galvin were deliberately indifferent to his serious medical needs and professionally negligent in their treatment of his conditions, specifically by denying and delaying necessary treatment, including referral to a urologist, appropriate imaging, surgery, and chemotherapy drugs. Mr. Dean also alleges Ms. Mincy was deliberately indifferent to his serious medical needs. Mr. Dean alleges that these actions violated his constitutional rights under the Eighth and Fourteenth Amendments to the U.S. Constitution and constituted professional negligence under Illinois law. Defendants deny they denied or delayed necessary medical treatment, deny violating Plaintiff's constitutional rights or committing professional negligence, and further deny Plaintiff is entitled to any relief.

## II.    JOINT STATEMENT

### A.  JURISDICTION

This is an action for damages brought under 42 U.S.C. § 1983, alleging violations of the Eighth and Fourteenth Amendments to the U.S. Constitution, and Illinois state law, alleging professional negligence. This Court has jurisdiction over the § 1983 claims under 28 U.S.C. § 1331 because they "aris[e] under the Constitution, laws, or treaties of the United States." This Court has jurisdiction over the state law professional negligence claims under 28 U.S.C. § 1367 because they are "so related to the [§ 1983] claims . . . that they form part of the same case or controversy."  Mr. Dean's professional negligence claims under Illinois law concern largely the same alleged actions and failures to act by Wexford and its employees as his federal deliberate indifference claims.

### B.  UNCONTESTED ISSUES OF FACT

Plaintiff's position is that the uncontested issues of fact are (1) those facts from Wexford's and Nurse Mincy's Motions for Summary Judgment which Plaintiff has agreed are undisputed and material, as identified in Section I.A (Dkt. 111 App'x at pp. 1-8) and II.A (Dkt. 111 App'x at 39-40); and (2) those facts from Mr. Dean's Response to Summary Judgment which Wexford and Nurse Mincy agree are undisputed and material, as identified in Wexford's Reply in Support of Summary Judgment (Dkt. 116 at 1-31) and Nurse Mincy's Reply in Support of Summary Judgment (Dkt. 120 at 1-16).  These facts are attached to this pre-trial order as Exhibit H.

There are additional facts that the parties have identified as undisputed, but where materiality has been challenged.

Plaintiff's position is that, except for stipulations, the question of whether an undisputed fact can be presented to the jury and/or represented as an agreed fact is one reserved for decision by the Court at the time of trial.

Defendants Wexford and Mincy disagree with these positions.  Defendants' position is that undisputed facts for purposes of summary judgment are those facts viewed in the light most favorable to Plaintiff and that facts proposed as undisputed at summary judgment differ from those undisputed for purposes of trial.

The parties have stipulated to certain facts, a copy of which is attached at Exhibit A.

## C.  CONTESTED ISSUES OF FACT

Plaintiff's position is that the contested issues of fact are (1) those facts from Wexford's and Nurse Mincy's Motions for Summary Judgment which Plaintiff has disputed, as identified in Sections I.B (Dkt. 111 App'x at 8-27), I.C (Dkt. 111 App'x at 27-32), II.B (27-32), II.B (Dkt. 111 App'x at 40-44), and II.C (Dkt. 111 App'x at 44-45); and (2) those facts from Mr. Dean's Response to Summary Judgment which Wexford or Nurse Mincy dispute, as identified in Wexford's Reply in Support of Summary Judgment (Dkt. 116 at 1-31) and Nurse Mincy's Reply in Support of Summary Judgment (Dkt. 120 at 1-16).  These contested issues of fact total 137 total facts (68 disputed material facts and 69 disputed immaterial facts).

Defendants Wexford and Mincy disagree with this position.

Defendants Wexford and Mincy proposes the following contested issues of fact:

1.     Whether Plaintiff had a serious medical condition at Taylorville Correctional Center.

2.     Whether Defendant Nawoor made an intentional decision to deny and delay necessary medical treatment, including referral to a urologist, appropriate imaging, surgery, and chemotherapy drugs, with purposeful, knowing, or reckless disregard of the consequences.

3.     Whether Defendant Einwohner made an intentional decision to deny and delay necessary medical treatment, including referral to a urologist, appropriate imaging, surgery, and chemotherapy drugs, with purposeful, knowing, or reckless disregard of the consequences.

4.      Whether Defendant Galvin made an intentional decision to deny and delay necessary medical treatment, including referral to a urologist, appropriate imaging, surgery, and chemotherapy drugs, with purposeful, knowing, or reckless disregard of the consequences.

