E-FILED
Wednesday, 18 December, 2019  05:49:38 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

WILLIAM KENT DEAN,                    )
                                      )
Plaintiff,                            )
                                      )
v.                                    )          17-CV-3112
                                      )
WEXFORD HEALTH SOURCES,               )
INC.,                                 )
DR. ABDUR NAWOOR,                     )
DR. REBECCA EINWOHNER, and            )
NURSE KATHY GALVIN,                   )
                                      )
Defendants.                           )

## JURY INSTRUCTIONS

Members of the jury, you have seen and heard all the evidence and will hear the arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you.  You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

During this trial, I may have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about or on what the outcome of the case should be.

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and the stipulations.

A stipulation is an agreement between both sides that certain facts are true.

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections or comments by the lawyers are not evidence.  Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence.  If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

During the trial, certain testimony was presented to you by video. You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court.

During the trial, certain testimony was presented to you by the reading of a deposition/depositions or video recordings of depositions.  You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court.

You have heard witnesses give opinions about matters requiring special knowledge or skill.  You should judge this testimony in the same way that you judge the testimony of any other witness.  The fact that such person has given an opinion does not mean that you are required to accept it.  Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

During the course of this trial I may have instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

For instance, you have heard evidence that Plaintiff has been convicted of a crime.  You may consider this evidence only in deciding whether Plaintiff's testimony is truthful in whole, in part, or not at all.  You may not consider this evidence for any other purpose.

You have heard evidence about reports filed in a different case regarding the delivery of healthcare to inmates in the Illinois Department of Corrections.  Defendant Wexford Health Sources, Inc., disputes the truth of those reports and has not admitted liability in that case.  You may consider these reports only in deciding whether Defendant Wexford Health Sources, Inc., had notice and knowledge of the information in the reports, not whether the information in the reports is true.  Remember, the issue is whether Defendants violated Plaintiff's rights as I describe those rights to you in these instructions.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

You may have heard the phrases "direct evidence" and "circumstantial evidence."  Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

-the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

-the witness's memory;

-any interest, bias, or prejudice the witness may have;

-the witness's intelligence;

-the manner of the witness while testifying;

-and the reasonableness of the witness's testimony in light of all the evidence in the case.

You may consider statements given by a party or witness under oath before trial as evidence of the truth of what he or she said in the earlier statements, as well as in deciding what weight to give his or her testimony.

With respect to other witnesses, the law is different. If you decide that before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his or her testimony here in court, you may consider the earlier statement or conduct only in deciding whether his or her testimony here in court was true and what weight to give to his or her testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

In this case, Plaintiff was an incarcerated individual at the time of the incident. All parties are equal before the law. An incarcerated individual is entitled to the same fair consideration that you would give any individual person.

It is proper for a lawyer to meet with any witness in preparation for trial.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

You must give separate consideration to each claim and each party in this case.  Although there are four defendants, it does not follow that if one is liable, any of the others is also liable.

Neither the State of Illinois nor the Illinois Department of Corrections is a party to this lawsuit.

Nurse Lisa Mincy is no longer a defendant in this case. You should not consider any claims against Nurse Mincy. Do not speculate on the reasons. Your focus must be on the remaining parties. You may consider Nurse Mincy's testimony, just as you may consider the testimony of any other witness.

Defendants Nawoor, Einwohner, and Galvin are being sued as individuals, and I may refer to them in these instructions as individual defendants.  Plaintiff must prove by a preponderance of the evidence that an individual Defendant was personally involved in the conduct that Plaintiff complains about.  You may not hold an individual Defendant liable for what others did or did not do.

You may have heard evidence about whether a Defendant's conduct violated a Wexford or Illinois Department of Corrections rule, regulation, policy, or guideline. You may consider this evidence in your deliberations. But remember that the issue is whether Plaintiff's rights were violated as I describe later in these instructions, not whether a Wexford or Illinois Department of Corrections rule, regulation, policy, or guideline might have been violated.

When I say that a party must prove something by a "preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

Plaintiff claims that Defendants violated Plaintiff's Eighth Amendment right under the United States Constitution. To succeed on Plaintiff's Eighth Amendment claim against an individual Defendant, Plaintiff must prove each of the following four things by a preponderance of the evidence against that Defendant:

1. Plaintiff had a serious medical need. A serious medical need is a condition that a doctor says requires treatment or something so obvious that even someone who is not a doctor would recognize that it requires treatment.

2. Defendant was aware that Plaintiff had a serious medical need or strongly suspected facts showing a strong likelihood that Plaintiff had a serious medical need but refused to confirm whether these facts were true. You may infer this from the fact that the need was obvious.

3. Defendant consciously failed to take reasonable measures to provide treatment for the serious medical need.

Plaintiff does not have to show that Defendant ignored him or provided no care. If Defendant provided some care, Plaintiff must show that Defendant knew his or her actions likely would be ineffective or that Defendant's actions were clearly inappropriate.

In deciding whether Defendant failed to take reasonable measures, you may consider the seriousness of Plaintiff's medical need, how difficult it would have been for Defendant to provide treatment, and whether Defendant had legitimate reasons related to safety or security for failing to provide treatment.

You may infer that Defendant consciously failed to take reasonable measures if Defendant's action or failure to act was such a substantial departure from accepted professional judgment, practice or standards that it showed a complete abandonment of medical judgment.

