When I say institutional negligence, I mean that Wexford Health Sources, Inc., failed to do something that a reasonably careful institution providing health care to incarcerated persons would do, or doing something that such an institution would not do, under circumstances similar to those shown by the evidence.

In deciding whether Wexford Health Sources, Inc., was negligent, you may consider opinion testimony from qualified witnesses, evidence of professional standards, and other evidence presented in this case.

The law does not say how a reasonably careful institution would act under these circumstances. That is for you to decide.

When I use the expression "proximate cause," I mean a cause that, in the natural or ordinary course of events, produced the plaintiff's injury. It need not be the only cause, nor the last or nearest cause. It is sufficient if it combines with another cause resulting in the injury.

If you find that Plaintiff has proved any of his claims against any of Defendants, then you must determine what amount of damages, if any, Plaintiff is entitled to recover. Plaintiff must prove his damages by a preponderance of the evidence.

If you find that Plaintiff has failed to prove any of his claims, then you will not consider the question of damages.

If you find in favor of a Plaintiff, then you must determine the amount of money that will fairly compensate Plaintiff for any injury that you find he sustained as a direct result of the lack of medical care. These are called "compensatory damages."

A Plaintiff may only recover compensatory damages once for his alleged harm, even if you find against more than one Defendant.

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages: (1) The physical and mental and emotional pain and suffering; (2) disability/loss of a normal life/diminished life expectancy that Mr. Dean has experienced and is reasonably certain to experience in the future; (3) The present value of the medical care and supplies that he is reasonably certain to need and receive in the future.

No evidence of the dollar value of physical or mental and emotional pain and suffering or disability/loss of a normal life has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate the Mr. Dean for the injury he has sustained.

If you find against a particular Defendant on Plaintiff's Eighth Amendment claim, you may, but are not required to, assess punitive damages against that Defendant. The purposes of punitive damages are to punish a defendant for his or her conduct and to serve as an example or warning to that Defendant and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against a Defendant. You may assess punitive damages only if you find that his or her conduct was malicious or in reckless disregard of Plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Plaintiff. Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, Defendant simply did not care about Plaintiff's safety or rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward either party. In determining the

amount of any punitive damages, you should consider the following factors:

- the reprehensibility of Defendant's conduct;

- the impact of Defendant's conduct on Plaintiff;

- the relationship between Plaintiff and Defendant;

- the likelihood that Defendant would repeat the conduct if an award of punitive damages is not made;

- the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

A verdict form has been prepared for you.

Take this verdict form to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the form, and all of you will sign it.

Throughout this trial, several documents, photographs, or other tangible evidence may have been admitted as exhibits for you to consider during your deliberations. These exhibits, where appropriate, will be provided to you when you retire to the jury room to begin your deliberations. Do not mark, highlight, write on, or otherwise alter the exhibits in any way. These exhibits are part of the official record of this case and must be maintained in the same condition as they were originally presented to you. If you alter these exhibits in any way during the course of your deliberations, you must notify the Court immediately.

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the court security officer, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

During your deliberations, you must not communicate with or provide information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous. You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own view and change your opinion if you come to believe it is wrong.  But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.
You are impartial judges of the facts.

The verdict form reads as follows.

VERDICT FORM
<u>Dean v. Wexford Health Sources, Inc., et al.</u>, 17-cv-3112

**1. We, the jury, find as follows on Plaintiff's Eighth Amendment claims:**

*(Place an "X" on the appropriate line for each claim.)*

|  | For Plaintiff |  | For Defendant |
|---|---|---|---|
| Abdur Nawoor | _____ | or | _____ |
| Rebecca Einwohner | _____ | or | _____ |
| Kathy Galvin | _____ | or | _____ |
| Wexford Health Sources, Inc. | _____ | or | _____ |

**2. We, the jury, find as follows on Plaintiff's professional negligence claims:**

|  | For Plaintiff |  | For Defendant |
|---|---|---|---|
| Abdur Nawoor | _____ | or | _____ |
| Rebecca Einwohner | _____ | or | _____ |
| Kathy Galvin | _____ | or | _____ |
| Wexford Health Sources, Inc. [as principal to non-defendant agent] | _____ | or | _____ |

**3. We, the jury, find as follows on Plaintiff's institutional negligence claim:**

|  | For Plaintiff |  | For Defendant |
|---|---|---|---|
| Wexford Health Sources, Inc. | _____ | or | _____ |

*(If you found for Plaintiff on any of his claims, fill in below the compensatory damages you award. If you found against Plaintiff on all of Plaintiff's claims, skip parts 4 and 5 because you will not award damages.)*

### 4. Compensatory Damages:

**We, the jury, award the plaintiff, William Dean, compensatory damages for the physical pain and suffering that he experienced in the amount of:**

$ _____

**We, the jury, award the plaintiff, William Dean, compensatory damages for the emotional pain and suffering that he experienced in the amount of:**

$ _____

**We, the jury, award the plaintiff, William Dean, compensatory damages for the disability and loss of normal life/diminished life expectancy that he experienced and will experience in the future in the amount of:**

$ _____

**We, the jury, award the plaintiff, William Dean, compensatory damages for the medical care and supplies that he will need in the future in the amount of:**

$ _____

*(If you found against one or more Defendants on Plaintiff's Eighth Amendment claims, in addition to any compensatory damages awarded above, you may, but are not required to, award punitive damages against that particular Defendant. If you found in favor of all Defendants on Plaintiff's Eighth Amendment claims, skip part 5 because you may not award punitive damages. You cannot award punitive damages on the negligence claims.)*

**5. Having found against a particular Defendant on Plaintiff's Eighth Amendment claim, we fix Plaintiff's punitive damages against that Defendant, if any, as follows:**

| | |
|---|---|
| Abdur Nawoor | $_____ |
| Rebecca Einwohner | $_____ |
| Kathy Galvin | $_____ |
| Wexford Health Sources, Inc. | $_____ |

**We, the jury, having reached a unanimous agreement on Plaintiff's claims, sign below.**

Date: _____

_____
Presiding Juror

_____     _____

_____     _____

_____     _____