E-FILED
Friday, 20 December, 2019  02:01:53 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM KENT DEAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) 17-CV-3112 |
| WEXFORD HEALTH SOURCES, INC., et al., | ) ) ) ) ) |
| Defendants. | ) |

**OPINION**

**SUE E. MYERSCOUGH, U.S. DISTRICT JUDGE.**

During the trial, the Court granted in part and denied in part the Wexford Defendants' motion in limine to bar the admission of court-appointed expert reports from a Northern District of Illinois case, Lippert v. Godinez, 10-cv-4603. Lippert is a class action challenging the delivery of healthcare to Illinois Department of Corrections inmates.

The Court allowed the admission of limited portions of the expert reports for purposes of notice but not for the truth of the matters asserted therein. A limiting instruction was read to the jury explaining that Defendants disputed the reports and that the

reports should be considered only as to notice.  This order explains in more detail the Court's analysis in reaching that conclusion.

The first court-appointed expert report in <u>Lippert</u> found "breakdowns in almost every area, starting with delays in identification of the need for the offsite services, delays in obtaining an authorization number, delays in being able to schedule an appointment timely, delays in obtaining offsite paperwork and delays or the absence of any follow-up visit with the patient." (Plaintiff's trial exhibit PTX194-0029.)  The second court-appointed expert report in <u>Lippert</u> found "no improvement since the First Court Expert's report.  Our opinion is that the specialty care process of collegial review is a patient safety hazard and should be abandoned until such time that patient safety is ensured." (Plaintiff's trial exhibit PTX193-0064).  The second report, though authored after the events in this case, in part covered the relevant time here.

Defendants are correct that several district courts have ruled that these reports are inadmissible hearsay when offered for the truth of the matters asserted therein.  The Seventh Circuit has

agreed.  Wilson v. Wexford Health Sources, Inc., 932 F.3d 513, 522-23 (7th Cir. 2019)(collecting cases).

However, these cases do not address whether the reports are admissible for a nonhearsay purpose.  The Court agrees with Plaintiff that the reports are admissible for a nonhearsay purpose: to show notice to Defendants (particularly, to Wexford) that court-appointed experts had reported systemic problems with the process for obtaining offsite diagnostic tests and offsite care, the same issues in this case.  See Daniel v. Cook County, 833 F.3d 728, 743 (7th Cir. 2016)(monitor's report not admissible for truth of the matter but might be admissible to show notice); Saccameno v. Ocwen Loan Servicing, LLC, 372 F.Supp.3d 609, 647 (N.D. Ill. 2019)(consent decrees admissible for purpose of notice; jury instructed that evidence admitted not for the truth but for notice that issues were brought to parties' attention).  The reports are relevant as to notice, and notice is relevant to the deliberate indifference inquiry on the Eighth Amendment claim.  Admission of the reports for notice purposes only was not unfairly prejudicial—Defendants were free to and did offer evidence disputing the reports' conclusions, and the jury was instructed to consider the reports

only as to notice of the reports' findings, not for the truth of those findings.

FOR THE COURT:     **s/Sue E. Myerscough**
                   SUE E. MYERSCOUGH
                   UNITED STATES DISTRICT JUDGE