IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| WILLIAM KENT DEAN,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>WEXFORD HEALTH SOURCES, INC., DR. ABDUR NAWOOR, DR. REBECCA EINWOHNER, NURSE KATHY GALVIN, and LISA MINCY,<br><br>　　　　　　Defendants. | Case No. 17-CV-3112<br><br>Judge Sue E. Myerscough<br><br>Magistrate Judge Tom Schanzle-Haskins |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'**
<u>**MOTION TO STAY EXECUTION OF JUDGMENT**</u>

Plaintiff William Kent Dean, by and through his counsel, in support of his Opposition to Defendants' Motion to Stay Execution of Judgment And Payment of Fees and Costs Pending Post-Trial Motions and Appeal pursuant to Federal Rule of Civil Procedure 62(d) and Federal Rule of Appellate Procedure 8(a)(1)(A) states as follows:

**PROCEDURAL HISTORY**

On December 17, 2019, a jury returned a verdict in favor of Plaintiff in the amount of $1,000,000.00 in compensatory damages and $10,037,500.00 in punitive damages. (Dkt. 180.) Judgment was entered on December 18, 2019. (Dkt. 188.) On January 15, 2020, Defendants Dr. Abdur Nawoor, Dr. Rebecca Einwohner, and Wexford Health Sources, Inc. ("Defendants") filed a Combined Motion for Judgment as a Matter of Law/Motion for a New Trial or, in the alternative, request for remittitur/Motion for Setoff. (Dkt. 206.) Pursuant to Federal Rule of Civil Procedure 62(a), the execution of a judgment is stayed for 30 days, unless a court orders otherwise. Fed. R. Civ. Pro. 62(a). During the 30 day "automatic stay" period, Defendants did nothing to post security

to extend the stay under Federal Rule of Civil Procedure 62(b). Rather, on the last day of the automatic stay, Defendants filed a Motion to Stay Execution of Judgment And Payment of Fees and Costs Pending Post-Trial Motions and Appeal pursuant to Federal Rule of Civil Procedure 62(d) and Federal Rule of Appellate Procedure 8(a)(1)(A). (Dkt. 208.) In that motion, Defendants requested that the Court stay execution of judgment and payment of fees and costs pending resolution of Defendants' post-trial motions and final appellate resolution without requiring security other than the liability insurance policy provided by Coverys Specialty Insurance Company to Defendants. (*Id.*)

As shown below, Defendants' position is not grounded in law or fact, and is contrary to well-settled law. Indeed, Defendants fail to meet their burden in any manner. A stay of execution, without the existence of a full bond of other real security, is particularly inappropriate here given the egregious nature of Defendants' conduct, the severity of Mr. Dean's injury, and the financial circumstances of the parties. Wexford, a private company with hidden financials and a $1.4 billion contract, provides no security to Mr. Dean, an indigent man with no income and limited resources. Notwithstanding these circumstances, Defendants' motion treats the request for a stay like an entitlement. The reference to an insurance policy provides absolutely no security for collection on the judgment. Insurance they say, but insurance for what—even the declaration they submit does not attest to *coverage* for the loss, and $3 million is a far cry from the $11 million plus jury verdict. There is no stay currently in place and this Court should not put one into effect.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 62(b)[1] permits a party to obtain a stay by posting a bond or other security. Fed. R. Civ. P. 62(b). "The philosophy underlying Rule 62[(b)] is that a plaintiff who has won in the trial should not be put to the expense of defending his judgment on appeal unless the defendant takes reasonable steps to assure that the judgment will be paid if it is affirmed." *Lightfoot v. Walker*, 797 F.2d 505, 506–07 (7th Cir. 1986) (denying motion to waive bond requirement where the district court noted that "the procedure for collecting a judgment from the state of Illinois is cumbersome and uncertain"). Although a district court has discretion to waive the bond requirement, *Dillon v. City of Chicago*, 866 F.2d 902, 904 (7th Cir. 1988), "[p]osting a supersedeas bond is the **norm** to avoid execution of a judgment during an appeal." *Martin v. Cty. of Milwaukee*, No. 14-cv-200-JPS, 2018 WL 546687, at *2 (E.D. Wisc. Jan. 23, 2018) (emphasis added). "[I]t is not plaintiff's burden to prove that defendants' offer of security is inadequate, but rather defendants' burden to justify why a bond should not be required as provided in the Rule." *Slaby v. Berndt*, No. 06-C-250-S, 2007 WL 5517473, at *5 (W.D. Wisc. Apr. 5, 2007).

