IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| WILLIAM KENT DEAN,<br><br>           Plaintiff,<br><br>v.<br><br>WEXFORD HEALTH SOURCES, INC., DR. ABDUR NAWOOR, DR. REBECCA EINWOHNER, NURSE KATHY GALVIN, and LISA MINCY,<br><br>           Defendants. | Case No. 17-CV-3112<br><br>Judge Sue E. Myerscough<br><br>Magistrate Judge Tom Schanzle-Haskins |

**PLAINTIFF'S REPLY IN SUPPORT OF HIS
MOTION FOR ATTORNEYS' FEES AND COSTS**

Mr. Dean requested a total of $1,234,600.50 for 2,395 hours of work by his attorneys and 758.25 hours of work by support staff, and $79,490.28 in reimbursement for litigation expenses reasonably expended that were necessary to successfully litigate his case. (*See* Dkts. 205 & 230.) Defendants contend that any award should be reduced for four reasons: (1) a fee award must come out of the judgment, (2) Plaintiff's counsels' *pro bono* status requires reduction of the award, (3) no multiplier is allowed under the Prison Litigation Reform Act ("PLRA"), and (4) Plaintiff's total hours and costs were excessive and unreasonable. (*See* Dkt. 237, at 2.) These arguments fail to offer any compelling reason for this Court to reduce Plaintiff's fee award.

*First*, while *Murphy v. Smith* requires "district courts [to] apply as much of the judgment as necessary, up to 25%, to satisfy an award of attorney's fees," 138 S. Ct. 784, 790 (2018), this is not grounds for reducing an award, *see, e.g.*, *Coleman v. Vinson*, 2019 WL 4644261, at *3 (S.D. Ill. Sept. 24, 2019) (awarding full award requested even though 25% of the judgment would be

used to satisfy it under *Murphy*), especially in light of the fact that Defendants contested the amount of the judgment, (*see* Dkts. 206 & 207).[1] The inclusion of fees is particularly important here where that amount is considered part of the compensatory damages award, and relevant to the ratio of compensatory to punitive damages.

*Second*, the *pro bono* status of Mr. Dean's counsel is not grounds to deny or reduce the award, as Defendants' own legal authority shows. The sole case cited by Defendants in support of this argument, *Westefer v. Snyder*, 2013 WL 1286971 (S.D. Ill. Mar. 27, 2013), has been limited to its facts and is distinguishable. The court in *Westefer* specifically noted that its decision was "not intended for general application to fee requests by *pro bono* counsel" and was "confined to [the firm's] role in *this* case." *Westefer*, 2013 WL 1286971, at *7. And in *Mays v. Springborn*, a court from this district rejected Defendants' argument that *Westefer* "[stood] for the proposition that *pro bono* counsel should not receive attorneys' fees." 2014 WL 12730575, at *3 (C.D. Ill. Nov. 6, 2014). The court distinguished *Westefer* on the basis that the law firm in that case had public interest co-counsel who "put in more work hours" and the victory in *Westefer* was "de minimis." *Id.* at *4. As in *Mays*, neither of those factors are present here. Moreover, as discussed further below, Plaintiff's counsel already wrote off substantial hours in recognition of the fact that they undertook representation of Mr. Dean on a *pro bono* basis.

*Third*, as shown in Plaintiff's Motion for Attorneys' Fees and Costs, the use of a multiplier is appropriate—even in cases subject to the PLRA—where, as here, the result is extraordinary and the representation superior. (Dkt. 205, at 10-13.) Defendants do even not address authority cited by Mr. Dean demonstrating a multiplier can be used in such cases.

---

[1]     In any event, whether the source of an award of attorneys' fees complies with *Murphy* and the PLRA cannot be calculated until this Court rules on Defendants' post-trial motions.

