THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| WILLIAM KENT DEAN, <br><br> Plaintiff, <br><br> v. <br><br> WEXFORD HEALTH SOURCES, INC., DR. ABDUR NAWOOR, DR. REBECCA EINWOHNER, NURSE KATHY GALVIN, and LISA MINCY, <br><br> Defendants. | Case No. 17-cv-03112 <br><br> Judge Sue E. Myerscough <br><br> Magistrate Judge Tom Schanzle-Haskins <br><br> **ORAL ARGUMENT REQUESTED** |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO SUPPLEMENT THE RECORD ON APPEAL PURSUANT TO FED. R. APP. P. 10(e)**

Plaintiff William Kent Dean, by and through his counsel, respectfully opposes, in part, Defendants' Motion to Supplement the Record on Appeal Pursuant to Federal Rule of Appellate Procedure 10(e), (Dkt. 263). Plaintiff respectfully requests oral argument on this motion by video conference if the Court believes that would be helpful. In support, Plaintiff further states as follows:

1. Federal Rule of Appellate Procedure 10 provides that the record on appeal comprises "(1) the original papers and *exhibits* filed in the district court; (2) the transcript of the proceeding if any; and (3) a certified copy of the docket entries prepared by the district clerk." Fed. R. App. P. 10(a) (emphasis added).

2. But without reason or citation to authority, the present Motion to Supplement the Record on Appeal seeks to add to the record certain documents that were never moved into evidence or admitted in this case. Defendants' motion should be denied in part. There is no basis

to supplement the record of this case with (1) the full texts of the Puisis and Shansky reports from *Lippert v. Godinez* (together, the "Lippert Reports"), or (2) Plaintiff's demonstrative slide deck.

### The *Lippert* Reports

3.  Defendants seek to supplement the record with the full Puisis and Shansky reports, which were not in the record of this case at trial. To be clear, the Court admitted limited excerpts of the Lippert Reports for purposes of notice only—after briefing by the parties and multiple discussions and arguments before the Court by the parties. Those excerpts are part of the appellate record, as they should be, and may be reviewed by the Seventh Circuit. Now, appellate counsel for Defendants state that it is their "position" that the entire Lippert Reports were admitted into evidence and thus should be included in the record on appeal. *See* Dec. 7, 2020 E. Babbitt email to W. Strom & C. Holt (attached hereto as Exhibit 1). As trial counsel and the Court well know, that is untrue. Only the heavily redacted versions of the Lippert Reports were admitted into evidence, and thus only those versions should be included in the record on appeal.[1] (*See* Dkt. 170 & Text Order, Dec. 13, 2019; Dkt. 190, at 1.)

4.  In fact, while Defendants now seek to make the Lippert Reports' 1,600+ pages part of the record, (*see* Dkt. 263, Exs. G & H), Plaintiff only ever moved 24 heavily redacted pages into evidence. Of these 24 pages, 12 were either report cover pages or altogether blank and included only for the sake of consecutive pagination. Many of the remaining pages had well over half of their contents blanked out entirely. Copies of PTX193 and PTX194 as actually moved into evidence and admitted by the Court are attached as Exhibits 2 and 3.

---

[1] Appellate counsel first filed appearances after the briefing of post-trial motions. *See* Dkt. 234, 235 (Feb. 17, 2020).

5. Extensive trial record evidence corroborates what everyone at the trial knew: following briefing, in-court argument, and Court instruction, Plaintiff moved to admit short portions of the Lippert Reports into evidence and to publish them to the jury, consistent with the Court's ruling. Plaintiff did so only for the non-hearsay purpose of demonstrating notice to Defendants—and particularly Wexford Health Sources, Inc.—of problems with collegial review.

6. Defendants first sought to exclude the Lippert Reports in their entirety by filing a motion in limine on November 22, 2019, after the Court's deadline (hereinafter, the "Lippert Motion in Limine"). (*See* Dkt. 137, Wexford's Motion for Leave to File Seventh Motion in Limine; Hr'g Tr. 12/2/2019, at 5:7–16.)

7. Plaintiff opposed the substance of the motion, filing an opposition on December 6, 2019. (*See* Dkt. 159 (sealed) & 193 (redacted).)

8. On the first day of trial, December 9, 2019, and after a discussion with trial counsel, the Court stated plans at that time to "reserve ruling." (*See* Trial Tr. Dec. 9, 2019, at 10:16-11:8.) The Lippert Reports were not used or referenced in the parties' opening statements or with witnesses on the first day of trial.

