IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM KENT DEAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 17-CV-3112 |
| | ) |
| WEXFORD HEALTH SOURCES, | ) |
| INC., et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

**JAMES E. SHADID, U.S. DISTRICT JUDGE.**

This case is about the diagnosis and treatment of Plaintiff's kidney cancer during Plaintiff's incarceration in Taylorville Correctional Center.[1] In December 2019, a jury found against Defendants Nawoor, Einwohner, and Wexford Health Sources, Inc., on Plaintiff's Eighth Amendment and negligence claims. The jury awarded $1 million dollars in compensatory damages and over $10 million dollars in punitive damages. In November 2021, the Seventh Circuit Court of Appeals reversed as to the Eighth Amendment claims, affirmed as to liability on the negligence claims, and remanded this case for a new trial limited to damages on the

---

[1] Plaintiff is no longer incarcerated.

negligence claims.  Dean v. Wexford, 18 F.4th 214, 244 (7th Cir. 2021).  Pursuant to Federal Rule of Appellate Procedure 36, this case was reassigned to this Court.

Defendants have filed a motion to remand this case to state court, which the Court construes as a motion for the Court to relinquish supplemental jurisdiction, since the case was filed in federal court.  Defendants primarily argue that, with only the state law negligence claims for damages remaining for trial, considerations of comity weigh in favor of an Illinois court holding the trial.  Plaintiff objects, arguing that Defendants' motion is "a transparent effort to prolong this case by making Mr. Dean jump through as many hoops as possible before he can final obtain the compensation he is owed for the harm Defendants have caused to his health."  [Pl.'s Resp. p. 2.]  Plaintiff's counsel represents that Plaintiff health is declining and asks for an expedited trial.  Before the reassignment of this case, Judge Myerscough granted Plaintiff's motion for leave to take Plaintiff's deposition by April 15, 2022 for the purpose of perpetuating Plaintiff's testimony.

28 U.S.C. § 1367(c) states:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--
>
> > (1) the claim raises a novel or complex issue of State law,
>
> > (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> > (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> > (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

If all the federal claims drop out before trial, a presumption in favor of relinquishing jurisdiction exists. But in cases where a trial has been held, like this one, the presumption reverses in favor of retaining supplemental jurisdiction. Leister v. Dovetail, 546 F.3d 875, 882 (2008)("Ordinarily in a case in which the reverse presumption is invoked, the trial will have led to the dismissal of the federal claim, . . . ."). The primary reason for the reverse presumption is judicial economy:

> The supplemental claim in this case has been tried once in the federal district court and must be tried again, and it seems inefficient to conduct the second trial of the same case in a different court under different procedural and evidentiary rules that might require a reopening of pretrial discovery or other adjustments to the parties'

pretrial preparations, thus delaying the outcome of the case and running up the expense of the litigation. The rationale of the supplemental jurisdiction is economy in litigation, and so a relinquishment of it that clearly disserved economy would be a candidate for reversal.

<u>Williams Electronic Games, Inc. v. Garrity</u>, 479 F.3d 904, 906 (7th Cir. 2007).

Considerations of judicial economy and convenience weigh in favor of retaining jurisdiction. This case was filed in the Central District of Illinois in 2017 and remained in federal court through a seven-day trial in December 2019. The federal claims were not dismissed but instead decided on the merits after trial, first by the jury and then by the Seventh Circuit Court of Appeals. While the undersigned is not yet as familiar with this case as the trial judge, the undersigned is already more familiar with the case than a state court judge would be. Defendants point out the backlog of trials in federal court, but the Court knows from experience as a state court judge that the volume of cases and backlog is heavy in the state courts, too.

Considerations of fairness also weigh in favor of retaining jurisdiction. Requiring Plaintiff to file a new lawsuit in state

court for the sole purpose of seeking a trial on damages would cause an undue burden on Plaintiff.

Defendants cite concerns of comity, but all that is left of this case is a trial on damages. Defendants identify no novel or complex issue of state law that should be decided by a state court. *Compare with* Williams, 479 F.3d at 907 (affirming relinquishment of jurisdiction over state law claims for retrial where federal claims were dismissed before or during trial and "several issues of unsettled state law" were identified). Defendants also assert that a jury comprised solely of individuals from Christian County (where Taylorville Correctional Center is located) should decide damages on the negligence claims, but they cite no authority for that proposition.

In sum, considerations of judicial economy, convenience, and fairness weigh in favor of retaining jurisdiction, and considerations of comity do not weigh against retention.

**IT IS ORDERED:**

> **(1) Defendants' motion to remand, construed as a motion to relinquish supplemental jurisdiction, is denied. [282.]**

(2) **A status conference by telephone is set for April 27, 2022 at 1:30 p.m. to discuss setting final pretrial and trial dates.  Counsel should call 551-285-1373 and use meeting identification 160 856 97862.**

ENTERED:  4/4/2022

FOR THE COURT:         <u>*s/James E. Shadid*</u>
                       JAMES E. SHADID
                       UNITED STATES DISTRICT JUDGE