E-FILED
Tuesday, 03 January, 2023 04:55:01 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**

CYNTHIA S. DEAN, *Independent Executor of the Estate of William Kent Dean*,

Plaintiff,

v.

WEXFORD HEALTH SOURCES, INC., *et al.*,

Defendants.

Case No. 17-cv-03112

Judge James E. Shadid

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**
**ON DEFENDANTS' LIABILITY FOR MR. DEAN'S POST-TRIAL INJURIES**

Plaintiff Cynthia S. Dean, as Independent Executor of the Estate of William Kent Dean, moves for summary judgment on the issue of Defendants' liability for Mr. Dean's post-trial injuries. *See* Fed. R. Civ. P. 56. For the reasons that follow, Plaintiff respectfully requests that this Court grant the motion.

**INTRODUCTION**

In 2019, following a trial before the Honorable Sue E. Myerscough, a jury found Defendants Abdur Nawoor, Rebecca Einwohner, and Wexford Health Sources, Inc. ("Wexford") liable for negligence and deliberate indifference in connection with their deficient diagnosis and treatment of William Dean's kidney cancer while he was incarcerated in the Illinois Department of Corrections ("IDOC"). The jury awarded Mr. Dean $600,000 for past physical and emotional pain and suffering and $400,000 for the disability, loss of normal life, and diminished life expectancy he would experience in the future, as well as the future medical costs he was expected to incur as a result of his cancer. The jury further awarded punitive damages for Defendants' egregious conduct, including $10 million against Wexford (subsequently remitted to $7 million).

During those proceedings, Defendants repeatedly argued that Mr. Dean was not entitled to any forward-looking damages whatsoever, such as those on account of his anticipated future medical expenses, future pain and suffering, disability, loss of normal life, and diminished life expectancy. Instead, Defendants argued that Mr. Dean's recovery should be limited solely to damages for the pain and suffering he experienced from the delay in treatment between when his cancer should have been detected and when Defendants eventually diagnosed it. The basis for this argument was Defendants' theory that they could not be found liable for future damages because their failure to make a timely diagnosis purportedly had no effect on the course of Mr. Dean's cancer, which Defendants claimed would have progressed and ultimately taken his life regardless of Defendants' actions. The jury, however, squarely rejected the argument and specifically awarded future damages as a component of its verdict.

Defendants objected during and after the trial that there was insufficient evidence as a matter of law to assign liability for future damages, but Judge Myerscough overruled them. Contrary to Defendants' arguments, Judge Myerscough held that there was ample evidence that Defendants' actions had caused future harm to Mr. Dean, including evidence that Defendants' deficient diagnosis and treatment affected the progression of Mr. Dean's tumor, negatively impacted his overall prognosis and likelihood of survival, and caused him to need future treatment that otherwise would not have been necessary.

On appeal, Defendants did not challenge the jury's finding of liability for future damages or seek reversal of any of Judge Myerscough's rulings rejecting Defendants' arguments that such damages should be disallowed. Rather, Defendants appealed only the finding of Eighth Amendment liability, the punitive damages award, and the admission of certain expert reports and character evidence at trial. The Seventh Circuit vacated the punitive damages award and the

judgment on Mr. Dean's Eighth Amendment claims, but "le[ft] the negligence verdicts intact," remanding to this Court only for the narrow purpose of having a new trial to re-determine the amount of damages with respect to Defendants' negligence liability. *Dean v. Wexford Health Sources, Inc*., 18 F.4th 214, 244 (7th Cir. 2021).[1]

Contrary to the limited scope of the remand, Defendants have indicated that they intend to re-litigate the issue of whether Defendants should be liable for the types of prospective damages the jury awarded at the first trial and which Mr. Dean has now actually suffered. *See* Declaration Of Skyler J. Silvertrust In Support Of Plaintiff's Motion For Summary Judgment ("Silvertrust Decl."), Ex. 8 (Dkt. 296). Defendants' forthcoming challenge to their liability for such damages is foreclosed as a matter of law, as this issue was previously litigated, finally decided, not challenged on appeal, and settled by the Seventh Circuit's decision affirming all aspects of the jury's liability findings for negligence, which included the jury's determination that Defendants are responsible for damages suffered by Mr. Dean after the first trial. While Defendants are free to argue about what amounts the new jury should award in respect of that liability, it would be improper for Defendants to argue that no damages following Mr. Dean's first trial should be awarded at all on the ground that there is insufficient evidence that Defendants' actions caused those damages. Reconsideration of that issue would nullify the liability verdict not challenged on appeal, exceed the scope of the remand, and be contrary to the Seventh Circuit's decision and the law of the case.