5.      Whether Defendant Mincy made an intentional decision to deny and delay necessary medical treatment, including referral to a urologist, appropriate imaging, surgery, and chemotherapy drugs, with purposeful, knowing, or reckless disregard of the consequences.

6.      Whether Defendant Wexford had a policy of denying and delaying necessary medical treatment including outside referral and surgical treatment.

7.      Whether Defendant Wexford's policymakers were deliberately indifferent to a known or obvious risk that its policy would lead to constitutional violations.

8.      Whether Wexford's policy of discouraging outpatient and surgical treatment caused the Plaintiff to be denied or delayed necessary medical treatment, including referral to a urologist, appropriate imaging, surgery, and chemotherapy drugs.

9.      Whether Defendant Wexford was responsible for a policy such that Plaintiff was denied and delayed necessary medical treatment including referral to a urologist, appropriate imaging, surgery, and chemotherapy drugs, with purposeful, knowing, or reckless disregard of the consequences.

10.     Whether Defendant Nawoor unreasonably denied and delayed necessary medical treatment, including referral to a urologist, appropriate imaging, surgery, and chemotherapy drugs.

11.     Whether Defendant Einwohner unreasonably denied and delayed necessary medical treatment, including referral to a urologist, appropriate imaging, surgery, and chemotherapy drugs.

12.     Whether Defendant Galvin unreasonably denied and delayed necessary medical treatment, including referral to a urologist, appropriate imaging, surgery, and chemotherapy drugs.

13.     Whether Defendant Wexford unreasonably denied and delayed necessary medical treatment, including referral to a urologist, appropriate imaging, surgery, and chemotherapy drugs.

14.     Whether Defendant Wexford was personally involved in denying or delaying necessary medical treatment to Plaintiff.

15.     Whether Defendant Nawoor was personally involved in denying or delaying necessary medical treatment to Plaintiff.

16.     Whether Defendant Einwohner was personally involved in denying or delaying necessary medical treatment to Plaintiff.

17.     Whether Defendant Galvin was personally involved in denying or delaying necessary medical treatment to Plaintiff.

18.     Whether Defendant Mincy was personally involved in denying or delaying necessary medical treatment to Plaintiff.

19.     Whether Plaintiff was harmed by Defendant Wexford's conduct.

20.     Whether Plaintiff was harmed by Defendant Nawoor's conduct.

21.     Whether Plaintiff was harmed by Defendant Einwohner's conduct.

22.     Whether Plaintiff was harmed by Defendant Galvin's conduct.

23.     Whether Plaintiff was harmed by Defendant Mincy's conduct.

## D.  CONTESTED ISSUES OF LAW

1.  Whether Dr. Nawoor was deliberately indifferent to Mr. Dean's serious medical condition in violation of the Eighth and Fourteenth Amendments to the U.S. Constitution?

2.  Whether Dr. Einwohner was deliberately indifferent to Mr. Dean's serious medical condition in violation of the Eighth and Fourteenth Amendments to the U.S. Constitution?

3.  Whether Nurse Galvin was deliberately indifferent to Mr. Dean's serious medical condition in violation of the Eighth and Fourteenth Amendments to the U.S. Constitution?

4.  Whether Nurse Mincy was deliberately indifferent to Mr. Dean's serious medical condition in violation of the Eighth Amendment to the U.S. Constitution?

5.  Whether Wexford Health Sources, Inc. was deliberately indifferent to Mr. Dean's serious medical condition in violation of the Eighth and Fourteenth Amendments to the U.S. Constitution?

6.  Whether Dr. Nawoor was professionally negligent in his care of Mr. Dean's medical condition in violation of Illinois state law?

7.  Whether Dr. Einwohner was professionally negligent in her care of Mr. Dean's medical condition in violation of Illinois state law?

8.  Whether Nurse Galvin was professionally negligent in her care of Mr. Dean's medical condition in violation of Illinois state law?

9.  Whether Wexford Health Sources, Inc. is responsible under the doctrine of *respondeat superior* for the professional negligence of its employees Dr. Nawoor, Dr. Einwohner, or Nurse Galvin?

10. Whether Wexford Health Sources, Inc. was institutionally negligent its care of Mr. Dean's medical condition in violation of Illinois state law?

11. Whether Lisa Mincy is entitled to qualified immunity?

Defendants Wexford and Mincy believe that there is an additional contested issue of law.  Plaintiffs believe this is a contested issue of fact:

12. Whether Plaintiff is entitled to punitive damages?

**E.  JURY DEMAND**

Plaintiff demands a trial by jury of all triable matters.