If Defendant relied on the opinion of a medical professional, then Defendant did not consciously fail to take reasonable measures unless it was obvious that following the medical professional's opinion would cause harm to Plaintiff.

4. As a result of Defendant's actions or inaction, Plaintiff was harmed or was subjected to a significant risk of harm. Plaintiff may prove that Defendant harmed him with evidence that his condition worsened as a result of Defendant's conduct or that he suffered prolonged, unnecessary pain as a result of Defendant's conduct.

If you find that Plaintiff has proved each of these things by a preponderance of evidence against a Defendant under consideration, then you must decide for Plaintiff and against that Defendant on this claim.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence against a Defendant under consideration, then you must decide for that Defendant on this claim.

To succeed on Plaintiff's Eighth Amendment claim against the corporation Defendant Wexford Health Sources, Inc., Plaintiff must prove each of the following four things by a preponderance of the evidence:

1.  Reasonable measures were not taken to provide treatment for Plaintiff's serious medical need.

2.  A policy by Wexford Health Sources, Inc., caused the lack of reasonable measures to be taken to provide treatment for Plaintiff's serious medical need.

The term policy means a custom that is persistent and widespread, so that it is the standard operating procedure of Wexford Health Sources, Inc.  A persistent and widespread pattern may be a custom if Wexford Health Sources, Inc., has not formally approved it, so long as Plaintiff proves that a policy-making official knew of the pattern and allowed it to continue.

3.  The lack of reasonable measures to treat Plaintiff's serious medical need was a known or obvious consequence of the application to Plaintiff of the policy described in paragraph 2.

4.  As a result of the policy described in paragraph 2, Plaintiff was harmed or was subjected to a significant risk of harm. Plaintiff may prove that he was harmed with evidence that his condition worsened as a result of the policy or that he suffered prolonged, unnecessary pain as a result of the policy.

If you find that Plaintiff has proved each of these things by a preponderance of evidence against Wexford Health Sources, Inc., then you must decide for Plaintiff on this claim.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for Wexford Health Sources, Inc., on this claim.

In addition to Plaintiff's Eighth Amendment claims, Plaintiff claims that Defendants Nawoor, Einwohner, and Galvin were professionally negligent in violation of Illinois law.  To succeed on this claim against a particular Defendant, Plaintiff has the burden of proving each of the following three things by a preponderance of the evidence:

1.  Defendant acted or failed to act in one of the ways claimed by Plaintiff and that in so acting, or failing to act, Defendant was professionally negligent.

2.  Plaintiff was injured.

3.  Defendant's professional negligence was a proximate cause of the injury to Plaintiff.

If you find that Plaintiff has proved each of these things by a preponderance of evidence against a Defendant under consideration, then you must decide for Plaintiff and against that Defendant on this claim.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence against

a Defendant under consideration, then you must decide for that Defendant on this claim.

When I use the term professional negligence, this is what I mean.

A doctor or nurse must possess and use the knowledge, skill, and care ordinarily used by a reasonably careful doctor or nurse. The failure to do something that a reasonably careful doctor or nurse would do, or the doing of something that a reasonably careful doctor or nurse would not do, under circumstances similar to those shown by the evidence, is "professional negligence". The phrase "deviation from the standard of care" means the same thing as "professional negligence." The law does not say how a reasonably careful doctor or nurse would act under these circumstances. That is for you to decide. In reaching your decision, you must rely upon opinion testimony from qualified witnesses and evidence of professional standards. You must not attempt to determine how a reasonably careful doctor or nurse would act from any personal knowledge you may have.

Plaintiff's remaining claim is a claim for institutional negligence against Wexford Health Sources, Inc., which is a violation of Illinois law.  To succeed on this claim against Wexford Health Sources, Inc., Plaintiff has the burden of proving each of the following three things by a preponderance of the evidence:

1.  Wexford Health Sources, Inc. acted or failed to act in one of the ways claimed by Plaintiff and that in so acting, or failing to act, Wexford Health Sources, Inc., was institutionally negligent.

2.  Plaintiff was injured.

3.  Wexford Health Sources, Inc.'s institutional negligence was a proximate cause of the injury to Plaintiff.

If you find that Plaintiff has proved each of these things by a preponderance of evidence, then you must decide for Plaintiff on this claim.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you must decide for Wexford Health Sources, Inc., on this claim.

Defendant Wexford Health Sources, Inc., and Defendants Nawoor, Einwohner, and Galvin are sued as principal and agents. Defendant Wexford Health Sources is the principal and Defendants Nawoor, Einwohner, and Galvin are the agents. If you find that Defendant Nawoor, Einwohner, or Galvin is liable for professional negligence, then you must find that Defendant Wexford Health Sources, Inc. is also liable for professional negligence.

As it relates to Plaintiff's claim for professional negligence against Defendant Wexford Health Sources, Inc. in violation of Illinois law, Dr. Stephen Ritz was among the agents of Defendant Wexford Health Sources, Inc. at the time of this occurrence. Therefore, any act or omission of Dr. Stephen Ritz at the time was the act or omission of Defendant Wexford Health Sources, Inc.

Defendant Wexford Health Sources, Inc. is a corporation and can act only through its officers and employees.  As it relates to Plaintiff's claims for professional negligence in violation of Illinois law, any act or omission of any agent, officer, or employee of Defendant Wexford Health Sources, Inc. within the scope of his or her agency relationship or employment is the act or omission of Defendant Wexford Health Sources, Inc.