When a district court is determining whether to waive the posting of bond, the court may look to the following criteria:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment . . . ; (4) whether "the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money" . . . ; and (5) whether the defendant is in such

---

[1] Defendants cited to Rule 62(d) in their motion and memorandum of support. While this is the part of the rule previously cited by courts, the provisions in Rule 62 were reorganized and revised in 2018. *See* Fed. R. Civ. Pro. 62 advisory committee's note to 2018 amendment. The new "Subdivision 62(b) carries forward in modified form the supersedeas provisions in the former Rule 62(d)." *Id.*

a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position[.]

*Dillon*, 866 F.2d at 904–05 (internal citations omitted).

This Court should deny Defendants' motion because (1) Defendants have not provided *any* justification for why they should not be required to post a bond, as required under the Federal Rules of Civil Procedure; (2) the existence of Defendants' insurance policy does not provide any security to Plaintiff; and (3) the *Dillon* factors favor requiring Defendants to post the required bond or other security. Moreover, even if this Court does believe that it should defer a security decision until after ruling on the post-trial motions, Plaintiff should still be allowed to proceed with discovery of Defendants' assets and only be precluded from actual collection of these assets at this time.

## I. Defendants Failed To Provide Any Justification For Why They Should Not Be Required To Post A Bond.

Defendants have not met their burden to justify why they should not be required to post the bond in order to stay execution of judgment. "[I]t is not plaintiff's burden to prove that defendants' offer of security is inadequate, but rather defendants' burden to justify why a bond should not be required as provided in the Rule." *Slaby*, 2007 WL 5517473, at *5. Nowhere in their motion or five-page memorandum in support do Defendants offer a single justification for why they should not be required to post the bond. Rather, it appears that Defendants simply do not want to post a bond. This is not an adequate justification, and at least one court in this Circuit has accordingly denied a request to waive the bond requirement in such circumstances. *Slaby*, 2007 WL 5517473, at *5 (denying request to waive bond requirement where "defendants . . . offered an alternative to the supersedeas bond . . . without any suggestion why the supersedeas bond, which is clearly a superior form of security from plaintiff's perspective, should not be required"). Because

Defendants do not offer *any* reason why a bond should not be required, this Court should deny their motion.

**II.    The Existence Of Defendants' Insurance Policy Does Not Provide Plaintiff Any Security.**

Defendants have not offered an adequate alternative security to justify waiving the bond requirement. As an alternative to posting the required bond, Defendants merely note the existence of a liability insurance policy, which might provide coverage in the amount of $3,000,000. (Dkt. 9, at 2–4.) Defendants attached as an exhibit to their memorandum in support, a carefully worded affidavit from the president of Coverys Specialty Insurance Company, the insurer that issued the policy that merely confirms the existence of the policy. (Dkt. 9 at Ex. A.) Notably, the affidavit does not state that Coverys Specialty Insurance Company has *accepted coverage of the judgment, without reservation of rights*. (*Id.*) It is highly likely, if not a certainty, that Coverys has contested coverage on multiple grounds, including for example, contesting coverage for the punitive damages award.

This insurance policy is not an alternative security of any kind because: (1) there is no representation that Coverys Specialty Insurance Company does not or will not dispute coverage of the judgment and litigation over the coverage could take years to resolve; (2) the language of the policy provides multiple grounds for exclusion of coverage; and (3) there are various additional grounds that demonstrate the inadequacy of the insurance policy as security.

**A. Defendants Have Not Provided Any Proof That Its Insurer Has Accepted Coverage.**

The existence of Defendants' insurance policy does not mean that the insurer accepts coverage of the judgment under the policy. This leaves open the possibility that there will be a dispute between Coverys Specialty Insurance Company and Defendants over who is responsible to pay the judgment, especially given the significant punitive damages award. At least one court

in this Circuit has denied a request to waive a bond where there was a dispute over coverage between the defendant and its insurer. *See Martin*, 2018 WL 546687.at *2–*3.