*Fourth*, the hours and costs submitted by Mr. Dean are not excessive or unreasonable. As defendants note, "[c]ounsel for the prevailing party should make a good-faith effort to exclude from a fee request any hours that are excessive, redundant, or otherwise unnecessary." (Dkt. 237, at 32.) Plaintiff's counsel did just that; they wrote off 1,441.75 hours—including *all partner time* expended on this matter.[2] (Dkt. 205, at 3; Dkt. 230, at 2; Dkts. 205-2 & 230-1.) Furthermore, Plaintiff's counsel wrote off substantial expenses, including certain transportation and attorney meals.

Defendants' arguments that Plaintiff's attorneys' hours and costs are unreasonable are unpersuasive and, in some instances, contrary to established law.[3] For example, Defendants incorrectly assert that time spent preparing for and taking trial testimony and depositions of Ms. Mincy and Ms. Galvin cannot be recovered. (Dkt. 237, at 10-13.) In the Seventh Circuit, a plaintiff may receive attorneys' fees for even "unsuccessful claims" where "those claims involved a common core of facts or related legal theories" with the successful claims. *See Jaffee v. Redmond*, 142 F.3d 409, 413-14 (7th Cir. 1998); *see also Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983) ("Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis."). At bottom, the "most critical factor is the degree of success obtained," and the degree of success must be measured "in comparison to

---

[2]   Any complaint about the number of attorneys is mitigated by the fact that Mr. Dean is not seeking fees for two of the five trial attorneys.

[3]   In the interest of brevity, Mr. Dean does not attempt to respond separately to each of Defendants' objections to his attorneys' time entries and costs. Many of these objections are answered by referring to Mr. Pelz's declarations submitted in support of Plaintiff's Motion for Attorneys' Fees and Costs and Motion to Supplement his Request for Attorneys' Fees and Costs, (*see* Dkts. 205-2 & 230-1), and others simply do not merit a response, (*see, e.g.*, Dkt. 237, at 48 ("[C]ertainly some attorneys and support staff could have shared [hotel] rooms.")). To the extent this Court would like a specific response to any of Defendants' objections, Mr. Dean would be glad to provide one.

3

the scope of the litigation as a whole." *Hensley*, 461 U.S. at 436, 439. Here, as detailed in Mr. Dean's Motion for Attorney's Fees and Costs, (Dkt. 205, at 10-13), there can be little doubt that Mr. Dean's lawyers achieved a resounding success. (*Compare* Compl., Dkt. 1, at 7 (*ad damnum* of $1,000,000 in total damages) *with* Judgment, Dkt. 188 (award of $11,037,500 in total damages).) Moreover, Ms. Galvin and Ms. Mincy were important witnesses to the injuries Mr. Dean suffered while at Taylorville Correctional Center, and provided helpful testimony that was used at summary judgment and at trial to establish Defendants' liability and appropriate damages.

Mr. Dean urges this Court to keep in mind that given the nature of the case, the difficulties working with opposing counsel, the necessity and length of trial due to the defense strategy, and the amount in damages awarded, the amount requested in attorneys' fees and costs is reasonable. Mr. Dean respectfully requests that this Court disregard Wexford's opposition to Plaintiff's Motion for Attorneys' Fees and Costs, and enter an order awarding him $1,234,600.50 in fees and $79,490.28 in costs, or alternatively requests that the Court make an upward adjustment to the multiplier for fees from 2.0 to something higher as deemed appropriate by this Court, and for such other amounts as this Court deems just and proper.

Dated: February 21, 2020 Respectfully Submitted,

    /s/ Craig C. Martin
Craig C. Martin
Joel T. Pelz
William M. Strom
Nathaniel K.S. Wackman
Chloe E. Holt
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL 60654
(312) 222-9350
cmartin@jenner.com
jpelz@jenner.com
wstrom@jenner.com
nwackman@jenner.com
cholt@jenner.com

*Attorneys for William Kent Dean*

**CERTIFICATE OF SERVICE**

I, Chloe E. Holt, hereby certify that I caused a copy of **Plaintiff's Reply In Support of Motion for Attorneys' Fees and Costs** to be served on all counsel of record via the Court's ECF system on February 21, 2020.

    /s/ Chloe E. Holt
Chloe E. Holt
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL 60654
(312) 222-9350
cholt@jenner.com

*Attorney for William Kent Dean*