9. At the start of the second day of trial, December 10, 2019, the Court again discussed with counsel the Lippert Motion in Limine and the Lippert Reports. At the end of this discussion, the Court stated, "I'm going to reserve ruling at this time. I will tell you that as I'm sitting here, I'm inclined to keep out the [Lippert Reports] if they're offered for the truth of the matter asserted. I'm inclined to allow them in for notice." (Trial Tr. Dec. 10, 2019, at 128:6–10.) The Court requested that the parties prepare and submit jury instructions including a limiting instruction if the Lippert Reports were admitted. (*See id.* at 134:2–7.) Again, the Lippert Reports were not used

or referenced with any witnesses on the second day of trial, nor on the third and fourth days of trial, December 11 and 12, 2019.

10. Plaintiff submitted proposed jury instructions on December 10, 2019. (Dkt. 164.) The Court proposed its own limiting instruction on December 11, 2019. (Dkt. 165.) Defendants stated they "[could]n't take a position on the Court's instruction" on December 11 without considering testimony sought about the Lippert Reports because, "presumably, [Plaintiff is] *not admitting the entire report*." (Trial Tr. Dec. 11, 2019, at 417:18–418:18.)

11. In lieu of preparing their own limiting instruction if the Lippert Reports were admitted, Defendants prepared an instruction stating that Wexford was not a party to the *Lippert* case that they handed up to the Court at the start of the day on December 13, 2019. (Trial Tr. Dec. 13, 2019, at 666:19–669:10.) The Court subsequently reviewed the docket sheet in *Lippert*. (*See id.* at 669:11–18.) Defendants withdrew their proposed instruction when confronted with the fact that Wexford was indeed among the defendants in the *Lippert* case. (*Id.* at 737:1–738:10.) Defendants did not thereafter propose an alternative limiting instruction pertaining to the Lippert Reports.

12. Also at the start of the day on December 13, 2019, Plaintiff presented to the Court new versions of the Lippert Reports that had been truncated and redacted. Those versions of the Lippert Reports are the versions attached to this Response as Exhibits 2 and 3. The Court acknowledged receipt of these versions of the Lippert Reports on the record in open court, and these versions, not the full reports, became PTX193 and PTX194. (*See id.* at 666:19–21 ("I have two filings by the plaintiff[ ]. Summaries or parts of the reports in Lippert. I'm going to give those. I'm also going to give the limiting instruction that I submitted about it. Court's 38.").)

13. Plaintiff used the redacted versions of the Lippert Reports allowed into evidence as PTX193 and PTX194 with Wexford's Corporate Medical Director for Utilization Management, Dr. Stephen Ritz, on the fifth day of trial, December 13, 2019. Dr. Ritz testified that he was generally aware and on notice of the Lippert Reports' opinions and conclusions, even if he had not reviewed them in detail or did not agree with all their contents. (*See* Trial Tr. Dec. 13, 2019, at 743:17–746:17, 750:4–753:22.) The trial transcript shows that only limited portions of the Lippert Reports were used with the witness or shown to the jury. (*See id.* at 743:17–747:20 (citing PTX193-0001, PTX193-0003, PTX193-0010, PTX193-0064); *id.* at 750:4–753:22 (citing PTX194-0001, PTX194-0029).)

14. Defendants never objected to Plaintiff's excerpting of the Lippert Reports in PTX193 or PTX194.

15. The Court memorialized the evidentiary rulings made on the Lippert Reports, and the Court's reasoning for them, in a written opinion issued after the conclusion of the trial. In the opinion, the Court clearly stated that it had "allowed the admission of *limited portions* of the expert reports for purposes of notice, but not for the truth of the matters asserted therein." (Dkt. 190, at 1 (emphasis added).)

16. The Court's version of Plaintiff's exhibit list, as marked during the trial and filed on the docket, also shows that only "excerpts" of the Lippert Reports were "admitted" as PTX193 and PTX194. (Dkt. 184-1, at 4.)

17. The trial record exposes Defendants' Motion to Supplement the Record on Appeal for what it is: an effort to distort one evidentiary decision with minor impact on the jury and to claim error based on the distortion. In truth, the validity of the jury's verdict against Defendants turns on seven days of damning testimony and evidence, not eight pages of testimony and twelve

heavily redacted report pages. Accordingly, PTX193 and PTX194 should only go into the record on appeal as provided under Federal Rule of Appellate Procedure 10: as excerpted, as they were admitted into evidence.

**Demonstrative Slide Deck**

18. Defendants' request to supplement the record with Plaintiff's demonstrative slide deck used in closing argument, (Dkt. 263, Ex. I), is similarly flawed. Defendants seek to include in the appellate record a slide deck that was not evidence and was never moved into evidence by plaintiff, and it is a serious mischaracterization to describe the entire slide deck as "[p]ertaining" to the Lippert Reports. (*See* Dkt. 263, at 2.) In fact, of the 33-slide deck, which Plaintiff used throughout his entire closing argument, just six slides make any mention of the Lippert Reports, and two of these six slides contain nothing more than the Lippert Reports' cover pages. The other four slides contain only select portions of the Lippert Reports, already heavily redacted before their admission into evidence in PTX193 and PTX194. (*See id.*, Ex. I, at 25–30.)