Because permitting Defendants to re-litigate their liability with respect to damages occurring after the first trial would significantly impact the nature and scope of the retrial, Plaintiff

[1] Consistent with its vacatur of the Eighth Amendment judgment on the verdicts against Defendants Nawoor, Einwohner, and Wexford (Counts I, II, and V of Mr. Dean's complaint), the Seventh Circuit remanded with directions for the district court to enter judgment as a matter of law in Defendants' favor on those claims, which Judge Myerscough did on February 28, 2022. As noted, the Seventh Circuit specifically upheld the negligence liability verdicts against Defendants Nawoor, Einwohner, and Wexford (Counts VII, VIII, X, and IX) and remanded those counts only for a re-determination of the amount of damages that should be awarded with respect to that liability.

moves for summary judgment so that this issue can be addressed by the Court in advance of trial. For the reasons explained herein, the Court should grant summary judgment as set forth below.

**STATEMENT OF UNDISPUTED MATERIAL FACTS**

1. In 2017, Mr. Dean filed Eighth Amendment and negligence claims against Defendants for their failure to properly diagnose and treat his Stage IV kidney cancer while he was in the custody of IDOC. Dkt. 1.

2. During a seven day trial presided over by Judge Myerscough in December 2019, a jury heard testimony from numerous witnesses, including: Mr. Dean; Mr. Dean's wife Cynthia "Susan" Dean; Mr. Dean's son William M. Dean; Plaintiff's experts Dr. Adam Metwalli (a urologic oncologist), Dr. Nivedita Dhar (a urologist), and Dr. Bruce Barnett (a medical consultant specializing in correctional healthcare); Mr. Dean's medical oncologist Dr. Perry Guaglianone; Mr. Dean's treating surgeon and urologist Dr. William C. Severino; Defendants Nawoor and Einwohner and several employees of Defendant Wexford; and Defendants' experts Dr. Richard Kosierowski (an oncologist) and Dr. Michael Racenstein (a diagnostic radiologist). *See* Dkts. 195-203.

3. Before closing arguments, Defendants objected to including future compensatory damages in the jury charge and verdict form on the ground that there was purportedly "insufficient evidence" causally linking Defendants' conduct to these anticipated injuries. Silvertrust Decl., Ex. 1 (Dkt. 203) at 1223-24, 1241-42. Judge Myerscough overruled these objections, *id.* at 1241:20–1242:10, and gave jury instructions and a verdict form that provided for recovery of damages that would accrue in the future, *see id.*, Exs. 2 (Dkt. 180), 3 (Dkt. 187-1) at 4-5.

4. Defendants' counsel repeated this argument to the jury during closing argument, contending that there was no causal link to support a damages award for anything Mr. Dean might

suffer in the future on account of his cancer because "the key point" was that his cancer purportedly was "a nasty fella" that "was going to take Mr. Dean's life no matter what." Silvertrust Decl., Ex. 1 (Dkt. 203) at 1338-39.

5. After deliberating, the jury found for Mr. Dean on each of his claims against Defendants Nawoor, Einwohner, and Wexford and awarded compensatory and punitive damages. The jury awarded Mr. Dean $100,000 "for the physical pain and suffering that he experienced" and $500,000 "for the emotional pain and suffering that he experienced." Silvertrust Decl., Ex. 2 (Dkt. 180) at 2. Rejecting Defendants' argument that there was insufficient evidence to support an award of prospective damages, the jury also awarded Mr. Dean $100,000 "for the disability and loss of normal life/diminished life expectancy that he experienced and will experience in the future" and $300,000 "for the medical care and supplies that he will need in the future." *Id.* at 2-3.

6. Post-trial, Defendants moved for judgment as a matter of law on a variety of issues, including the availability of future damages. Again, Defendants argued that "no evidence" supported the jury's award of such damages and that Mr. Dean "would have had these expenses regardless." Silvertrust Decl., Ex. 4 (Dkt. 253) at 8-9. In her 55 page opinion on the post-trial motions, Judge Myerscough rejected Defendants' argument, finding that there was "sufficient evidence" to support an award of prospective damages. *Id.* For example, Judge Myerscough pointed to evidence presented to the jury that established that detecting cancer earlier leads to better prognosis and survival, Mr. Dean's tumor would not have progressed as significantly had Defendants timely performed a CT scan, and Defendants' delays rendered Mr. Dean's surgery more complicated, which required a longer recovery and future treatment that otherwise would not have been necessary. *See id.* Judge Myerscough further noted the evidence demonstrating that the cancer treatments Mr. Dean would need in the future "might not have been required or would

have been required to a lesser extent, if the delays [in diagnosis and treatment caused by Defendants' negligence] had not occurred." *Id.* at 9.