### III.    PLAINTIFF'S STATEMENT

**A.  ITEMIZED STATEMENT OF DAMAGES**

Plaintiff states that he is entitled to damages for: (1) the physical and mental and emotional pain and suffering that Plaintiff has experienced and is reasonably certain to experience in the future; (2) the disability/loss of normal life/diminished life expectancy that Plaintiff has experienced and is reasonably certain to experience in the future; (3) the cost of medical care and supplies that he is reasonably certain to need and receive in the future; and (4) punitive damages.

Defendant Wexford believes Mr. Dean cannot seek damages for future medical expenses and diminished life expectancy.

### IV.    EXHIBITS ATTACHED

The following are attached as exhibits to this order and are made a part hereof:

**A.  Stipulation of Uncontested Facts and Issues of Law (signed by all parties)**.  The parties submit the facts that they have agreed to stipulate to.  The parties will continue to meet and confer regarding further stipulations.

**B.  Plaintiff's Witness List**

**C.  Wexford's Witness List**

**D. Mincy's Witness List**

**E.  Plaintiff's Exhibit List**

**F. Wexford's Exhibit List**

**G. Mincy's Exhibit List**

**H.  Plaintiff's Proposed Uncontested Facts**

Per the Court's November 1, 2019 Order, proposed jury instructions, including proposed alternative or additional instructions, as well as proposed additional void dire questions, and motions in limine will be filed separately. *See* Dkt. 104 ¶ 4(b), (c), and (d).

## GENERAL ADDITIONAL

The following additional action was taken:

The testimony of the following inmate witnesses is necessary for trial. The Clerk is directed to issue a Video Writ for the following inmate witnesses to appear by video conferencing:

| Inmate Name | Inmate No. | Current Correctional Center |
|---|---|---|
| William Kent Dean | N21885 | Taylorville Correctional Center |

IT IS UNDERSTOOD BY THE PARTIES THAT:

The plaintiff is limited to Drs. Barnett, Dhar, and Metwalli as expert witnesses whose names and qualifications have been disclosed to the defendants.[2] The Wexford defendants are limited to Drs. Kosierowski and Racenstein as expert witnesses whose names and qualifications have been disclosed to the plaintiff. Defendant Mincy does not intend to call any expert witnesses.

Any Trial Briefs or Motions in limine shall be submitted by November 20, 2019. Objections to pretrial submissions are due by November 25, 2019.

A party may supplement a list of witnesses or exhibits only upon good cause shown in a motion filed and served upon the other parties prior to trial; except that, upon the development of testimony fairly shown to be unexpected, any party may, with leave of court, call such contrary

---

[2] Wexford Defendants and Defendant Mincy filed motions to bar Plaintiff's retained witnesses from providing certain opinion testimony. These motions remain pending.

witnesses or use such exhibits as may be necessary to counter the unexpected evidence, although not previously listed, and without prior notice of any other party.

It is mutually estimated that the length of trial will not exceed 7 full days. The case is set to begin with jury selection on December 9, 2019, at 1:30 PM, and resume on December 10, 2019, at 9:00 AM until concluded.

This pre-trial order may be modified at the trial of the action, or prior thereto, to prevent manifest injustice. Such modification may be made either on motion of counsel for any party or on the Court's own motion.

Any additional proposed jury instructions shall be submitted to the Court within five days before the commencement of the trial, but there is reserved to the respective parties the right to submit supplemental proposals for instructions during the course of the trial or at the conclusion of the evidence on matters that could not reasonably have been anticipated.

IT IS SO ORDERED.


s/Sue E. Myerscough

_____
 JUDGE


                    12/6/2019
ENTERED:
          _____


APPROVED AS TO FORM AND SUBSTANCE:



/s/ Craig C. Martin
_____
Attorney for the Plaintiff



/s/ Joseph N. Rupcich (with consent)
_____
Attorney for the Wexford Defendants



/s/ Jeremy C. Tyrrell (with consent)
_____
Attorney for Defendant Mincy

## **CERTIFICATE OF SERVICE**

I, Nathaniel K.S. Wackman, hereby certify that on November 20, 2019, I caused the

foregoing **Pre-Trial Order** to be served on all counsel of record listed via the Court's ECF system.


                                        /s/ Nathaniel K.S. Wackman
                                        Nathaniel K.S. Wackman
                                        JENNER & BLOCK LLP
                                        353 N. Clark St.
                                        Chicago, IL  60654
                                        (312) 222-9350
                                        nwackman@jenner.com

                                        *Attorney for William Kent Dean*