In *Martin*, the defendant filed a motion to stay execution of judgment on the basis that it had ample funds to pay the judgment, in part based on its insurance coverage. *Id.* at *1–*2. As the court noted, however, the defendant and its insurer disputed who was responsible for paying the judgment. *Id.* at *2. The court stated that "[w]hat the County does not acknowledge is how time-consuming or costly it may be for Plaintiff to wait for the resolution of that dispute or, indeed, whether she would be forced to interject herself into the dispute in order to compel payment." *Id.* In denying the defendant's request to waive the bond requirement, the court stated that the "Plaintiff should not be made to endure what will likely be further protracted litigation between the County and its insurer, after already waiting so long for a trial in this Court and after defending her judgment on appeal." *Id.*

Like *Martin*, there is a potential that Coverys Specialty Insurance Company may dispute its coverage of the judgment, and there is no evidence on the record assuring that they will not. If Coverys Specialty Insurance Company does dispute the coverage, this will subject Plaintiff to protracted litigation between the insurer and Defendants and may even force Plaintiff to inject himself into the dispute in order to compel payment. This is precisely why the *Martin* court denied the request to waive the bond requirement. Moreover, to place such a burden on Plaintiff goes against the "philosophy underlying Rule 62[(b)] . . . that a plaintiff who has won in the trial court should not be put to the expense of defending h[er] judgment on appeal unless the defendant takes reasonable steps to assure that the judgment will be paid if it is affirmed." *Id.* at 2 (quoting *Lightfoot*, 797 F.2d at 506–07) (internal quotation marks omitted). Because there is no guarantee

that Coverys Specialty Insurance Company will actually pay the judgment, the insurance policy does not provide any security and the request to waive bond should be denied.

### B. The Insurance Policy Contains Multiple Exclusions Of Coverage

Even a cursory review of the insurance policy reveals multiple grounds on which Coverys might deny coverage. These include, but are not limited to: (1) the Plaintiff's claim occurred outside of the policy period; (2) the Defendants failed to disclose Plaintiff's claim when they applied for the policy; (3) the Defendants failed to provide timely notice of Plaintiff's claim; (4) the claim is excluded by the "Violation of Statutes" provision; (5) there is other insurance for the claim; (6) Plaintiff's claim is excluded from coverage because it involves dishonest, fraudulent, deliberate, or intentional acts; (7) the claim is excluded because it involves expected or intended injury; and (8) there is no coverage for punitive damages. Indeed, as to punitive damages, Illinois law generally prohibits coverage for such damages resulting from direct, as opposed to vicarious, liability. *See Beaver v. Country Mut. Ins. Co.*, 420 N.E.2d 1058, 1060 (Ill. App. Ct. 1981) ("We think the better view, and one which consists with the function and nature of punitive damages in Illinois, is that which prohibits insurance under such circumstances."). Here, the jury found direct liability as to each defendant. Under these circumstances, the insurance policy is less than worthless when it comes to providing security to Plaintiff.

### C. There Are Additional Grounds That Call Into Question The Adequacy Of The Insurance Policy As Security.

There are three additional reasons why the insurance policy fails to provide Plaintiff with any security: (1) Plaintiff has no right or ability to go to Coverys to demand payment for the judgment; (2) the coverage potentially available is woefully short of the judgment; and (3) there is little doubt that these Defendants will resist payment in every way possible. These additional reasons illustrate that the insurance policy is truly no security at all for Plaintiff's judgment.

### III. The *Dillon* Factors Favor Requiring Defendants To Post A Bond.

This Court should deny Defendants' motion because the *Dillon* factors weigh in favor of requiring a bond. When a district court is determining whether to waive the posting of a bond, the court may look to the following criteria:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment . . . ; (4) whether "the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money" . . . ; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position[.]

*Dillon*, 866 F.2d at 904–05 (internal citations omitted). All five factors favor requiring Defendants to post the required bond.

*First*, the first two factors—the complexity of the collection process and the amount of time required to obtain a judgment after it is affirmed on appeal—weigh in favor of requiring Defendants to post a bond. As discussed above, should Coverys Specialty Insurance Company dispute coverage of the judgment, Plaintiff will be subjected to protracted litigation between the insurer and Defendants and Plaintiff may even be forced to inject himself into the dispute in order to compel payment. *See Martin*, 2018 WL 546687.at *2–*3. This will make for a lengthy and complex collection process for Plaintiff. Moreover, Defendants have provided no information to establish that collection of Plaintiff's judgment would not be cumbersome. *See Groshek v. Time Warner Cable, Inc.*, No-15-cv-157-pp, 2016 WL 5936877, at *2 (E.D. Wisc. Oct. 12, 2016) (denying motion to waive bond requirement where "[t]he court has no information, therefore, which would indicate that collection would not be cumbersome").