19. The four slides containing any substance of the Lippert Reports do, however, further corroborate that only exceedingly small excerpts from the Lippert Reports, attached hereto as Exhibits 2 and 3, were ever admitted into evidence or published to or considered by the jury at trial. And just as Defendants never objected to Plaintiff's excerpting of the Lippert Reports for PTX193 and PTX194, Defendants also never objected to Plaintiff's demonstrative slide deck.

20. But as the Seventh Circuit recognizes, "demonstratives are not evidence at all." *Baugh v. Cuprum S.A. De C.V.*, 730 F.3d 701, 707 n.1 (7th Cir. 2013). Citing *Baugh* and noting the text of Federal Rule of Appellate Procedure 10, a district court outside the Seventh Circuit has reasoned that "[d]emonstratives are not included as part of the appellate record because it is undisputed that they are not evidence." *Everlight Elecs. Co. v. Nichia Corp.*, Case No. 12–cv–

11758, 2015 WL 13620574, at *1 (E.D. Mich. June 29, 2015) (denying motion to supplement record on appeal with trial demonstratives). Courts of appeals and district courts around the country have reached the same conclusion. *See, e.g.*, *Corbett v. Beseler*, 635 F. App'x 809, 815 n.9 (11th Cir. 2015) (refusing to consider demonstrative exhibits attached to appellant's brief because "it is well settled that the record on appeal is limited to" the items listed in Fed. R. App. P. 10); *Finisar Corp. DirecTV Grp., Inc.*, 213 F. App'x 981, 981 (Fed. Cir. 2007) (denying motion to supplement record on appeal "[b]ecause the demonstrative exhibits were not filed with the district court, they are not part of the record on appeal and thus should not be included in the joint appendix"); *Stoker v. Stemco*, No. 2:11-cv-00214-JRG-RSP, 2013 WL 3786346, at *4–*5 (E.D. Tex. July 16, 2013) ("[D]emonstratives are jury aids only; they are not exhibits and not evidence. By definition, demonstratives are never part of the record.") (internal quotation marks omitted).

21. Because it was not moved or admitted into evidence, the slide deck, (*see* Dkt. 263, Ex. I), should not be added to the record on appeal.

### Trial Transcripts

22. Plaintiff does not object to supplementing the record to ensure all trial transcripts are properly included. Plaintiff agrees that if not already in the record, then the transcript segments Defendants identify and attach as Exhibits A, B, C, D, and F to the present Motion, (Dkt. 263), should be made part of the record.

23. Plaintiff does not object to including some form of the deposition transcript of Dr. Guaglianone in the record on appeal, as this deposition was presented by video before the jury and not recorded stenographically at trial. But Plaintiff respectfully submits that a version of the Guaglianone transcript with the parties' designations and counter-designations exchanged during the trial is more reliable than Defendants' hand-highlighted version, (*see* Dkt. 263, Ex. E).

Plaintiff's proposed version, which Plaintiff does not object to adding to the appellate record, is attached here as Exhibit 4. Plaintiff acknowledges withdrawing the objections marked therein at trial.

WHEREFORE, Plaintiff respectfully requests that the Court permit oral argument by video hearing before the Court and deny Defendants' Motion to Supplement the Record on Appeal Pursuant to Fed. R. App. P. 10(e), (Dkt. 263), as to Defendants' Exhibits E, G, H, and I.

Dated: December 14, 2020

Respectfully submitted,

/s/ Craig C. Martin

| | |
|---|---|
| Craig C. Martin | Joel T. Pelz |
| Chloe E. Holt | JENNER & BLOCK LLP |
| WILLKIE FARR & GALLAGHER LLP | 353 N. Clark St. |
| 300 N. La Salle St., Suite 5000 | Chicago, IL  60654 |
| Chicago, IL  60654 | (312) 222-9350 |
| (312) 728-9000 | jpelz@jenner.com |
| cmartin@willkie.com | |
| cholt@willkie.com | |

William M. Strom
PALMERSHEIM & MATHEW LLP
401 N. Franklin St., Suite 4S
Chicago, IL  60654
(312) 319-1791
wms@thepmlawfirm.com

*Attorneys for Plaintiff William Kent Dean*

**CERTIFICATE OF SERVICE**

I, Chloe E. Holt, an attorney, certify that on December 14, 2020, I caused the foregoing **Plaintiff's Response in Opposition to Defendants' Motion to Supplement the Record on Appeal Pursuant to Fed R. App. P. 10(e)** to be served on all counsel of record listed via the Court's ECF system.

/s/ Chloe E. Holt
Chloe E. Holt
WILLKIE FARR & GALLAGHER LLP
300 N. La Salle St., Suite 5000
Chicago, IL  60654
(312) 728-9000
cholt@willkie.com

*One of the attorneys for William Kent Dean*