7. Defendants appealed the jury's finding of Eighth Amendment liability, the punitive damages award, and the admission of certain expert reports and character evidence at trial. *See generally* Silvertrust Decl., Ex. 5 (7th Cir. Dkt. 21-1). Defendants did not, however, challenge the jury's findings or any of Judge Myerscough's rulings with respect to Defendants' liability for prospective damages, including future disability, reduced life expectancy, and medical costs. *See id*.

8. On November 10, 2021, a divided panel of the Seventh Circuit vacated the jury's award of punitive damages and reversed the judgment on Mr. Dean's Eighth Amendment claims, holding that there was "not … enough evidence at trial to hold any of the defendants liable for violating his Eighth Amendment rights." *Dean*, 18 F.4th at 221, 244. The Seventh Circuit, however, "d[id] not upset the jury's findings of liability on the negligence-based claims;" and indeed "le[ft] the negligence verdicts intact," remanding only for a new trial limited to a re-determination of the amount of damages owed by Defendants with respect to those claims. *Id.* at 244.

9. While this matter was pending on appeal, Mr. Dean was released from IDOC custody and returned home to his family, during which time his health continued to decline as a result of his ongoing battle with cancer. In April 2022, Mr. Dean passed away from his metastatic cancer. *See* Dkt. 292.

10. On remand, Defendants requested that this case be reassigned from Judge Myerscough's docket pursuant to Seventh Circuit Rule 36. *See* Dkt. 285. Thereafter, on March 11, 2022, Chief Judge Darrow entered an order transferring this matter to this Court for all further proceedings. Text Order of March 11, 2022.

11. On April 27, 2022, this Court convened a status conference during which the parties discussed Plaintiff's request to take certain supplemental discovery relating to the damages Mr. Dean suffered during the approximately 2.5 year period between the conclusion of the initial trial and Mr. Dean's death. Silvertrust Decl., Ex. 6 (Dkt. 293) at 6:3–10:24. At the hearing, Defendants objected that such information had "no relevance" because there was purportedly insufficient evidence introduced at the prior trial to support an award of damages for anything other than Mr. Dean's "pain and suffering from a delay while he was in prison." *Id.* at 7:13–8:21. In light of Defendants' objection, the Court asked the parties to brief the discovery motion. *Id.* at 7:13–9:5.

12. Although Plaintiff explained that Defendants' argument was contrary to the established law of the case and beyond the scope of the mandate, Silvertrust Decl., Ex. 7 (Dkt. 294), Defendants continued to assert that no damages accruing after the first trial are recoverable on grounds that "Plaintiff's case had a gaping hole in it at the first trial because Plaintiff neither disclosed or offered medical evidence [that] the course of Plaintiff's cancer was changed by Defendants [*sic*] actions or inactions," *id.*, Ex. 8 (Dkt. 296) at 9. Rather, Defendants argued—as they had at the first trial—that "continued cancer treatment until [Mr. Dean's] passing was a foregone conclusion, irrespective of Defendants' actions or inactions" and that there was insufficient evidence that Defendants' conduct caused any type of prospective damages. *Id.* at 8-9.

13. On June 15, 2022, Magistrate Judge Hawley heard argument on Plaintiff's motion for discovery. Minute Entry of June 15, 2022. At the conclusion of the argument, Magistrate Judge Hawley granted Plaintiff's motion, authorizing Plaintiff to take discovery relating to the damages Mr. Dean suffered after the first trial until his death. *Id.* In granting Plaintiff's motion, Judge Hawley noted that the jury verdict form made clear that the jury specifically found that such damages were reasonable.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56, a party "can move for partial summary judgment on any material issue," *Ty, Inc. v. Publ'ns Int'l, Ltd.*, 333 F. Supp. 2d 705, 708 (N.D. Ill. 2004) and "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a). On a remand, summary judgment is properly granted on any issue for which the appellate court's prior decision does not leave any open questions of fact. *See Creek v. Vill. of Westhaven*, 144 F.3d 441, 445 (7th Cir. 1998).