Courts have denied requests to waive the bond requirement, in part, where the plaintiff would otherwise face complex and time-consuming process that would delay collection of his judgment. *See, e.g.*, *Lightfoot*, 797 F.2d at 506–07 (denying motion to waive bond requirement

8

where the district court noted that "the procedure for collecting a judgment from the state of Illinois is cumbersome and uncertain"); *Martin*, 2018 WL 546687.at *2–*3 (denying request for waiver of bond where the plaintiff would face a costly and time-consuming process of recovering her judgment if the defendant and its insurer disputed coverage); *Gary A. v. New Trier High School Dist. 203*, No. 83 C 3420, 1985 WL 4876, at *2 (N.D. Ill. Dec. 11, 1985) (denying request to waive the bond requirement and stating that "delays in the collection process are sufficient to warrant requiring a bond as a condition of stay"). Accordingly, these two factors favor denying the request to waive the bond requirement.

*Second*, Defendants have provided no evidence that would allow factors three through five—the degree of confidence that the district court has in the availability of funds to pay the judgment; whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position—to weigh in their favor. *Groshek* is instructive on this point. There, the plaintiff filed a motion to stay execution of judgment and sought to waive the bond requirement. 2016 WL 5936877, at *1. In denying the request, the court noted that "the court has no information about the plaintiff's financial condition. The plaintiff has provided no information regarding his net worth, his liquidity, or his ability to pay taxed costs." *Id.* at *2. It further observed that it had "no information that gives it any degree of confidence that posting a bond would be a waste of money. The court has no information regarding whether the posting of a bond would put the plaintiff's other creditors in a precarious situation—or even if the plaintiff has other creditors." *Id.* Accordingly, the court denied the plaintiff's request to waive the bond requirement. *Id.* at *3.

Here, Defendant Wexford is a private company—none of its financial information is public, and Defendants have not put any of Wexford's financial information into the record. Thus, the Court has no information—and therefore cannot have any confidence—about whether Defendants have the availability of funds to pay the judgment promptly. Again, the existence of Defendants insurance policy should not provide the Court any confidence because it is not clear that Defendants insurer has accepted coverage. For these same reasons, the Court cannot determine whether Defendants ability to pay the judgment is so plain that the cost of the bond would be a waste of money. Nor can it determine whether requiring Defendants to post the bond would place its creditors—if Defendants have any—in an insecure position. And even if Defendants put forth evidence of their solvency, solvency alone is not a basis for waiving the bond requirement. *See Lightfoot*, 797 F.2d at 506–07 (denying request to waive bond requirement event where the defendant was solvent); *Gary A*, 1985 WL 4876, at *2 ("The fact that the state is a solvent entity is not, standing alone, a special circumstances justifying waiver of the bond requirement.") Moreover, Defendants' conduct to date in failing to provide security for this claim should be ample evidence that it will do everything it can to delay and avoid any payment to Plaintiff. Because Defendants have not provided any information to support these three factors, the factors weigh against waiving the bond requirement.

### IV. Even If This Court Determines To Delay Ruling On The Bond Requirement, It Should Not Preclude Discovery Of Defendants' Assets.

Even if this Court delays ruling on the bond requirement until after it resolves post-trial motions, it should not preclude Plaintiff from promptly taking discovery on Defendants' assets. Under Federal Rule of Civil Procedure 69, a party is entitled to obtain discovery from the party against whom a judgment was rendered. Fed. R. Civ. Pro. 69(a)(2). Thus, conducting discovery to determine Defendants' assets is another step Plaintiff must undertake before he can collect his

judgment. As the Defendants appear wholly unwilling to provide any security, it would be most efficient to allow Plaintiff to conduct discovery now in order to expedite his collection of the judgment once it is affirmed. Accordingly, Plaintiff respectfully requests that the Court allow Plaintiff to proceed with discovery of Defendants' assets and, if any relief is granted during the pendency of the post-trial motions, that relief be limited to a restriction or the actual collection of money.

Dated:  January 23, 2020  Respectfully Submitted,

    /s/ Craig C. Martin
Craig C. Martin
Joel T. Pelz
William M. Strom
Nathaniel K.S. Wackman
Chloe E. Holt
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL  60654
(312) 222-9350
cmartin@jenner.com
jpelz@jenner.com
wstrom@jenner.com
nwackman@jenner.com
cholt@jenner.com

*Attorneys for William Kent Dean*

## CERTIFICATE OF SERVICE

I, William M. Strom, hereby certify that I caused a copy of **Plaintiff's Opposition to Defendants' Motion to Stay Execution of Judgment** to be served on all counsel of record via the Court's ECF system on January 23, 2020.

                                            /s/ William M. Strom
                                        William M. Strom
                                        JENNER & BLOCK LLP
                                        353 N. Clark St.
                                        Chicago, IL  60654
                                        (312) 222-9350
                                        nwackman@jenner.com

                                        *Attorney for William Kent Dean*