## ARGUMENT

### I. Defendants Are Prohibited As A Matter Of Law From Arguing That Their Actions Did Not Cause Mr. Dean To Suffer Damages Accruing After The First Trial.

#### A. Defendants' Attempt To Re-Litigate Causation Exceeds The Scope Of The Remand.

It is impermissible as a matter of law for Defendants to argue to this Court or to the jury that Defendants' actions cannot be causally linked to the damages Mr. Dean suffered after the first trial until his death or that there is insufficient evidence that Defendants are responsible for any damages other than those associated with the pain and suffering Mr. Dean experienced as a result of the delay in Mr. Dean's treatment while he was in prison. There is no dispute that Defendants made this same argument to Judge Myerscough and the jury at the original trial, that it was rejected multiple times, and that Defendants elected not to challenge those rulings in their appeal.

Because "the scope of any … remand is limited in the first instance by a defendant's failure to raise any issues that … could have [been] presented in [the] first appeal," *United States v. Adams*, 451 F. App'x 576, 578 (7th Cir. 2011), any causation argument regarding damages occurring after the first trial exceeds the bounds of the Seventh Circuit's mandate, which did not

in any way indicate that Defendants could use this remand to re-litigate the question of whether there was sufficient evidence that their negligent conduct proximately caused Plaintiff's need for ongoing medical care or resulted in continued pain and suffering, disability, loss of normal life, or diminished life expectancy. To the contrary, because that issue "could have been but was not raised on appeal[, it] is waived and thus not remanded." *Caterpillar Inc. v. Sturman Indus., Inc.*, No. 99-CV-1201, 2005 WL 8165325, at *7 (C.D. Ill. Sept. 20, 2005) (quoting *United States v. Husband*, 312 F.3d 247, 250 (7th Cir. 2002)); *see also United States v. Whitlow*, 740 F.3d 433, 438 (7th Cir. 2014) ("In assessing the scope of our initial remand, an issue that could have been raised on appeal but was not is waived and, therefore, not remanded."); *Kenseth v. Dean Health Plan, Inc.*, 722 F.3d 869, 891 (7th Cir. 2013) (same).

The Seventh Circuit's remand in this case was for the limited purpose of determining the amount of damages that should be awarded to Mr. Dean for Defendants' negligence liability in the absence of his Eighth Amendment claims. The Seventh Circuit's decision specifically upheld the liability findings from the first trial, which include the finding (which was not challenged on appeal) that there was sufficient evidence that Defendants' negligent conduct proximately caused damages that would be suffered by Mr. Dean after the verdict and into the future, such as continued medical expenses, loss of normal life, disability, diminished life expectancy, and other prospective damages. Defendants' argument that they cannot be liable for damages that occurred after the first trial because there was supposedly insufficient evidence that their conduct caused those damages must therefore be rejected.

### B. The Law Of The Case Doctrine Further Prevents Defendants From Re-Litigating Causation.

Defendants' causation argument is also barred by the law of the case doctrine, which prohibits parties from re-litigating issues that were previously decided at an earlier stage of the

case. *See Barnhill v. U-Haul Co. of Illinois, Inc.*, No. 18-CV-2308, 2021 WL 2920663, at *3 (C.D. Ill. May 17, 2021) (citing *Musacchio v. United States*, 577 U.S. 237, 244-45 (2016)). The law of the case doctrine applies here because, as discussed above, Defendants argued multiple times to the Court and to the jury that there was insufficient evidence that Defendants' conduct could be causally linked to any damages Mr. Dean would suffer after the first trial. Defendants lost this argument at every turn:

- First, Defendants objected to including prospective damages in the jury charge or on the verdict form because there was allegedly "insufficient evidence" that their actions gave rise to any liability for such damages. Silvertrust Decl., Ex. 1 (Dkt. 203) at 1223-24, 1241-42. Judge Myerscough overruled Defendants' objections. *Id.*

- Next, at the conclusion of the first trial, Defendants argued to the jury that Mr. Dean's cancer allegedly would have claimed his life regardless of Defendants' conduct and so the evidence did not support a finding that they were liable for any prospective damages or anything other than damages for pain and suffering while Mr. Dean was awaiting treatment in prison. Silvertrust Decl., Ex. 1 (Dkt. 203) at 1338-39. The jury rejected this argument and awarded Mr. Dean damages for future medical expenses and the loss of normal life, disability, and diminished life expectancy he would experience in the future. *Id.*, Ex. 2 (Dkt. 180).

- Finally, Defendants argued in their post-trial motion that there was insufficient evidence of their liability for any damages Mr. Dean would suffer after the first trial because Mr. Dean allegedly "would have had these expenses regardless" of Defendants' negligent conduct. Silvertrust Decl., Ex. 4 (Dkt. 253) at 8-9. Judge Myerscough rejected Defendants' contention, holding that there was ample evidence that Defendants had caused harm to Mr. Dean that would result in future compensable damages. *Id.*

A ruling on the sufficiency of the evidence "to support some finding is the type of ruling that establishes the law of the case." *Wilder v. Apfel*, 153 F.3d 799, 803 (7th Cir. 1998). The rulings detailed above thus prohibit Defendants from rearguing in the context of this upcoming trial on damages that there is insufficient evidence that their actions caused ongoing harm to Mr. Dean following the first trial.

In addition, "the law of the case doctrine precludes a defendant from raising an argument not raised during his first appeal," *United States v. Adams*, 746 F.3d 734, 744 (7th Cir. 2014); *Caterpillar*, 2005 WL 8165325, at *7, and there is no dispute that Defendants did not appeal any rulings regarding the sufficiency of the evidence with respect to causation of damages. Having declined to do so, there is no basis for Defendants to re-litigate that issue on remand.

Defendants have previously asserted that the fact that the Seventh Circuit "vacated the judgment on the medical negligence claim[s]" somehow erases wholesale the preclusive effect of the district court's prior rulings in connection with those claims. Silvertrust Decl., Ex. 8 (Dkt. 296) at 5. That is a gross misreading of the Seventh Circuit's decision and is unsupported by any law. Contrary to Defendants' suggestion, the Seventh Circuit's vacatur does not entitle Defendants to a redo of every issue in the case. Rather, the Seventh Circuit's remand was limited to a retrial for the purpose of determining the amount of Mr. Dean's damages. The Seventh Circuit expressly affirmed the finding of negligence liability, which by necessity includes Judge Myerscough's and the jury's determinations that evidence substantiated a causal link between Defendants' negligence and Mr. Dean's future damages. Indeed, if the Seventh Circuit believed that there had not been sufficient evidence of that causation, it would have said so and accordingly limited the categories of recoverable damages on remand. But, as Defendants concede, the Seventh Circuit made no such finding, *id.* at 4-5, and that is precisely because Defendants never pressed the issue on appeal.

Defendants nonetheless also have argued that the fact that the Seventh Circuit did not specifically mention causation in its decision leaves the door open for them to re-litigate the issue, *see* Silvertrust Decl., Ex. 8 (Dkt. 296) at 4-5, but the law is the opposite. Even if the issue were not waived by Defendants' failure to raise it on appeal, *Caterpillar*, 2005 WL 8165325, at *7, Seventh Circuit precedent is clear that "silence on an issue … means it is ***not*** available for

consideration on remand," *United States v. Barnes*, 660 F.3d 1000, 1006 (7th Cir. 2011) (emphasis added). As such, Defendants' effort to limit the available categories of damages on remand must be rejected.

**CONCLUSION**

For the foregoing reasons, the Court should grant Plaintiff's motion and enter summary judgment on Defendants' liability for compensable damages accruing after the first trial.

Dated: January 3, 2023

Respectfully submitted,

*/s/ Craig C. Martin*

Craig C. Martin
Skyler J. Silvertrust
Chloe E. Holt
Elizabeth P. Astrup
WILLKIE FARR & GALLAGHER LLP
300 N. LaSalle St., Suite 5000
Chicago, IL 60654
(312) 728-9000
cmartin@willkie.com
ssilvertrust@willkie.com
cholt@willkie.com
eastrup@willkie.com

Joel T. Pelz
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL 60654
(312) 222-9350
jpelz@jenner.com

William M. Strom
SPERLING & SLATER, LLC
55 W. Monroe Street
Chicago, IL 60603
(312) 242-6295
wstrom@sperling-law.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on January 3, 2023, the foregoing document entitled **PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON DEFENDANTS' LIABILITY FOR MR. DEAN'S POST-TRIAL INJURIES** was served on all counsel of record listed via the Court's CM/ECF system.

*/s/ Skyler J. Silvertrust*

Skyler J. Silvertrust
WILLKIE FARR & GALLAGHER LLP
300 N. La Salle St., Suite 5000
Chicago, IL 60654
ssilvertrust@willkie.com